UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x

LAURA WATKINS,

                Plaintiff,                **ANSWER**

        -against-             25-CV-4295

MALEN ASSOCIATES, P.C.,
HASHEM HUSSEIN, A & F PROCESS SERVICE,
INC. d/b/a ALLIED PROCESS SERVICE, and
CAPITAL ONE, N.A.,

                Defendants.

----------------------------------------x

       Defendant, **A & F PROCESS SERVICE, INC. d/b/a ALLIED PROCESS SERVICE**, by its attorneys, Barron & Newburger, P.C., answers plaintiffs' complaint as follows:

### PRELIMINARY STATEMENT

       Defendant, A & F Process Service, Inc. d/b/a Allied Process Service, denies violation of federal or New York State law, in addition it denies violation of the New York City Administrative Code.

### SUMMARY OF CLAIMS

       The answering defendant has no knowledge of any of the allegations directed against co-defendants Malen & Associates, P.C. and Capital One, N.A.  In addition, the answering defendant denies the allegations contained in the Summary of Claims, directed toward it.

## THE PARTIES

1.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the complaint.

2.    Defendant admits the allegations contained in paragraph "2" of the complaint.

3.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

4.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

5.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

6.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

7.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

8.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

9.    Defendant admits the allegations contained in paragraph "9" of the complaint.

10.    Defendant denies each and every allegation contained in paragraph "10" of the complaint.

11.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the complaint.

12.    Defendant denies each and every allegation contained in paragraph "12" of the complaint.

**STATEMENT OF FACTS**

**Malen Files the Collection Lawsuit and Uses a False Affidavit of Service to Obtain Default Judgment**

13.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

14.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

15.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

16.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

17.   Defendant denies each and every allegation contained in paragraph "17" of the complaint.

## Ms. Watkins Files an Order to Show Cause With Overwhelming Evidence That She Was Never Served.

18.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the complaint.

19.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the complaint.

20.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the complaint.

21.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the complaint.

22.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the complaint.

23.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the complaint.

24.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of the complaint.

25.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the complaint.

26.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the complaint.

27.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the complaint.

28.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of the complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the complaint.

36.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the complaint.

**The Order to Show Cause Documented Hussein's Contradictory Affidavits and History of Sewer Service**

37.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the complaint.

38.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the complaint.

39.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the complaint.

40.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the complaint.

41.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "41" of the complaint.

42.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the complaint.

43.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of the complaint.

44.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the complaint.

45.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "45" of the complaint.

46.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of the complaint.

47.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the complaint.

**Malen Doubles Down and Opposes the Order to Show Cause Despite Overwhelming Proof That the Affidavit of Service Was False**

48.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

49.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

50.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

51.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

52.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

53.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

**Malen Triples Down By Forcing Watkins to Prepare for Traverse hearing Despite Overwhelming Evidence of Sewer Service**

54.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

55.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

56.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

57.  This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

58.  This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

59.  This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

## Allied's Own Records Reveal Systematic Facially Impossible Service By its Process Server, Hussein

60.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60" of the complaint.

61.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "61" of the complaint.

62.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "62" of the complaint.

63.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "63" of the complaint.

64.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "64" of the complaint.

65.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "65" of the complaint.

66.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "66" of the complaint.

67.    T Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "67" of the complaint.

68.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "68" of the complaint.

69.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "69" of the complaint.

70.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "70" of the complaint.

71.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "71" of the complaint.

72.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "72" of the complaint.

73.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "73" of the complaint.

74.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "74" of the complaint.

**Malen and Capital One Had Notice of Hussein's Sewer Service Prior to Watkins' Order to Show Cause**

75.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

76.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

77.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

78.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

79.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

80.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

81.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

**The Collection Lawsuit Caused Ms. Watkins Significant Emotional Distress Damages, Forced Her to Incur Travel Expenses and Lost Time to Fight the Default Judgment, and Resulted in the Seizure and Conversion of Her Funds**

82.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

83.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

84.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

85.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

86.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

87.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

88.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

89.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

90.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

91.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

92.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

93.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

94.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

95.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

96.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

97.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

## FIRST CAUSE OF ACTION

Violation of the FDCPA, 15 U.S.C. §§ 1692e 1692f

Against Malen, Hussein, and Allied

98.  Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "97" of the complaint.

