**McGuireWoods**

McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Tel 412.667.6000
Fax 412.667.6050
www.mcguirewoods.com

Blaec C. Croft
Direct: 412.667.6057
bcroft@mcguirewoods.com

November 4, 2025

**Via ECF**
Honorable Eric R. Komitee, U.S.D.J.
United States District Court
    Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   ***Watkins v. Malen & Associates, P.C., et al.***
>        **Case No. 1:25-cv-04295 (EK)(LKE)**
>        *Pre-Motion Conference Letter – Motion to Dismiss*

Dear Judge Komitee:

In accordance with Your Honor's Individual Practice Rules, Defendant Capital One, N.A. ("Capital One") respectfully requests a pre-motion conference and submits this letter regarding its anticipated motion to dismiss all claims against Capital One in Plaintiff Loretta Watkins' ("Plaintiff") Complaint.

**I.     Factual Background and Allegations[1]**

Plaintiff defaulted on a Capital One credit card that she owned, resulting in a lawsuit being filed and a judgment being entered against her in New York State court ("Collection Action"). Defendant Malen & Associates, P.C. ("Malen") represented Capital One in the Collection Action. Compl. ¶¶ 2, 14. Plaintiff claims that she was not served in the Collection Action and contends that defendant Hashem Hussein falsified the affidavit of service filed in the Collection Action. *Id*. ¶¶ 15-17. Prior to a scheduled traverse hearing, the judgment in the Collection Action was vacated and the Collection Action was discontinued. *Id*. ¶ 59. Plaintiff now takes issue with service of the Summons and Complaint in the Collection Action, asserting the following causes of action against Capital One: (1) violation of N.Y. GBL § 349; (2) conversion; and (3) negligence *per se* and gross negligence. *Id.* ¶¶ 109-112, 120-140.

**II.    Argument.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court must accept

---
[1] This letter only summarizes the factual allegations in the Complaint. Capital One does not concede, and in some instances expressly denies, the truth of those allegations.

Honorable Eric R. Komitee, U.S.D.J.
November 4, 2025November 3, 2025
Page 2

all allegations as true, this is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plaintiff's Complaint fails to meet the applicable pleading standards as to Capital One.

### A.   Plaintiff's Conversion Claim Fails As The Required Elements Are Absent.

Plaintiff's conversion claim is premised on: (1) Malen forwarding the judgment to the New York Comptroller, attempting to seize unclaimed funds held in trust for Plaintiff's benefit, and (2) the conclusory allegation that Malen improperly seized funds held by the Comptroller. Compl. ¶¶ 123, 127.

To state a claim for conversion under New York law, "the plaintiff must allege that (1) the party charged has acted without authorization, and (2) exercised dominion or a right of ownership over property belonging to another, (3) the rightful owner makes a demand for the property, and (4) the demand for the return is refused." *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 133 (2d Cir. 2022) (citation omitted).

Here, Plaintiff admits the subject funds were returned by Malen before she made any demand for return of the funds. Compl. ¶ 96. Absent from Plaintiff's conversion claim is any reference to Capital One. *See id.* ¶¶ 121-129. Indeed, there is no allegation that Capital One exercised dominion or control over Plaintiff's property, that she made a demand to Capital One, or that Capital One refused. *Id*. For these reasons, Plaintiff's conversion claim is subject to dismissal as the property was returned to her within a month of the judgment being vacated, and she fails to allege material elements of a conversion claim against Capital One.

### B.   Plaintiff's Negligence Claims Fail As A Matter Of Law.

Plaintiff's negligence *per se* and gross negligence claims contend that Capital One, as a creditor, owed her a broad duty of reasonable care in its debt collection efforts. Compl. ¶ 131. Plaintiff focuses on allegations outside the scope of the subject affidavit of service and instead attempts to import an unspecified duty of care on Capital One about the steps taken by Malen in the Collection Action. *Id*. ¶¶ 132-136.

"Under New York law, violation of a statute will constitute negligence *per se* where the statute imposes a specific duty." *Cheeseboro v. Little Richie Bus. Serv., Inc.*, 254 F. Supp. 3d 485, 490-91 (E.D.N.Y. 2017). Plaintiff fails to allege any reference to the violation of a statute by Capital One, which is fatal to her negligence *per se* claim. *See* Compl. ¶¶ 131-141.

To state a claim for gross negligence under New York law, Plaintiff must establish: (1) the existence of a duty; (2) a breach of that duty; (3) "injury as a result thereof"; and (4) conduct that "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." *Farash v. Cont'l Airlines, Inc.*, 574 F. Supp. 2d 356, 367-68 (S.D.N.Y.2008) (quoting *AT & T v. City of N.Y.*, 83 F.3d 549, 556 (2d Cir. 1996)). "[I]t is 'well settled under New York law that a lender is not in a fiduciary relationship with a borrower, and thus a lender does not owe a borrower any special duties.'" *Miyamoto v. Bank of Am., N.A.*, No. 19-CV-445, 2020 WL 5577730, at *3 (E.D.N.Y. Sept. 17, 2020) (quoting *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d

222, 236 (E.D.N.Y. 2013)). Capital One, as a creditor, owed Plaintiff no duty, and therefore the gross negligence claim must fail.

    C.    **Plaintiff's GBL § 349 Claim Fails As A Matter Of Law.**

In support of her claim for violation of GBL § 349, Plaintiff makes the conclusory allegation that "Defendants violated [GBL § 349] by using consumer-oriented deceptive acts and practices in the conduct of their business." Compl. ¶ 111.

To state a claim under N.Y. Gen. Bus. Law § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Klausner v. Annie's, Inc.*, No. 20-CV-08467, 2022 WL 204356, at *4 (S.D.N.Y. Jan. 24, 2022) (internal quotation marks omitted). Consumer-oriented conduct must have a broad impact on consumers at large. *Consumer Fin. Prot. Bureau v. RD Legal Funding, LLC*, 332 F. Supp. 3d 729, 781 (S.D.N.Y. 2018) (citing *Bennet v. State Farm Fire and Cas. Co.*, 161 A.D.2d 926, 928 (2018)).

Plaintiff does not identify any specific action by Capital One, much less any action impacting consumers at large. Indeed, Plaintiff admits Capital One used other law firms and process servers. Compl. ¶¶ 109-112. Further, at no point does Plaintiff allege that the subject affidavit of service misled her. Instead, Plaintiff asserts that she learned of the Collection Action on August 4, 2024, after being told by her counsel. *Id.* ¶ 18. Plaintiff does not contend she was misled by any action of Capital One. These material deficiencies subject Plaintiff's GBL claim to dismissal. Further, if Plaintiff's claim is predicated on conduct in violation of the FDCPA, it must fail as Capital One is a not a debt collector. *See, e.g.*, *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 185 (D.N.J. 2012) ("The Court's determination that Capital One acted as a creditor here, as opposed to a debt collector, rendering FDCPA inapplicable to Capital One, is consistent with the findings of other courts in this District recognizing Capital One as a creditor, not a debt collector, in similar circumstances.").

**III.**    **Conclusion**

For these reasons, Capital One respectfully requests that Plaintiff respond to this letter pursuant to Your Honor's Individual Practice Rules. Should Plaintiff not amend her Complaint, Capital One requests that the Court schedule a pre-motion conference to discuss its anticipated motion to dismiss and set a briefing schedule. We thank the Court for its consideration of this request.

                                              Respectfully submitted,

                                              */s/ Blaec C. Croft*

                                              Blaec C. Croft

BCC/pag
cc:    All counsel of record (via ECF)
        Hashem Hussein (via first class mail and ECF)