UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
LORETTA WATKINS,

                Plaintiff,

   -against-

MALEN & ASSOCIATES, P.C.,
HASHEM HUSSEIN,
A & F PROCESS SERVICE, INC., d/b/a
ALLIED PROCESS SERVICE, and
CAPITAL ONE, N.A.,

                Defendants.
-----------------------------------------------------X

Case No. 1:25-cv-4295 (EK)(LKE)

**ANSWER**
**WITH CROSS-CLAIMS**

Defendant Malen & Associates, P.C. ("Malen"), by its attorneys Kaufman Dolowich LLP, hereby answers the allegations in the Complaint ("Complaint") of Plaintiff Loretta Watkins ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

Malen denies the allegations contained in the unnumbered Preliminary Statement section of the Complaint.

## SUMMARY OF CLAIMS

Malen denies the allegations contained in the unnumbered Summary of Claims section of the Complaint.

## THE PARTIES

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Paragraph "2" of the Complaint states legal conclusions and thus requires no response.

3. Denies the allegations contained in paragraph "3" of the Complaint, except admits that Malen is a law firm organized under New York law with its principal place of business in Westbury, New York, and that Malen represents clients in connection with the collection of debts.

4. Paragraph "4" of the Complaint states legal conclusions and thus requires no response.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint, except admits that Capital One, N.A. ("Capital One") has been a client of Malen.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

**STATEMENT OF FACTS**

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint, except admits that Malen commenced an action in Queens County Civil Court (the "Civil Court") on behalf of Capital One, titled Capital One, N.A. v. Watkins, Index No. CV-005138-23/QU (the "Collection Action") and respectfully refers the Court to the pleadings in the Collection Action for their content.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint, except admits that Hashem Hussein ("Hussein") executed an affidavit of service in the Collection Action (the "Affidavit of Service") and respectfully refers the Court to the Affidavit of Service for its content.

16. Denies the allegations contained in paragraph "16" of the Complaint, except admits that Malen applied for and obtained a default judgment in the Collection Action in favor of Capital One (the "Judgment"), and respectfully refers the Court to the default judgment application and Judgment for their content.

17. Denies the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint.

19. Admits the allegations contained in paragraph "19" of the Complaint.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Denies the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint.

24. Neither admits nor denies the allegations contained in paragraph "24" of the Complaint, and respectfully refers the Court to the Affidavit of Service for its content.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31. Neither admits nor denies the allegations contained in paragraph "31" of the Complaint, and respectfully refers the Court to the Affidavit of Service for its content.

32. Neither admits nor denies the allegations contained in paragraph "32" of the Complaint, and respectfully refers the Court to the Affidavit of Service for its content.

33. Neither admits nor denies the allegations contained in paragraph "33" of the Complaint, and respectfully refers the Court to the Affidavit of Service for its content.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36. Denies the allegations contained in paragraph "36" of the Complaint.

37. Denies the allegations contained in paragraph "37" of the Complaint.

38. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint, and respectfully refers the Court to the documents cited therein for their content.

39. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint, and respectfully refers the Court to the documents cited therein for their content.

41. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint.

42. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint.

43. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint.

44. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Complaint, and respectfully refers the Court to the documents cited therein for their content.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Complaint, and respectfully refers the Court to the documents cited therein for their content.

46. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint, and respectfully refers the Court to the documents cited therein for their content.

47. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint, and respectfully refers the Court to the documents cited therein for their content.

48. Denies the allegations contained in the Complaint, except admits that Malen opposed Plaintiff's Order to Show Cause and that the motion was adjourned to April 21, 2025 following appearances by counsel on April 7, 2025.

49. Denies the allegations contained in the Complaint, and respectfully refers the Court to the documents cited therein for their content.

50. Denies the allegations contained in the Complaint.

51. Denies the allegations contained in the Complaint, except admits that Plaintiff counsel filed a reply in support of her Order to Show Cause.

52. Denies the allegations contained in the Complaint.

53. Denies the allegations contained in the Complaint, except admits that the Civil Court issued an order on Plaintiff's Order to Show Cause, and respectfully refers this Court to that order for its content.

54. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Complaint, except admits that Plaintiff's counsel at CAMBA issued a subpoena to Hussein.

55. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Complaint.

56. Denies the allegations contained in paragraph "56" of the Complaint, except admits that Malen and Plaintiff's counsel at CAMBA communicated regarding the scheduled traverse hearing.

57. Denies the allegations contained in paragraph "57" of the Complaint, except admits that Malen attorney Adam Hughes communicated with Plaintiff's counsel at CAMBA regarding the scheduled traverse hearing and that the Collection Action was ultimately discontinued.

