# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

November 11, 2025

<u>VIA ECF</u>
Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Plaintiff's Opposition to Defendant Capital One, N.A.'s Pre-Motion Conference Letter Regarding a Proposed Motion to Dismiss
*Watkins v. Malen & Associates, P.C., et al.*, No. 1:25-cv-04295-EK-LKE

Dear Judge Komitee:

This firm, along with CAMBA Legal Services, represents Plaintiff Loretta Watkins in the above-entitled Fair Debt Collection Practices Act action against Defendants Malen & Associates, P.C., A & F Process Service, Inc. d/b/a Allied Process Service, Capital One, N.A., and Hashem Hussein for their violations of the Fair Debt Collection Practices Act, New York state statutory and common law, and the New York City Administrative Code. Plaintiff writes this letter in opposition to Defendant Capital One, N.A.'s Pre-Motion Conference Letter [DE #32]. Plaintiff will not seek to amend her complaint and will proceed to briefing on the proposed motion.

   a.   **Plaintiff States a Conversion Claim.**

Capital One states what it contends are the elements of a conversion claim in New York as: 1) acting without authorization to 2) exercise dominion or a right of ownership over the property another, 3) receiving a demand for return from the rightful owner and 4) refusing such demand, relying on *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 133 (2d Cir. 2022), but this standard, and its demand requirements, only apply when the original possession is lawful. *Seanto Exports v. United Arab Agencies*, 137 F.Supp.2d 445, 451 (S.D.N.Y. 2001), makes this explicit. "Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property." *Id.* (emphasis added) (quoting *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 53 (2d Cir. 1993) (citing *Johnson v. Gumer*, 94 A.D.2d 955, 464 N.Y.S.2d 318, 319 (4th Dep't 1983); *Meese v. Miller*, 79 A.D.2d 237, 436 N.Y.S.2d 496, 500 (4th Dep't 1981)). *See also State v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 260, 774 N.E.2d 702, 711, 746 N.Y.S.2d 637, 646 (N.Y. 2002); *Heneghan v. Cap–A–Radiator Shops,* 132 Misc.2d 936, 938 (Dist. Ct. Nassau County 1986) ("Conversion is the unauthorized assumption and exercise of dominion of the right of ownership over property belonging to another. (*Employer's Fire Ins. Co. v. Cotten,* 245 N.Y. 102, 156 N.E. 629; *Glass v. Wiener,* 104 A.D.2d 967, 480 N.Y.S.2d 760 (2d Dept.1984)*; 23 NY Jur Conversion § 1, p. 207; see also Restatement (Second) of Torts section 222A (1965)). However, in order to maintain an action for conversion where one is originally in lawful possession of another's property, a demand by the owner and a refusal to return possession of the

property of the owner must be shown. (*Tompkins v. Fonda Glove Lining Co.,* 188 N.Y. 261, 80 N.E. 933, reh. den. 188 N.Y. 635, 81 N.E. 1177)).

Here, in contrast, the original possession was unlawful. In that case, the elements of a conversion claim are that the a plaintiff show are a "possessory right or interest in the property" and that the defendant asserted "dominion over the property or interference with it, in derogation of plaintiff's rights." *Colavito v. New York Organ Donor Network, Inc.,* 8 N.Y.3d 43, 50 (2006). Moreover, the tort of conversion does not require defendant's knowledge that he is acting wrongfully, but merely an intent to exercise dominion or control over property in a manner inconsistent with the rights of another. *LoPresti v. Terwilliger,* 126 F.3d 34, 42 (2d Cir. 1997); *see also, e.g.*, *Coughlan v. Jachney,* 473 F. Supp. 3d 166, 201 (E.D.N.Y. 2020) (same). Capital One and Malen committed conversion because they exercised dominion and control over Ms. Watkins's funds pursuant to a fraudulently obtained default judgment which falsely purported to establish personal jurisdiction on Ms. Watkins.

