UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
LORETTA WATKINS,                                                  :   Case No. 1:25-cv-04295-EK-
                                                                  :   LKE
                Plaintiff,                                 :
                                                                  :
v.                                                                :   **Date of Service: January 8,**
                                                                  :   **2026**
MALEN & ASSOCIATES, P.C., HASHEM                                  :
HUSSEIN, A & F PROCESS SERVICE, INC. d/b/a                        :
ALLIED PROCESS SERVICE, and CAPITAL ONE,                          :
N.A.,                                                             :
                                                                  :
                Defendants.                                :
                                                                  :
------------------------------------------------------------------ X

# CAPITAL ONE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

| | |
|---|---|
| Philip A. Goldstein | Blaec C. Croft |
| MCGUIREWOODS LLP | MCGUIREWOODS LLP |
| 1251 Avenue of the Americas, 20th Floor | Tower Two-Sixty |
| New York, New York 10020 | 260 Forbes Ave., Suite 1800 |
| (212) 548-2167 | Pittsburgh, PA 15222 |
| pagoldstein@mcguirewoods.com | (412) 667-6057 |
| | bcroft@mcguirewoods.com |

*Counsel for Defendant Capital One, N.A.*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

STANDARD OF REVIEW ................................................................................................. 3

ARGUMENT ....................................................................................................................... 4

      I.     Plaintiff's Conversion Claim Fails As A Matter Of Law As The Retention Of Funds Was Lawful, No Demand For The Funds Was Ever Made, And The Funds Were Returned Pursuant To The Parties' Stipulation. ......................... 4

      II.    Plaintiff's Gross Negligence Claim Fails Because She Identifies No Duty Owed By Capital One Or The Requisite Conduct. ................................................ 6

      III.   Plaintiff's GBL § 349 Claim Fails And The Negligence Per Se Claim Fails Alongside It. ............................................................................................................ 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Abraham v. Am. Home Mortg. Servicing, Inc.*,
  947 F. Supp. 2d 222 (E.D.N.Y. 2013) ..................................................................................7

*Adeghe v. Procter & Gamble Co.*,
  No. 22-CV-10025 (CS), 2024 WL 22061 (S.D.N.Y. Jan. 2, 2024).........................................11

*AMW Materials Testing, Inc. v. Town of Babylon*,
  584 F.3d 436 (2d Cir. 2009)...................................................................................................9

*Arar v. Ashcroft*,
  585 F.3d 559 (2d Cir. 2009)...................................................................................................3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................................3

*AT & T v. City of N.Y.*,
  83 F.3d 549 (2d Cir. 1996).....................................................................................................7

*Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*,
  692 F.3d 42 (2d Cir. 2012).....................................................................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................................3

*Cheeseboro v. Little Richie Bus. Serv., Inc.*,
  254 F. Supp. 3d 485 (E.D.N.Y. 2017) ..................................................................................11

*Curley v. AMR Corp.*,
  153 F.3d 5 (2d Cir. 1998).......................................................................................................8

*D'Amico v. Waste Mgmt. of New York, LLC*,
  No. 6:18-CV-06080 EAW, 2019 WL 1332575 (W.D.N.Y. Mar. 25, 2019) ...........................9

*Dung Nguyen v. Morrison Healthcare*,
  412 F. Supp. 3d 196 (E.D.N.Y. 2018) ...................................................................................7

*Farash v. Cont'l Airlines, Inc.*,
  574 F. Supp. 2d 356 (S.D.N.Y. 2008).....................................................................................7

*Hawkins-El v. First Am. Funding, LLC*,
  891 F. Supp. 2d 402 (E.D.N.Y. 2012) ...................................................................................7

*Hunter v. Palisades Acq. XVI, LLC*,
 No. 16 CIV. 8779 (ER), 2017 WL 5513636 (S.D.N.Y. Nov. 16, 2017) ..................................6