99.  This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

100.  This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

101.  Defendant admits the allegations contained in paragraph "101" of the complaint.

102.  Defendant admits the allegations contained in paragraph "102" of the complaint.

103.  Defendant denies each and every allegation contained in paragraph "103" of the complaint.

104.  Defendant denies each and every allegation contained in paragraph "104" of the complaint.

105.  Defendant denies each and every allegation contained in paragraph "105" of the complaint.

106.  Defendant denies each and every allegation contained in paragraph "106" of the complaint.

107.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

108.   Defendant denies each and every allegation contained in paragraph "108" of the complaint.

## SECOND CAUSE OF ACTION

Violation of N.Y. Gen. Bus. L. § 349

Against All Defendants

109.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

110.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

111.   Defendant denies each and every allegation contained in paragraph "111" of the complaint.

112.   Defendant denies each and every allegation contained in paragraph "112" of the complaint.

## THIRD CAUSE OF ACTION

Violation of Judiciary Law § 487

Against Malen

113.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

114.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

115.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

### FOURTH CAUSE OF ACTION

Violation of N.Y.C. Admin. Code § 20-409.2
Against Hussein and Allied

116.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

117.   Defendant denies each and every allegation contained in paragraph "117" of the complaint.

118.   Defendant denies each and every allegation contained in paragraph "118" of the complaint.

119.   Defendant denies each and every allegation contained in paragraph "119" of the complaint.

### FIFTH CAUSE OF ACTION

Conversion

Against Malen and Capital One

120.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

121.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

122.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

123.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

124.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

125.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

126.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

127   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

128.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

129.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

## SIXTH AND SEVENTH CAUSES OF ACTION

Negligence Per Se and Gross negligence

Against all Defendants

130.   Defendant denies each and every allegation contained in paragraph "130" of the complaint.

131.  Defendant denies each and every allegation contained in paragraph "131" of the complaint.

132.   Defendant denies each and every allegation contained in paragraph "132" of the complaint.

133.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "133" of the complaint.

134.  Defendant denies each and every allegation contained in paragraph "134" of the complaint.

135.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "135" of the complaint.

136.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "136" of the complaint.

137.  Defendant denies each and every allegation contained in paragraph "137" of the complaint.

138.  Defendant denies each and every allegation contained in paragraph "138" of the complaint.

139.  Defendant denies each and every allegation contained in paragraph "139" of the complaint.

140.  Defendant denies each and every allegation contained in paragraph "140" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

141.  Defendant is not a debt collector, and its conduct is not regulated by the Fair Debt Collection Practices Act.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

142.    The answering defendant is not vicariously liable for the conduct of co-defendant Hashem Hussein.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed.

Dated:   New City, NY
         October 3, 2025

_____
ARTHUR SANDERS, ESQ.
BARRON & NEWBURGER, P.C.
Attorneys for defendant –
A & F Process Service, Inc.
30 South Main Street
New City, NY   10956
845-499-2990

TO:

AHMAD KESHAVARZ, ESQ.
The Law Office of Ahmad Keshavarz
Attorney for plaintiffs
16 Court St., 26th Floor
Brooklyn, NY   11241
ahmad@newyorkconsumerattorney.com

MATTHEW A. SCHEDLER, ESQ.
CAMBA LEGAL SERVICES
Attorneys Plaintiff
20 Snyder Avenue
Brooklyn, NY 11226
Matthew.schedler@camba.org

POOJA PATEL, ESQ.
CAMBA LEGAL SERVICES
Attorneys Plaintiff
20 Snyder Avenue
Brooklyn, NY 11226
Pooja.patel@camba.org

ADAM M. MARSHALL, ESQ.
KAUFMAN DOLOWICH & VOLUCK LLP
Attorneys for defendant-Malen & Associates, P.C.
135 Crossways Park Dr., Suite 201
Woodbury, NY 11797
amarshall@kaufmandolowich.com

HASHEM HUSSEIN
PRO SE
Hussein1455@gmail.com