58. Denies the allegations contained in paragraph "58" of the Complaint.

59. Denies the allegations contained in paragraph "59" of the Complaint.

60. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Complaint.

61. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Complaint.

62. Denies the allegations contained in paragraph "62" of the Complaint.

63. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Complaint.

64. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Complaint.

65. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Complaint.

66. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Complaint.

67. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Complaint.

68. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Complaint.

69. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Complaint.

70. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Complaint.

71. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Complaint.

72. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Complaint.

73. Denies the allegations contained in paragraph "73" of the Complaint

74. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Complaint.

75. Denies the allegations contained in paragraph "75" of the Complaint.

76. Denies the allegations contained in paragraph "76" of the Complaint.

77. Denies the allegations contained in paragraph "77" of the Complaint, and respectfully refers the Court to the documents cited therein for their content.

78. Denies the allegations contained in paragraph "78" of the Complaint, and respectfully refers the Court to the documents cited therein for their content.

79. Denies the allegations contained in paragraph "79" of the Complaint, and respectfully refers the Court to the documents cited therein for their content.

80. Denies the allegations contained in paragraph "80" of the Complaint.

81. Denies the allegations contained in paragraph "81" of the Complaint.

82. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Complaint.

83. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Complaint.

84. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Complaint.

85. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Complaint.

86. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Complaint.

87. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Complaint.

88. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Complaint

89. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Complaint

90. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Complaint.

91. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Complaint.

92. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Complaint.

93. Denies the allegations contained in paragraph "93" of the Complaint.

94. Denies the allegations contained in paragraph "94" of the Complaint.

95. Neither admits nor denies the allegations contained in paragraph "95" of the Complaint, and respectfully refers the Court to the document cited therein for its content.

96. Denies the allegations contained in paragraph "96" of the Complaint, except admits mailing the letter dated July 3, 2025 and enclosed check to Plaintiff's counsel at CAMBA, and respectfully refer the Court to those documents for their content.

97. Denies the allegations contained in paragraph "97" of the Complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**
**Violation of the FDCPA, 15 U.S.C. § 1692e, 1692f**
*Against Malen, Hussein and Allied*

98. In response to paragraph "98" of the Complaint, Malen repeats its responses to paragraphs "1" through "97" of the Complaint as if fully set forth herein.

99. Paragraph "99" of the Complaint states a legal conclusion and thus requires no response.

100. Paragraph "100" of the Complaint states a legal conclusion and thus requires no response.

101. Paragraph "101" of the Complaint states a legal conclusion and thus requires no response.

102. Paragraph "102" of the Complaint states a legal conclusion and thus requires no response.

103. Paragraph "103" of the Complaint states a legal conclusion and thus requires no response.

104. Denies the allegations contained in paragraph "104" of the Complaint.

105. Denies the allegations contained in paragraph "105" of the Complaint.

106. Denies the allegations contained in paragraph "106" of the Complaint.

107. Denies the allegations contained in paragraph "107" of the Complaint.

108. Denies the allegations contained in paragraph "108" of the Complaint.

**ANSWERING THE SECOND CAUSE OF ACTION**
**Violation of N.Y. Gen. Bus. L. § 349**
*Against All Defendants*

109. In response to paragraph "109" of the Complaint, Malen repeats its responses to paragraphs "1" through "108" of the Complaint as if fully set forth herein.

110. Paragraph "110" of the Complaint states a legal conclusion and thus requires no response.

111. Denies the allegations contained in paragraph "111" of the Complaint.

112. Denies the allegations contained in paragraph "112" of the Complaint.

**ANSWERING THE THIRD CAUSE OF ACTION**
**Violation Judiciary Law § 487**
*Against Malen*

113. Paragraph "113" of the Complaint states a legal conclusion and thus requires no response.

114. Denies the allegations contained in paragraph "114" of the Complaint.

115. Denies the allegations contained in paragraph "115" of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION
### Violation N.Y.C. Admin. Code § 20-409.2
*Against Hussein and Allied*

116. The allegations contained in paragraph "116" of the Complaint are not directed to Malen and thus require no response.

117. The allegations contained in paragraph "117" of the Complaint are not directed to Malen and thus require no response.

118. The allegations contained in paragraph "118" of the Complaint are not directed to Malen and thus require no response.

119. The allegations contained in paragraph "119" of the Complaint are not directed to Malen and thus require no response.

## ANSWERING THE FIFTH CAUSE OF ACTION
### Conversion
*Against Malen and Capital One*

120. In response to paragraph "120" of the Complaint, Malen repeats its responses to paragraphs "1" through "119" of the Complaint as if fully set forth herein.