Capital One goes on to argue that it did not exercise dominion or control over Ms. Watkins's funds, but Capital One is the plaintiff in the state court collection suit, and it is in their name that Capital One's counsel, Malen and Associates, seized Ms. Watkins's funds from the Comptroller. Courts have repeatedly held that plaintiffs in state court collection actions are liable for conversion when their attorneys illegally restrain money. *Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 522, 535-36 (S.D.N.Y. 2013); *Polanco v. NCO Portfolio Management, Inc.*, 132 F.Supp.3d 567, 589 (S.D.N.Y. 2015); *Hunter v. Palisades Acquisition XVI, LLC*, 2017 WL 5513636 at *9 (S.D.N.Y. 2017).

    b. **Plaintiff States a Negligence Claim.**

Capital One next asserts that Plaintiff fails to state a negligence *per se* claim because Plaintiff has not alleged a violation of a statute which imposes a specific duty. But Plaintiff has alleged just that: violations of GBL § 349, which impose a duty on all New York businesses to refrain from consumer-oriented deceptive business practices (such as contracting with prolific sewer service process servers to obtain lucrative default judgments *en masse*.) Capital One also asserts that it owed no duty to Plaintiff, and therefore the gross negligence claim must also fail. However, "creditors and debt collectors owe 'a duty of reasonable care' in the collection of their debts." *Hawkins-El v. First American Funding, LLC*, 891 F.Supp.2d 402, 412 (E.D.N.Y. 2012) (quoting *Colo. Capital v. Owens*, 227 F.R.D. 181, 191 (E.D.N.Y. 2005).

    c. **Plaintiff States a GBL § 349 Claim.**

Capital One finally asserts that Plaintiff fails to state a GBL § 349 claim because she fails to allege conduct which impacts consumers at large. This is also incorrect: Ms. Watkins alleges that she was just one victim of a scheme of fraudulent service of process which targeted more than 2,000 consumers on behalf of Capital One over a single one-year period. Compl. ¶ 6. The fact that Capital One used other law firms to collect its debts in addition to Malen does not immunize Capital One from liability for the actions carried out by their agents, Malen, Allied, and Hussein—who they used to ambush more than 2,000 consumers, including Ms. Watkins, just in the one-year period for which Plaintiff and her counsel have the process servers' records. Additionally, Plaintiff's GBL § 349 claim against Capital One is not predicated on violations of the FDCPA; it is true that Capital One, as an original creditor, cannot be liable under the FDCPA, but it can still violate GBL § 349, and the mass-filing of facially fraudulent affidavits of service and collection on judgments obtained by them does just that. *Sykes v. Mel Harris and Assocs., LLC*, 757 F.Supp.2d 413, 428 (S.D.N.Y. 2010) (denying motion to dismiss GBL § 349

claims arising from default judgments obtained with fraudulent affidavits of service); *Sykes v. Mel Harris and Assocs., LLC*, 285 F.R.D. 279, 293 (S.D.N.Y. 2012) (certifying class action). Finally, Capital One argues that Ms. Watkins cannot state a GBL § 349 claim because she was not misled. This argument is based on an incorrect standard that has been explicitly rejected by the Court of Appeals. When evaluating whether something is misleading under GBL § 349 courts are to use an objective standard that asks whether the actions would mislead a reasonable consumer acting reasonably, not the subjective standard Capital One tries to apply. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25–26 (1995). Courts have repeatedly found that sewer service is objectively misleading and violates GBL § 349. *Texidor v. Tromberg, Morris, and Poulin, PLLC,* 2023 WL 8043067 (E.D.N.Y. 2023)*; Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685 at 700 (S.D.N.Y. 2015).

    For the foregoing reasons, Plaintiff opposes Defendant Capital One, N.A.'s Letter for Pre-Motion Conference [DE #32]. Plaintiff will not be amending her complaint and will proceed to briefing.

Dated: Brooklyn, New York
November 11, 2025

> Respectfully submitted,
> /s/
> Ahmad Keshavarz
> The Law Office of Ahmad Keshavarz
> 16 Court St., Suite 2600
> Brooklyn, NY 11241-1026
> Phone: (718) 522-7900
> Fax:    (877) 496-7809
> Email: ahmad@NewYorkConsumerAttorney.com