*Lefkowitz v. Bank of N.Y.*,
 676 F. Supp. 2d 229 (S.D.N.Y. 2009)..................................................................................4

*M+J Savitt, Inc. v. Savitt*,
 No. 08 Civ. 8535 (DLC), 2009 WL 691278 (S.D.N.Y. Mar. 17, 2009)..................................9

*Mali v. British Airways*,
 No. 17 Civ. 685 (KPF), 2018 WL 3329858 (S.D.N.Y. July 6, 2018) .....................................9

*Miyamoto v. Bank of Am., N.A.*,
 No. 19-CV-445, 2020 WL 5577730 (E.D.N.Y. Sept. 17, 2020) ............................................7

*Musalli Factory for Gold & Jewellry v. JPMorgan Chase Bank, N.A.*,
 261 F.R.D. 13 (S.D.N.Y. 2009) .......................................................................................1, 7

*Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*,
 875 F.3d 107 (2d Cir. 2017)...............................................................................................10

*Okyere v. Palisades Collection, LLC*,
 961 F. Supp. 2d 522 (S.D.N.Y. 2013).............................................................................5, 6

*Polanco v. NCO Portfolio Mgmt., Inc.*,
 132 F. Supp. 3d 567 (S.D.N.Y. 2015)..................................................................................6

*Polanco v. NCO Portfolio Mgmt., Inc.*,
 23 F. Supp. 3d 363 (S.D.N.Y. 2014)....................................................................................6

*Schwartz v. Cap. Liquidators, Inc.*,
 984 F.2d 53 (2d Cir. 1993)...................................................................................................5

*Spagnola v. Chubb Corp.*,
 574 F.3d 64 (2d Cir. 2009)..................................................................................................10

*Thyroff v. Nationwide Mut. Ins. Co.*,
 460 F.3d 400 (2d Cir. 2006).................................................................................................4

*Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*,
 204 F. Supp. 2d 639 (S.D.N.Y. 2002).................................................................................8

*Wexselblatt v. Bank of Boston Int'l*,
 666 F. Supp. 513 (S.D.N.Y. 1987) .....................................................................................7

**State Cases**

*Employers' Fire Ins. Co. v. Cotten*,
 245 N.Y. 102, 156 N.E. 629 (1927)....................................................................................5

*Goldstein v. Cornell Assocs., Inc.*,
    74 A.D.3d 745 (2d Dep't 2010) ............................................................................................. 9

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995) ..................................................... 10

**Federal Statutes**

FDCPA ........................................................................................................................................ 10

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1, 2

Defendant Capital One, N.A. ("Capital One"), pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to dismiss the Complaint[1] filed by Plaintiff Loretta Watkins ("Plaintiff") as to Capital One for failure to state a valid cause of action. In support of this Motion, Capital One states as follows:

## INTRODUCTION

This action stems from a stipulation entered between Plaintiff and Capital One where they agreed to vacate a judgment entered against Plaintiff in an underlying collection action based on Plaintiff's default on a Capital One credit card account ("Collection Action"). The stipulation included discontinuing the Collection Action and returning to Plaintiff any funds obtained because of the judgment. Following that stipulation, Plaintiff filed this action against Capital One and its counsel in the Collection Action, Malen & Associates, P.C. ("Malen") as well as A & F Process Service, Inc. dba Allied Process Service ("Allied") and Hashem Hussein ("Hussein"), who were responsible for service of the summons and complaint in the Collection Action. Plaintiff contends Hussein falsified the affidavit of service in the Collection Action, which Plaintiff learned of while she was represented by her counsel here in a separate action, and that she purportedly suffered harm even though her counsel immediately took action to challenge service. For the reasons discussed below, Plaintiff fails to state valid claims.