121. Paragraph "121" of the Complaint states a legal conclusion and thus requires no response.

122. Paragraph "122" of the Complaint states a legal conclusion and thus requires no response.

123. Denies the allegations contained in paragraph "123" of the Complaint.

124. Denies the allegations contained in paragraph "124" of the Complaint.

125. Denies the allegations contained in paragraph "125" of the Complaint.

126. Paragraph "126" of the Complaint states a legal conclusion and thus requires no response.

127. Denies the allegations contained in paragraph "127" of the Complaint.

128. Denies the allegations contained in paragraph "128" of the Complaint.

129. Denies the allegations contained in paragraph "129" of the Complaint.

### ANSWERING THE SIXTH AND SEVENTH CAUSES OF ACTION
*Negligence Per Se and Gross Negligence*
*Against all Defendants*

130. Paragraph "130" of the Complaint states a legal conclusion and thus requires no response.

131. Denies the allegations contained in paragraph "131" of the Complaint.

132. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "132" of the Complaint.

133. Denies the allegations contained in paragraph "133" of the Complaint.

134. Denies the allegations contained in paragraph "134" of the Complaint.

135. Denies the allegations contained in paragraph "135" of the Complaint.

136. Denies the allegations contained in paragraph "136" of the Complaint.

137. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "137" of the Complaint.

138. Denies the allegations contained in paragraph "138" of the Complaint.

139. Denies the allegations contained in paragraph "139" of the Complaint.

140. Denies the allegations contained in paragraph "140" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

141. Plaintiff has not suffered a concrete injury in fact sufficient to confer standing under Article III.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

142. Plaintiff has failed to state a claim against Malen upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

143. Plaintiff's claims against Malen are barred, in whole or in part, under the applicable statutes of limitation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

144. Plaintiff's claims against Malen are barred, in whole or in part, under the doctrine of qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

145. Plaintiff's claims against Malen are barred, in whole or in part, under the doctrines of waiver and equitable estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

146. Plaintiff's claims against Malen are barred, in whole or in part, under the doctrine of collateral estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

147. To the extent Plaintiff has sustained damages as alleged in the Complaint, which Malen expressly denies, such damages were the result of Plaintiff's own actions or inaction, or the result of intervening causes beyond Malen's control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

148. To the extent Plaintiff has sustained damages as alleged in the Complaint, which Malen expressly denies, such damages were caused by third parties beyond Malen's control.

## AS AND FOR A FIRST CROSS-CLAIM
### Contractual Indemnification
*Against Allied*

149. Malen repeats and realleges its responses to every allegation set forth in the preceding paragraphs as if set forth at length herein

150. Malen and Defendant A & F Process Service, Inc. d/b/a Allied Process Service ("Allied") are parties to a Process Server Engagement Agreement dated July 7, 2020 (the "Agreement").

151. The Agreement provides, *inter alia*, that Allied shall protect, indemnify, defend, and hold harmless Malen from and against any and all claims, damages, losses costs or expenses that Malen might suffer, incur or be subjected to by reason of any legal action or claim asserted by a third party: (1) based upon any breach of the Agreement by Allied; (2) based upon any act or omission by Allied, its officers, directors, agents, employees or representations in connection with the performance of Allied's obligations under the Agreement; and (3) based upon any failure by Allied to comply with any applicable federal, state or local laws, regulations or codes in the performance of its obligations under the Agreement.

152. Plaintiff's claims against Malen fall within the scope of the forgoing provision.

153. Accordingly, Malen is entitled to a defense and full indemnification from Allied, including any amounts for which Malen is held liable to Plaintiff, together with Malen's own attorneys' fees, costs and disbursements in connection with this action.

## AS AND FOR A SECOND CROSS-CLAIM
### Contribution
*Against Hussein and Allied*

154. Malen repeats and realleges its responses to every allegation set forth in the preceding paragraphs as if set forth at length herein.

155. Malen denies that it is in any way liable to Plaintiff. However, if it is shown that Malen is liable to Plaintiff on account of the matters alleged in the Complaint, then Malen is entitled to recover from Defendants Hussein and Allied for contribution on the basis of apportionment of responsibility for all or part of said recovery, including costs and disbursements.

**WHEREFORE**, Malen respectfully prays for judgment as follows:

a. Dismissing the Complaint against Malen with prejudice;

b. Granting Malen judgment on its cross-claims; and

c. Awarding Malen interest, costs, attorneys' fees and all such other and further relief as the Court may deem just and proper.

Dated: Woodbury, New York
November 6, 2025

**KAUFMAN DOLOWICH LLP**

By: _____
Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendant*
*Malen & Associates, P.C.*
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100