First, Plaintiff's claim for conversion fails as the retention of funds was lawful, she never made a demand on Capital One for the return of the funds, and the funds were returned to Plaintiff pursuant to a stipulation between Plaintiff and Malen on behalf of Capital One in the Collection Action. Second, Plaintiff's gross negligence claim fails because she identifies no duty owed by Capital One or any conduct by Capital One that was reckless or smacked of intentional

---

[1] A copy of the Complaint is attached to the Declaration of Philip A. Goldstein ("Goldstein Decl.") as Exhibit A ("Compl.")

1

wrongdoing. Indeed, the allegations in the Complaint focus on other parties' actions, not Capital One's. Third, Plaintiff's claim for violation of GBL § 349 fails as she does not allege that she was materially misled by the affidavit of service at issue, much less that it impeded her ability to challenge the debt or dispute the collection. Finally, Plaintiff's negligence per se claim is premised on the claim for violation of GBL § 349, and it must fail alongside that claim as there is no predicate statutory violation.

Capital One respectfully requests the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

After Plaintiff defaulted on her Capital One credit card,[2] Capital One initiated the Collection Action against her in the Civil Court of the City of New York, County of Queens. Compl. ¶ 14. Plaintiff contends that Hussein failed to properly serve her and falsified the affidavit of service filed in the Collection Action. *Id.* ¶¶ 15-17. Plaintiff never filed a response to the complaint in the Collection Action, resulting in a default judgment being entered on April 18, 2024. *Id.* ¶ 16.

In August 2024, Plaintiff learned of the Collection Action while she was represented by CAMBA Legal Services in another matter. *Id.* ¶ 18. On March 6, 2025, Plaintiff filed an Order to Show Cause in the Collection Action seeking to vacate the default judgment and dismiss the complaint or in the alternative a traverse hearing to determine whether Plaintiff was properly

---

[2] Plaintiff contends she had a meritorious defense to the Collection Action because she "never had a balance as high as the judgment amount" and, therefore, the amount sought in the Collection Action complaint is not correct. Compl. Ex. D (ECF No. 1-5) at p. 9, ¶¶ 34-35. The Complaint in the Collection Action sought $14,725.22 and attached a copy of the January 2023 statement sent to Plaintiff at 11418 178th St., Jamaica, NY 11434, showing a balance owed of $14,725.22. The January 2023 statement is attached to the Complaint filed in the Collection Action and it is unclear why Plaintiff omitted that document as part of her Complaint in this case. *See* Goldstein Decl., Ex. B.

served. *Id*. ¶ 19. On April 22, 2025, the court issued an Order to Show Cause, setting a traverse hearing for June 3, 2025. *Id*. ¶ 53. Prior to the traverse hearing, Plaintiff and Capital One entered a Stipulation to Vacate and Discontinue the Collection Action ("Stipulation"), which included returning any funds collected to Plaintiff, and discontinuing the Collection Action. *Id*. ¶¶ 59, 95-96; Compl., Ex. I (Stipulation to Vacate and Discontinue the Collection Action).

Plaintiff now takes issue with the service of the summons and complaint in the Collection Action and the related affidavit of service prepared by Hussein, asserting the following causes of action against Capital One: (1) violation of N.Y. GBL § 349; (2) conversion; and (3) negligence *per se* and gross negligence. Compl. ¶¶ 109-112, 120-140.

## STANDARD OF REVIEW

On a motion to dismiss, courts require "enough facts to state a claim to relief that is plausible on its face." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 570. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

For a claim to be facially plausible, a plaintiff must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). Thus, the relevant inquiry is not whether any facts *could be* invented that would state a claim for relief, but whether sufficient facts *have been pled* in the first instance to support the legal claims asserted. *See id.* ("a complaint [does not] suffice if it tenders 'naked assertion[s]'

3

devoid of 'further factual enhancement'" and dismissal is required "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct").

## ARGUMENT

I. **Plaintiff's Conversion Claim Fails As A Matter Of Law As The Retention Of Funds Was Lawful, No Demand For The Funds Was Ever Made, And The Funds Were Returned Pursuant To The Parties' Stipulation.**

Plaintiff premises her conversion claim against Capital One and Malen based on unclaimed funds totaling $269.06 held by the New York State Comptroller, which were sent to Plaintiff on July 3, 2025, under the terms of the parties' Stipulation entered on June 2, 2025. Compl. ¶¶ 95-96, 122-123.

Under New York law, "conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403–04 (2d Cir. 2006) (alteration and internal quotation marks omitted). "To state a claim of conversion, the plaintiff must allege that (1) the party charged has acted without authorization, and (2) exercised dominion or a right of ownership over property belonging to another, (3) the rightful owner makes a demand for the property, and (4) the demand for the return is refused." *Lefkowitz v. Bank of N.Y.*, 676 F. Supp. 2d 229, 251 (S.D.N.Y. 2009) (internal brackets and quotation marks omitted).

Plaintiff's conversion claim fails for three reasons. First, it is undisputed that the funds were obtained lawfully pursuant to the judgment entered in the Collection Action. Indeed, there was no finding by the court to the contrary. Plaintiff's contention that Malen knew or had reason to know that the Affidavit of Service prepared by Hussein in the Collection Action was fraudulent when it requested the funds rendering the judgment unlawful also must be rejected. Plaintiff did not request a traverse hearing until March 2025, and she makes no allegation that she provided notice regarding purported issues with process of service any earlier. *Id*. ¶ 124. "Where the

4

original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property." *Schwartz v. Cap. Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993) (citation omitted). The reason for this rule is simply "that one in lawful possession shall not have such possession changed into an unlawful one until he 'be informed of the defect of his title and have an opportunity to deliver the property to the true owner. . . .'" *Employers' Fire Ins. Co. v. Cotten*, 245 N.Y. 102, 106, 156 N.E. 629 (1927).

Second, it is undisputed that Plaintiff never made a demand for return of the funds as there is no such allegation in her Complaint. Rather, the parties agreed to the return of the funds under the Stipulation. *Id*. ¶¶ 95-96.

Third, the funds were returned to Plaintiff pursuant to the parties' agreement in the Stipulation. *Id*. The Stipulation regarding the return of the funds, which Capital One and Malen complied with, should control the disposition of the funds at issue in the conversion claim. Indeed, Plaintiff voluntarily agreed that the funds would be returned pursuant to the Stipulation and there is no dispute Capital One and Malen complied with the Stipulation.

Plaintiff's Opposition to Capital One's Pre-Motion Conference Letter cites three cases for the premise that the funds were not lawfully possessed (each involving Attorney Keshavarz, counsel for Plaintiff); however, each is distinguishable from the facts of this case.

Plaintiff first cites *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 526 (S.D.N.Y. 2013), which involves monies taken from the plaintiff's bank account after the restraint against him was vacated, and the plaintiff sent a demand for return of the funds, which was refused for approximately six months. In contrast, here the funds were obtained in September 2024, before the restraint was vacated on June 2, 2025, under the parties' Stipulation. The court was clear in *Okyere* that the funds were obtained after the order authorizing possession was vacated, and thus

5

not lawful. Therefore, the opposite must also be true. *Okyere*, 961 F. Supp. 2d at 535. That is, obtaining funds pursuant to an unvacated order, before any issue of service was raised, is lawful.

Plaintiff's second case, *Hunter v. Palisades Acq. XVI, LLC*, No. 16 CIV. 8779 (ER), 2017 WL 5513636, at *2 (S.D.N.Y. Nov. 16, 2017), involved a similar set of facts where the restraint was undertaken after the judgment was vacated. As discussed above, it is undisputed that the actions complained of here occurred before the parties' Stipulation was entered and before any issue related to service of process was raised.

Plaintiff's third case, *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 573-74 (S.D.N.Y. 2015), also is distinguishable as the conversion claim was based on the failure to return funds after an order to vacate a judgment was entered. *See Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 371 (S.D.N.Y. 2014) (granting leave to amend the claim for conversion because the original authorization to hold the funds was terminated after receiving an order to return the funds, and the funds were not returned pursuant to that order) (emphasis added). Again, it is undisputed that Capital One and Malen obtained the funds after judgment was entered and before any issue related to service was raised and the Stipulation was entered.

For these reasons, Plaintiff's conversion claim is subject to dismissal with prejudice as the funds were returned to her pursuant to the Stipulation, and she fails to allege material elements of a conversion claim against Capital One.

**II.   Plaintiff's Gross Negligence Claim Fails Because She Identifies No Duty Owed By Capital One Or The Requisite Conduct.**

Plaintiff's gross negligence claim contends that Capital One, as a creditor, owed her a broad duty of reasonable care in its debt collection efforts. Compl. ¶ 131. Plaintiff does not define the basis of the duty purportedly owed but instead focuses on allegations outside the scope of the subject affidavit of service. In doing so, Plaintiff attempts to import an unspecified duty of care

6

on Capital One about the steps taken by Malen and Allied within the Collection Action. *Id*. ¶¶ 132-136. Indeed, Plaintiff focuses primarily on the alleged failure by Malen and Allied to review Hussein's affidavits of service in other cases, which is outside the scope of any duty owed specifically to her by Capital One regarding her account. *Id*. Plaintiff's gross negligence claim must fail because she does not identify a duty owed by Capital One in breach of the standard of care and does not allege any conduct by Capital One that was reckless or smacked of intentional wrongdoing.

To state a claim for gross negligence under New York law, Plaintiff must establish: (1) the existence of a duty; (2) a breach of that duty; (3) "injury as a result thereof"; and (4) conduct that "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." *Farash v. Cont'l Airlines, Inc.*, 574 F. Supp. 2d 356, 367-68 (S.D.N.Y. 2008) (quoting *AT & T v. City of N.Y.*, 83 F.3d 549, 556 (2d Cir. 1996)). The scope of a duty owed to a plaintiff is a question of law. *Dung Nguyen v. Morrison Healthcare*, 412 F. Supp. 3d 196, 201 (E.D.N.Y. 2018).

It is undisputed that Capital One owes no duty to Plaintiff based on the standard creditor-debtor relationship. *See Musalli Factory for Gold & Jewellry v. JPMorgan Chase Bank, N.A.*, 261 F.R.D. 13, 26-27 (S.D.N.Y. 2009) (in general, banks do not owe duties in tort "to customers in a deposit or lending relationship."); *Wexselblatt v. Bank of Boston Int'l*, 666 F. Supp. 513, 517 (S.D.N.Y. 1987) (dismissing negligence claim against bank because relationship was "purely contractual"); *Miyamoto v. Bank of Am., N.A.*, No. 19-CV-445, 2020 WL 5577730, at *3 (E.D.N.Y. Sept. 17, 2020) (quoting *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 236 (E.D.N.Y. 2013)) ("[I]t is 'well settled under New York law that a lender is not in a fiduciary relationship with a borrower, and thus a lender does not owe a borrower any special duties.'").

If Plaintiff relies on *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 402, 412

7

(E.D.N.Y. 2012),[3] for the premise that Capital One owed her a duty of reasonable care in collection of the debt, she still does not identify the specific duty owed by Capital One regarding its retention of Malen as collection counsel or how that alleged duty was breached by Capital One. Rather, Plaintiff offers only that Capital One owed her a duty of reasonable care, with zero factual allegations as to a specific duty owed regarding its retention of Malen or how Capital One breached that purported duty. Compl. ¶¶ 130-136.

In any event, if Capital One owed Plaintiff a duty of reasonable care in collection of the debt, a violation of that duty must be premised on an action by Capital One. But it is undisputed that Plaintiff's Complaint does not identify any act by Capital One in breach of that purported standard of care. Indeed, the alleged actions of Hussein are too attenuated to be encompassed within any alleged duty owed by Capital One.[4] Plaintiff's allegations as to Capital One breaching a duty of care are conclusory and insufficient to state a claim for gross negligence.

Plaintiff also does not allege any conduct by Capital One that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing. "To constitute gross negligence, 'the act or omission must be of an aggravated character, as distinguished from the failure to exercise ordinary care.'" *Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*, 204 F. Supp. 2d 639, 644 (S.D.N.Y. 2002) (quoting *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998)). "On a motion to dismiss, a claim for gross negligence will be sustained only if the plaintiff alleges facts plausibly suggesting that the defendant's conduct 'evinces a reckless disregard for the rights of others or

---

[3] In dismissing the plaintiff's negligence claim, the Court found that the defendants did not breach the alleged duties owed under the statutes enunciated in the complaint, including responding to subsequent requests for verification that the debt was already verified.

[4] Plaintiff's theory of liability as to Capital One is essentially that it was grossly negligent in retaining Malen as counsel in the Collection Action, who in turn was grossly negligent in retaining Allied for service of the Summons and Complaint in the Collection Action, who in turn was grossly negligent in having Hussein be responsible for completing service.

8

smacks of intentional wrongdoing.'" *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 61 (2d Cir. 2012) (quoting *M+J Savitt, Inc. v. Savitt*, No. 08 Civ. 8535 (DLC), 2009 WL 691278, at *12 (S.D.N.Y. Mar. 17, 2009)). "Recklessness in the context of a gross negligence claim means 'an extreme departure from the standards of ordinary care,' such that 'the danger was either known to the defendant or so obvious that the defendant must have been aware of it.'" *Id.* at 61-62 (quoting *AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 454 (2d Cir. 2009)); *see also Mali v. British Airways*, No. 17 Civ. 685 (KPF), 2018 WL 3329858, at *8 (S.D.N.Y. July 6, 2018) ("As such, 'a party is grossly negligent when it fails to exercise even slight care or slight diligence.'" (quoting *Goldstein v. Cornell Assocs., Inc.*, 74 A.D.3d 745, 747 (2d Dep't 2010))).

Plaintiff offers only the conclusory assertion that "Defendants' actions evince a reckless disregard for the rights of others and smack of intentional wrongdoing." Compl. ¶ 139. This impermissible conclusory allegation does not satisfy the pleading requirements. *See D'Amico v. Waste Mgmt. of New York, LLC*, No. 6:18-CV-06080 EAW, 2019 WL 1332575, at *8 (W.D.N.Y. Mar. 25, 2019) ("Simply appending conclusory words or phrases, such as 'knowingly' or 'intentionally,' to allegations of ordinary negligence does not satisfy the aggravated nature of a gross negligence claim."). Instead of identifying a specific action by Capital One that supports a claim for gross negligence, Plaintiff impermissibly lumps all the Defendants together. Compl. ¶ 139. Absent from the Complaint is any allegation that Capital One evinced a reckless disregard for Plaintiff's rights or its action smacked of intentional wrongdoing. Plaintiff's allegations do not overcome the hurdle to plead gross negligence.

Accordingly, the Court should dismiss Plaintiff's gross negligence claim against Capital One with prejudice.

### III. Plaintiff's GBL § 349 Claim Fails And The Negligence Per Se Claim Fails Alongside It.

Plaintiff makes the conclusory allegation that "Defendants violated [GBL § 349] by using consumer-oriented deceptive acts and practices in the conduct of their business." Compl. ¶ 111. Plaintiff's claim for violation of GBL § 349 must fail as she does not allege that she was materially misled by the affidavit of service at issue, much less that it impeded her ability to challenge the debt or dispute the collection. To the extent Plaintiff's negligence per se claim is premised on the claim for violation of GBL § 349, it must also fail as there is no predicate statutory violation.

To assert a claim under GBL § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017). Whether an act is materially misleading is defined objectively and looks to whether the act is likely to mislead a reasonable consumer acting reasonably under the circumstances. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). The reasonable consumer element may either present issues of fact or be resolved as a matter of law. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995).

In evaluating whether the affidavit of service was materially misleading, the Court should look to whether the act is likely to mislead a reasonable consumer acting reasonably under the same circumstances. *See Spagnola*, 574 F.3d at 74. At no point does Plaintiff allege that the subject affidavit of service misled her, which is a required element. *See* Compl. ¶¶ 109-112. While the standard is objective, it is unclear how an action could materially mislead other consumers if it did not mislead Plaintiff. In fact, the only use of the term "misleading" is within Plaintiff's claim for violation of the FDCPA, which is not alleged against Capital One. *Id*. ¶ 104.

10

Instead, Plaintiff learned of the lawsuit from her counsel and took action to challenge service. Compl. ¶¶ 18-19, 82. Plaintiff does not allege that she believed the affidavit of service was valid or that it impeded her ability to challenge the debt or dispute the collection efforts. *See generally* Compl. In fact, that is exactly what she did, filing an Order to Show Cause in the Collection Action seeking to vacate the default judgment and dismiss the complaint or in the alternative a traverse hearing to determine whether Plaintiff was properly served. *Id*. ¶ 19.

Context is important when using a reasonable consumer evaluation—the comparison is with a reasonable consumer acting under the same circumstances. *See, e.g.*, *Adeghe v. Procter & Gamble Co.*, No. 22-CV-10025 (CS), 2024 WL 22061, at *3 (S.D.N.Y. Jan. 2, 2024) ("context is crucial" in determining if a reasonable consumer would have been misled by a particular advertisement). Plaintiff does not allege that she was materially misled and offers only a conclusory assertion regarding purported deceptive acts and practices, which is insufficient to meet the applicable pleading standard.

Plaintiff's negligence per se claim is predicated on the claim for violation of GBL § 349. ECF No. 35 at 2. "Under New York law, violation of a statute will constitute negligence *per se* where the statute imposes a specific duty." *Cheeseboro v. Little Richie Bus. Serv., Inc.*, 254 F. Supp. 3d 485, 490-91 (E.D.N.Y. 2017). To the extent Plaintiff's claim for violation of GBL § 349 fails, so too must her negligence per se claim.

Accordingly, the Court should dismiss Plaintiff's claims for violation of GBL § 349 and negligence per se with prejudice.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint against Capital One in its entirety, and award such any other relief it deems just and proper.

| | |
|---|---|
| Dated: January 8, 2026<br>New York, NY | /s/ *Philip A. Goldstein*<br>Philip A. Goldstein<br>MCGUIREWOODS LLP<br>1251 Avenue of the Americas, 20th Floor<br>New York, New York 10020<br>(212) 548-2167<br>pagoldstein@mcguirewoods.com<br><br>Blaec C. Croft<br>MCGUIREWOODS LLP<br>Tower Two-Sixty<br>260 Forbes Ave., Suite 1800<br>Pittsburgh, PA 15222<br>(412) 667-6057<br>bcroft@mcguirewoods.com<br><br>*Counsel for Defendant Capital One, N.A.* |

12

## **CERTIFICATION OF COMPLIANCE**

The undersigned attorney does hereby certify that the foregoing was prepared on a computer using Microsoft Word and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and that it has fewer than 8,750 words and does not exceed 25 pages, excluding the case caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does including material contained in footnotes or endnotes. As determined by the word count function of the word-processing system used to prepare the foregoing brief, and pursuant to the above-referenced rule, the foregoing brief contains 3,778 words.

Dated: January 8, 2026

/s/ *Philip A. Goldstein*
Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One, N.A.*