# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                    :
LORETTA WATKINS,                                                    :     Case No.: 1:25-_____
                                                                    :
                              Plaintiff,                            :     **COMPLAINT**
                                                                    :     **AND**
                                                                    :     **JURY DEMAND**
            – against –                                             :
                                                                    :
MALEN & ASSOCIATES, P.C.,                                           :
HASHEM HUSSEIN, A & F PROCESS SERVICE,                              :
INC. d/b/a ALLIED PROCESS SERVICE, and                              :
CAPITAL ONE, N.A.                                                   :
                              Defendants.                           X

------------------------------------------------------------------

## PRELIMINARY STATEMENT

Plaintiff Loretta Watkins files suit against Defendants Malen & Associates, P.C.
("Malen"), as well as Hashem Hussein and Allied Process Service ("Allied"), for their violations
of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. sec.* (the "FDCPA"), N.Y.; against
Malen for its violation of Judiciary Law § 487; against all Defendants for violations of New York
General Business Law § 349 for negligence *per se* and gross negligence; against Malen and Capital
One, N.A. ("Capital One") for conversion; and against Hussein and Allied for their violations of
New York City Administrative Code § 20-409.2, alleges as follows:

## SUMMARY OF CLAIMS[1]

Plaintiff Loretta Watkins is an elderly low-income widow who lives by herself in Queens.
Sometime after August 4, 2024, she learned that Capital One had sued her and had, without her
knowledge, obtained a default judgment against her for $14,890.22 on April 18, 2024. Capital

---

[1] This summary is for the convenience of Defendants and the Court. The summary is not intended to limit the basis
of Plaintiff's claims as the full factual basis for the claims are laid out in far greater detail in the statement of facts.

One obtained this default judgment based on an affidavit of service Hashem Hussein ("Hussein"). This affidavit describes service that did not happen. The person allegedly served does not exist and 4 minutes prior to serving Ms. Watkins Hussein claims to have performing service 30 minutes away. This is not a one-off instance of improper service, Hussein's logbook reveals a pattern of improper service that includes always performing substitute service, claims of being in multiple locations at virtually the same time, and repeated claims of service on non-existent relatives. With the default judgment Malen and Capital One enforced on Ms. Watkins, taking unclaimed funds that belonged to here in September of 2024.

On March 6, 2024 Ms. Watkins, through her counsel at CAMBA Legal Services, a non-profit legal services provider, filed an exhaustive Order to Show Cause documenting in detail how Hussein did not serve Ms. Watkins and how the service attempt sworn to in the affidavit was not possible.

Despite this overwhelming evidence, Malen and Capital One doubled down, filing a boilerplate Opposition that did not address any of the evidence in the Order to Show Cause, but simply stated that Ms. Watkins was served because the affidavit of service says she was. Ms. Watkins' Order to Show Cause was granted, and the Court ruled that she had rebutted the affidavit of service and ordered a traverse hearing. In response, Malen and Capital One tripled down, pressing forward with the traverse hearing until the afternoon before, when they stipulated to vacate the default judgment and discontinue the action. By then, the damage was done. Ms. Watkins had already expended time and paid transportation costs to go to and return from CAMBA's office, first to sign the papers needed for the Order to Show Cause, and then again to prepare for the traverse hearing. As the traverse hearing grew closer, Ms. Watkins's fear and anxiety climbed, robbing her of her sleep and increasing the strain on her already damaged vision.

2

As stated above, this is not a one-off occurrence, but part of a broad pattern engaged in by Malen, Capital One, Allied, and Mr. Hussein that they continue to perpetrate despite receiving numerous Orders to Show Cause detailing the fraud. In fact, Ms. Watkins was just one of thousands of consumers victimized by Defendants. In response to a subpoena issued in preparation for the traverse hearing, Hussein produced his electronic service records in the form of an Excel spreadsheet he received from Allied, a process serving agency for which he worked. The spreadsheet documents systematic impossible service. The spreadsheet covers service attempts from October 3, 2022 to September 25, 2023. During this time, Hussein attempted service for 3,525 lawsuits. Unbelievably, Hussein  successfully performed service 100 percent of the time; effected service on the first attempt 100 percent of the time; and made service on a person of suitable age and discretion (the most difficult form of service to challenge) 100 percent of the time. The vast majority—2,715 out of 3,525, more than 77%—of Hussein's service occurred between the hours of 6 AM and 7 AM each day, and 3,436 of 3,525, more than 97%, occurred before noon. These service attempts covered fantastical distances and were not humanly possible given the dates, times, and locations of the "services" listed. Most of Hussein's service attempts were on behalf of Capital One and Malen.  Of the 3,525 lawsuits listed on the spreadsheet, 2,141, or 60 percent, were for Capital One. Malen is just one of three law firms that Capital One used to file collection lawsuits in Queens County in 2022 and 2023.

To make matters worse, all the parties knew or should have known about the improper service. Court files demonstrate that even before Ms. Watkins's March 6, 2025, Order to Show Cause and Malen's subsequent April 4, 2025, Opposition on behalf of Capital One, Malen and Capital One received multiple Orders to Show Cause in which defendants dispute claims of service that mirror the impossible claims of service in Ms. Watkins's case and in the logbook. Malen and

Capital One did not investigate these claims or alter their practices.  Instead, they opposed the orders to show cause with the same boilerplate objections.

The Defendants in this case systematically created and filed false affidavits of service, obtained improper default judgments, and then collected on those judgments. Ms. Watkins is merely one victim of thousands. As a result of Defendants' scheme of false or "sewer service,"[2] Ms. Watkins has suffered harm and brings this action for relief.

## THE PARTIES

1.      Plaintiff Loretta Watkins ("Ms. Watkins") is an individual who resides in Queens County, New York.

2.      Ms. Watkins is a consumer as defined by 15 U.S.C. § 1692a(3) because she was alleged to owe a debt to Defendant Capital One, arising from a credit card.  Plaintiffs' alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred primarily for family, personal, or household purposes.

3.      Defendant Malen & Associates, P.C. ("Malen") is a debt collection law firm organized under the laws of the State of New York. Malen engages in business in New York State and this suit arises out of Malen's business in New York State. Malen's principal place of business is in Westbury, NY 11590.

4.      The Malen Firm is a debt collector as defined in 15 U.S.C. § 1692a(6) as they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be due another, and that is their principal purpose. Specifically, Malen files thousands of collections

---

[2] *See, e.g. Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 418 (S.D.N.Y. 2010) (""[S]ewer service" [is] the practice of failing to serve a summons and complaint and then filing a fraudulent affidavit attesting to service. When the debtors failed to appear in court because they did not have notice of the lawsuits, defendants obtained default judgments against them.")

Last saved: 8/1/2025 5:16 PM

lawsuits in civil court and seeks to enforce thousands of putative debts.

5.      Defendant Capital One, N.A. ("Capital One") is a foreign business corporation organized under the laws of the Commonwealth of Virginia. Capital One transacts business in the State of New York. Capital One does business in New York State and this suit arises out of Capital One's business in New York State.

6.      Capital One files thousands of collection lawsuits in the State of New York, including through Malen, including the one against Ms. Watkins. Capital One used Allied, and specifically Hussein, to "serve" 2,141 lawsuits between October 3, 2022 and September 25, 2023, including as to Ms. Watkins.

7.      Malen was the freely chosen agent of Capital One acting within the course and scope of its agency in seeking to collect the putative debt from Ms. Watkins. Therefore, Capital One is jointly and severally liable for the acts taken on its behalf by Malen. Capital One is also directly liable as the party in the collection lawsuit and as the subsequent judgment creditor.  For these reasons and others, when this Complaint references the liability of Malen it applies equally to Capital One.

8.      Defendant Hashem Hussein ("Hussein") is an individual who resides in Kings County, New York. Hussein is a process server with the current license number 2119375 who alleged (falsely) to have served Ms. Watkins in 2023, and who routinely executes false affidavits of service.

9.      Defendant A & F Process Service d/b/a Allied Process Service ("Allied") is a process serving agency organized under the laws of the State of New York, located in Nassau County.

10. Allied regularly fails to serve summons and complaints, and regularly executes false affidavits of service allowing the entry of default judgments against putative debtors, including Ms. Watkins. Allied is therefore a debt collector within the meaning of 15 U.S.C. § 1692a(6).

11. Hussein regularly failed to serve summons and complaints, and regularly executed false affidavits of service allowing debt collection law firms including Malen and putative creditors like Capital One, to use false affidavits of service to enter sewer service judgments against consumers including Ms. Watkins. Hussein is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

12. Allied Process Service utilized Hussein and is liable for Hussein's conduct acting within the scope of his employment and/or his agency. Allied is liable for all the process server misconduct that forms the basis of this suit.

## STATEMENT OF FACTS

### Malen Files the Collection Lawsuit and Uses a False Affidavit of Service to Obtain Default Judgment

13. Ms. Watkins is a retired senior living on a limited, fixed income. She is disabled and struggles with her hearing and vision. Since the passing of her husband in 2019 she has been living alone.

14. Unbeknownst to Ms. Watkins, on March 24, 2023 Capital One, through their law firm Malen, commenced a lawsuit against her in Queens County Civil Court captioned *Capital One, N.A. v. Loretta Watkins*, CV-005138-23/QU seeking $14,725.22 plus costs for an alleged credit card debt. Ex. A (Summons and Complaint).[3]

---

[3] All Exhibits to this Complaint are incorporated by reference in their entirety.

15.     On April 25, 2023 Allied process server Hussein executed an affidavit falsely alleging service on a phantom family member, Isaiah Watkins, on April 7, 2023. Ex. B (Affidavit of Service).  Malen caused the false affidavit of service to be filed on May 3, 2023.

16.     In making an application for default judgment, Malen then used the false affidavit of service to make a false representation of service to the Court (the issuing authority), resulting in the Court issuing a default judgment on April 18, 2024 for $14,890,22. Ex. C (Application for Default Judgment, June 26, 2023). Ex. D (Judgment, April 18, 2024).

17.     Ms. Watkins was never served with the summons and complaint, nor received notice of the lawsuit or the resulting judgment.

### Ms. Watkins Files an Order to Show Cause With Overwhelming Evidence That She Was Never Served.

18.     Ms. Watkins did not learn of the Collection Lawsuit or resulting judgment until a CAMBA attorney representing Ms. Watkins in another matter searched eCourts on or shortly after August 4, 2024 to see if there were any actions or judgments against her.

19.     On March 6, 2025, Ms. Watkins through her counsel CAMBA Legal Services filed an Order to Show Cause seeking to vacate the default judgment and dismiss the complaint or in the alternative order a traverse hearing to determine whether Ms. Watkins had been properly served. Ex. E (Order to show cause).

20.     On February 3, 2025, Ms. Watkins had to expend time and pay transportation costs to go to and return from the CAMBA office to review and sign documents needed to support her Order to Show Cause to vacate the default judgment.

21.     The application contained exhaustive evidence demonstrating that Hussein did not, and could not have, served Ms. Watkins as alleged in the affidavit of service, including the below.

22.     Significantly, service as described in the process server's affidavit is not possible, because the process server swears to have been serving process at an address 30 minutes away from Ms. Watkins's home four minutes before allegedly serving her.

23.     This impossible service is not a one-off occurrence—Hussein has a practice of swearing to perform service on addresses too far apart for service to be possible, as well as always claiming to perform substitute service, another impossibility.

24.     Specifically, in the affidavit of service for this case, Hussein swears that he served Ms. Watkins at 6:13 AM on April 7, 2023 by leaving the Summons and Complaint with a 20-year old relative named Isaiah Watkins.

25.     Ms. Watkins is a senior citizen who resides alone, does not know anyone named Isaiah Watkins, does not have any relatives with this name, and did not have any 20-year-olds in her house.

26.     Just four minutes before Hussein allegedly handed the Summons and Complaint to Isaiah Watkins, he swore in a different affidavit that he was serving a summons and complaint on Richard Walburg, by leaving the Summons and Complaint with Jennifer Walburg at 172-14 133rd Avenue, Apt 9A, Jamaica, NY 11434, an address approximately 30 minutes away from Ms. Watkins.

27.     In preparing for the Order to Show Cause, CAMBA Legal Services reviewed 41 of Hussein's Affidavits of Service in other cases. Hussein swore to substitute service in every single case reviewed.

28.     In all but five of the cases, he swore to substitute service on a family member with the same last name as the named defendant in the case.

29.     In no case did he perform personal service on the defendant, and in no instance did

8

he perform affix and mail service. Remarkably, in all 41 instances, Hussein found someone home who was not the defendant and was able to serve them.  Hussein had zero instances where no person was home and zero instances where he was able to serve the defendant.

30.     Upon information and belief, Hussein claims to serve by substitute service because it is harder to verify. If Hussein claims personal service, the court can easily check the description in the affidavit of service against the appearance of the defendant. If Hussein claims affix and mail service, the court can confirm he was there by reviewing his GPS records. Substitute service does not have these factual checks and is harder to verify, making it attractive to bad actor process servers who do not want to get caught performing improper service.

31.     The Affidavit of Service swears to substitute service upon Ms. Watkins by delivery of the summons and complaint to a "relative" named Isaiah Watkins on April 7, 2023 at 6:16 A.M. at 114-18 178th Street, Jamaica, NY 11434. Ex. C (Affidavit of Service) to Ex. E (Order to Show Cause).

32.     The Affidavit of Service states that Isaiah Watkins was approximately twenty years old, weighing 165 pounds, 5'9", male, and having black skin and black hair. *Id*.

33.     The process server affirms that on April 18, 2023, he mailed a copy of the Summons and Complaint to Ms. Watkins to "defendant's/respondent's last known address." *Id*.

34.     At the time of alleged service, 6:16 AM on a Friday, Ms. Watkins would have been at home and sleeping.

35.     Ms. Watkins does not have any family members named Isaiah, nor has she ever had anyone in her home matching the description in the process server's affidavit. She has two children: Bobby Fields, age 50, who lives in Virginia, and Renard Fields, age 46, who travels frequently around the country and stays in Brooklyn with his fiancé when he is not traveling. She

has two grandchildren: a girl who is almost nine years old, and a boy who is almost six years old. Nobody in her family is around twenty years old and there was no one matching the description in the process server's affidavit in her home. There is nobody in Ms. Watkins's family or circle of friends named Isaiah.

36.     The Affidavit of Service states that a copy was mailed to "defendant's/respondent's last known address," without specifying an address. *Id*. Ms. Watkins did not receive the Summons and Complaint by mail.

### The Order to Show Cause Documented Hussein's Contradictory Affidavits and History of Sewer Service

37.     The Order to Show Cause documented Hussein's pattern of contradictory affidavits and demonstrated a history of sewer service.

38.     As discussed above, at 6:12 AM on April 7, 2023, four minutes before Hussein's alleged service on Isaiah Watkins at 144-78 178th Street, Jamaica, NY 11434, he served another individual, Richard Walburg, by leaving the Summons and Complaint with Jennifer Walburg at 172- 14 133rd Avenue, Apt 9A, Jamaica, NY 11434. Ex. D (Affidavit of Service for Index No. 5137/2023) to Ex. E (Order to Show Cause).

39.     Traveling between 172-14 133rd Avenue, Jamaica, NY 11434 and 144-78 178th Street, Jamaica, NY 11434 takes about a half hour. Ex. E (Google Maps printout 1) to Ex. E (Order to Show Cause). This means it is impossible for Hussein to have performed process as sworn to in his affidavits.

40.     At 6:29 AM that same day, thirteen minutes after the alleged service on Isaiah Watkins, Hussein allegedly performed service on defendant Kevin Campbell by leaving a Summons and Complaint with Brenda Campbell at 9029 139th Street, Jamaica, NY 11435. Ex. F (Affidavit of Service for Index No. 5135/2023) to Ex. E (Order to Show Cause).

10

41.     Like the attempt on Ms. Watkins, service as described on Kevin Campbell is not possible, traveling between 144-78 178th Street, Jamaica, NY 11434 and 9029 139th Street, Jamaica, NY 11435 alone takes about eighteen minutes. Ex. G (Google Maps printout 2) to Ex. E (Order to Show Cause).  This only accounts for driving time and does not account for the time it would have taken Hussein to leave Ms. Watkins's address, walk to his car, fill out his logbook, find the new address, find parking, leave his car, and walk to the next address.  Like the other attempts described, it is impossible that Hussein was able to do all this in less time than it takes to travel between the two locations.

42.     All three defendants were allegedly served by substitute service on an alleged relative who shares the same last name, a pattern pervasive across Hussein's service attempts.

43.     Hussein's other Affidavits of Service repeat the same pattern of questionable service times and methods.

44.     On March 18, 2023, for example, Hussein allegedly served ten individuals in Queens in quick succession within the span of an hour and a half: at 5:38 AM, 6:01 AM, 6:06 AM, 6:08 AM, 6:14 AM, 6:20 AM, 6:38 AM, 6:47 AM, 6:50 AM, 7:07 AM. Ex. H (March 18, 2023 Affidavits of Service) to Ex. E (Order to Show Cause). Two of these service attempts, one at 6:06 AM and another at 6:08 AM, take place a mere two minutes apart and are located in two different buildings. *Id.*  All ten instances of service were allegedly completed by substitute service. Eight of the ten were served on individuals with the same last name as the defendant, and the other two were John or Jane Doe. *Id.*

45.     On the morning of March 21, 2023, process server Hussein served another ten individuals in Queens at: 6:00 AM, 6:07 AM, 6:09 AM, 6:14 AM, 6:21 AM, 6:33 AM, 6:38 AM, 10:03 AM, 10:16 AM, 11:00 AM. Ex. I (March 21, 2023 Affidavits of Service) to Ex. E (Order to

Show Cause).  As with all his other attempts, he allegedly completed substitute service on all ten. *Id*.  All ten individuals who he allegedly served shared the same last name as the named defendant. *Id*.

46.    On the morning of April 3, 3023, Hussein allegedly served nine individuals in Queens in less than one hour at: 8:44 AM, 8:48 AM, 8:56 AM, 9:00 AM, 9:07 AM, 9:13 AM, 9:19 AM, 9:30 AM, 9:38 AM. Ex. J (April 3, 2025 Affidavits of Service) to Ex. E (Order to Show Cause). As with the prior days, he alleged substitute service on all nine attempts. *Id*.  Seven of the nine were served on individuals with the same last name as the defendant, and the other two were John or Jane Doe. *Id*.

47.    On January 18, 2024, the Legal Aid Society submitted a Traverse Report Form for Legal Advocates to the New York City Department of Consumer and Worker Protection, f/k/a Department of Consumer Affairs, complaining that process server Hussein had alleged substitute service on a non-existent person in *Capital One Bank (USA) N.A. v. Dornella Nedd*, Index No. CV-29065-21/QU. See Ex. K (stating that Hussein had alleged substitute service on a "Keshawn Nedd" in a case against Dornella Nedd, but that Keshawn Nedd was a made-up person) to Ex. E (Order to Show Cause).

### *Malen Doubles Down and Opposes the Order to Show Cause Despite Overwhelming Proof That the Affidavit of Service Was False*

48.    Counsels appeared at the Monday April 7, 2025 hearing on the Order to Show Cause.  One the return date, Malen submitted opposition and the matter was adjourned to April 21, 2025.

49.    Despite the overwhelming evidence of sewer in the Order to Show Cause, including the affidavits that show the attempt on Ms. Watkins was impossible, Malen opposed by filing a boilerplate argument, asserting that Mr. Hussein's false affidavit of service was all the evidence

they needed to prove service and that Ms. Watkins request should be denied. Ex. F (Malen Opposition). Bewilderingly, the Opposition claimed that Ms. Watkins "failed to specifically refute the contents of the Affidavit of Service" and ignored the affidavits submitted as evidence in support of the Order to Show Cause. *Id*.

50.     Malen either failed to perform the necessary meaningful review that would have revealed the Affidavit of Service was physically impossible and claimed substitute service on a nonexistent person, or it did perform such a review and made the statements in the Opposition aware of their falsity. If nothing else, in relying upon the false affidavit of Hussein in the Opposition to the Order to Show Cause, Malen ratified the sewer service, and attempted to retain the benefits obtained through that false affidavit: the default judgment.

51.     On April 18, 2025, Ms. Watkins filed a Reply noting that Malen's Opposition did not address, much less challenge, the overwhelming evidence of sewer service. Ex. G (April 18, 2025 Reply).

52.     On the return date, April 21, 2025, the counsel for Malen refused to argue the motion stating, given the evidence, he could not do so in good faith. Despite this, Malen would not agree to the relief sought in the Order to Show Cause, further ratifying the misconduct of using the false affidavit of service to obtain the default judgment.

53.     The next day, April 22, 2025, the Court issued an Order granting the Order to Show Cause in that it found that Ms. Watkins had provided sufficient evidence to refute the assertions of service in the affidavit of service, and set the matter down for a traverse hearing for June 3, 2025.

**Malen Triples Down By Forcing Watkins to Prepare for Traverse Hearing Despite Overwhelming Evidence of Sewer Service**

54.     In preparation for this hearing, on May 14, 2025 CAMBA issued and paid to serve

13

a subpoena on Hussein for his electronic logbook reflecting his service of process for the period beginning October 1, 2022 and ending September 30, 2023. Ex. H (May 14, 2025 subpoena).

55.     In response to this subpoena, on May 28, 2025, Hussein provided the subpoenaed records in the form of an Excel spreadsheet listing information in the putative service in 3,525 lawsuits.

56.     While engaging in extensive preparation for the hearing, and given the clear-cut evidence of improper service, CAMBA repeatedly reached out to Malen to confirm that they would be going forward. Malen repeatedly confirmed that they were, in email exchanges throughout the final two weeks of May. In fact, Malen and CAMBA engaged in pre-hearing discussions regarding evidentiary issues and CAMBA's subpoena to the process server.

57.     On May 20, Malen attorney Adam Hughes, the attorney who signed the Complaint, the Application for Default Judgment, and the Opposition, sought to speak with CAMBA about the case regarding the subpoena to the process server, and on the next day CAMBA spoke with Hughes as representative of Malen. After this discussion, Malen still did not discontinue the case, despite being on notice as to the strength of Ms. Watkins's evidence and her intention of fighting the case. Hughes spoke with Ms. Watkins's CAMBA attorney again on May 27 and again refused to discontinue the case. On May 29 and 30, CAMBA subsequently informed Hughes of the evidence they intended to introduce at the traverse hearing. It was only on the eve of the hearing that Malen agreed to discontinue the case the next day.

58.     As a result, Ms. Watkins again incurred damages by having to travel from Queens to CAMBA's office in Brooklyn solely for the purpose of preparing for the traverse hearing. Because of her age and vision issues, Ms. Watkins had to pay to have friends drive her to the office and back home, as she did when she came in to draft and sign her affidavit in support of her order

14

to show cause.

59.     Only on the afternoon before the day of the hearing did Malen agree to stipulate to vacate the judgment and discontinue the action.

### *Allied's Own Records Reveal Systematic Facially Impossible Service By Its Process Server, Hussein*

60.     The electronic records of service that Hussein produced on May 28, 2025 in response to the subpoena documented "service" by Hussein specifically for Allied in 3,525 cases from October 3, 2022 through September 25, 2023.

61.     While these records were provided by Hussein (after communication and coordination with Malen in regards to CAMBA's subpoena), every single one of the 3,525 attempts at service contained in these records was made on behalf of Allied Process Service, the d/b/a name of A & F. Additionally, according to Hussein's own email, he needed "the agency to approve the release" and this caused a delay in his production of the records. "The agency"—Allied—controls these records and causes them to be made.

62.     This spreadsheet demonstrates, on its face, the impossibility of service by Hussein.

63.     First and foremost, the records claim that in all 3,525 lawsuits, Hussein was able to perform service on the first attempt every time; and that service was made on a person of suitable age and discretion every time.

64.     This means that in Hussein's 3,525 attempts of service, he never made an attempt where no one was home, and never made an attempt where the defendant was home. Instead, all 3,525 times, he found someone who was not the defendant who was able to accept service.

65.     Additionally, the times of service were absurd. The vast majority—2,715 out of 3,525, more than 77%—of Hussein's service occurred between the hours of 6 AM and 7 AM each day, and 3,436 of 3,525, more than 97%, occurred before noon.

66.     And that is just on the face of the spreadsheet. A closer look at the times and locations of service on the spreadsheet further demonstrates the impossibility of service.

67.     For example, on April 11, 2023, beginning at 6:00:03 AM and ending at 6:41:22 AM, Hussein claims to have served 35 defendants in the sprawling, multi-block, multi-building Flatbush Gardens complex (formerly Vanderveer Estates) in 41 minutes, supposedly serving a new defendant every one minute and eleven seconds.

68.     For this to be true, in each instance of service, Hussein would have had to have traveled to the correct apartment, often in a different building and/or on a different floor from the previous apartment served; knocked on the door; waited for someone to come to the door; had a brief conversation with the person answering the door (who in every instance is not the defendant) in which he assessed that they were of suitable age and discretion; left papers with the person answering the door; and made his logbook entry, all in one minute and eleven seconds.

69.     On April 12, beginning at 6:00:01 AM and ending at 6:34:15 AM, Hussein claims to have served 26 defendants in the Flatbush Gardens complex in 34 minutes, supposedly serving a new defendant every one minute and nineteen seconds.

70.     On April 13, beginning at 6:00:42 AM and ending at 6:39:27 AM, Hussein claims to have served 37 defendants in the Flatbush Gardens complex in 39 minutes, supposedly serving a new defendant every one minute and three seconds.

71.     According to the same records, Hussein is a prolific server of process specifically on behalf of Malen & Associates and Capital One. Between October 3, 2022 and September 25, 2023, Hussein claims to have made more than 2,000 attempts at service on defendants being sued by Capital One.

72.     While Capital One uses other law firms in addition to Malen & Associates, Hussein

16

appears to primarily work with Malen when serving on Capital One's behalf. According to his own records, Capital One cases accounted for a majority of Hussein's attempts at service between October 3, 2022, and September 25, 2023, and based on an eCourts search of a sample of more than 50 randomly-chosen Capital One cases listed in Hussein's records across the 12-month period, Malen & Associates is the law firm of record in every single one.

73.     It would be impossible for Malen to employ Hussein's services as a process server as frequently as it has without becoming aware of his blatant patterns of fraudulent service. When a law firm employs the services of a process server, they do not become disengaged from the question of when, where, and how the documents are served. An affidavit of service for a summons and complaint initiating a case is not simply a ministerial document, but central to the prosecution of any lawsuit because service establishes personal jurisdiction. A law firm cannot proceed with a case until service of a summons and complaint has been affected. A lawyer prosecuting a lawsuit must examine an affidavit of service to determine when an answer should be expected and if and when a proposed default judgment can be sought. Indeed, the date of service determines the trajectory of the case, and the affidavit of service becomes an exhibit in future filings. Malen cannot claim to have effectively prosecuted any of the thousands of cases they employed Hussein's services on and claim to be ignorant of the fraudulent contents of the affidavits of service or the implausible and impossible patterns of service they swear to.

74.     Nevertheless, Hussein continued to work as a process server, including for Allied, and served process on cases for Capital One and for Malen & Associates, throughout at least September 25, 2023, according to the spreadsheet.

***Malen and Capital One Had Notice of Hussein's Sewer Service Prior to Watkins' Order to Show Cause***

75.     Before Ms. Watkins's March 6, 2025, Order to Show Cause and Malen's subsequent April 4, 2025, Opposition on behalf of Capital One, Malen and Capital One had notice of Hussein's improper service brought to their attention via Orders to Show Cause filed by other Capital One defendants that allege defects in service of the same type as experienced by Ms. Watkins and shown through the Spreadsheet.

76.     This shows Malen was on notice of Hussein's bad conduct. Malen's non-responsive boilerplate Oppositions, asserting affidavits of service are prima facie evidence of proper service and failing to rebut various defendants' specific allegations of fraudulent service, that were filed in response, show a continued willfulness in attempting to retain fraudulently obtained judgments.

77.     For example, in the case *Capital One, N.A. v. Sergey Izbash*, CV-027450-21/KI, defendant Sergey Izbash filed an order to show cause alleging failure of service on August 28, 2024, and Malen promptly filed a boilerplate opposition substantially identical in all material respects to the one against Ms. Watkins. According to a later supplemental affidavit filed by Mr. Izbash, once Mr. Izbash received access to the court file, some time after the filing of his OSC, he reviewed Hussein's affidavit of service and found that Hussein claimed to have served a nonexistent female relative, "Victoria Izbash"; Mr. Izbash swore in his affidavit that he did not live with or provide apartment access to any women fitting the description given and that all of his relatives were in Russia, not the United States. After a traverse hearing was granted on December 16, 2024, Mr. Izbash, who acknowledged the debt, settled with Capital One in February 2025.

78.     Similarly, in the case *Capital One, N.A. v. Irina Mednik*, CV-020579-21/KI, defendant Irina Mednik discovered the case against her from an unrelated eCourts search and filed a pro se answer; the case then stalled for two years before Malen moved for a judgment in 2023, at which time Ms. Mednik obtained the assistance of a legal services organization and filed a

Motion to Dismiss rebutting Hussein's affidavit of service in detail on June 17, 2024. In support of her Motion to Dismiss, Ms. Mednik explained that at the time of Hussein's alleged service via substitute service on a "Richard Mednik", she would have been home either sleeping or getting her daughter ready for elementary school; that none of the men in her household bore the first name Richard nor the last name Mednik; that none of the men in her household fit the description given; and that given the layout of her unit and the neighboring unit inhabited by her in-laws, any attempt at service at 6:27 AM would have likely disturbed Ms. Mednik's in-laws in the neighboring unit. After receiving Ms. Mednik's detailed refutation of their alleged service, Malen did not dismiss, discontinue, or settle the case. Instead, they forced Ms. Mednik to come to court again and again, only to adjourn each hearing, needlessly forcing Ms. Mednik to come to court on July 9, 2024, December 2, 2024, March 17, 2025, and May 13, 2025, before finally participating in the *fifth* hearing scheduled on Ms. Mednik's Motion to Dismiss on June 30, 2025, at which the motion was finally granted and the case dismissed.

79.    In the case *Capital One, N.A. v. Dornella Nedd*, CV-029065-21/QU, discussed elsewhere herein, defendant Dornella Nedd filed an Order to Show Cause on August 28, 2024, with the assistance of the Legal Aid Society, likewise refuting Hussein's affidavit of service in detail. Ms. Nedd's affidavit states that the person allegedly served, "Keshawn Nedd", does not bear the name nor meet the description of anyone Ms. Nedd lives with or otherwise knows.

80.    In other words, on at least three separate occasions *prior* to their efforts to collect from Ms. Watkins using the fraudulently-obtained default judgment, Malen and Capital One received detailed written notice of fatal defects in Hussein's service in other cases—defects indicative of fraud. On all three occasions, just as with Ms. Watkins, Malen and Capital One continued to attempt to collect using the fraudulent affidavits of service for months or even years.

81.     By the time Malen and Capital One moved to enforce the fraudulently-obtained default judgment against Ms. Watkins, Malen and Capital One knew or should have known about the persistent fraudulent conduct of their chosen process server, conduct which they ratified and sought to profit from by seeking to collect from consumer defendants across New York City using Hussein's fraudulent affidavits of service.

### *The Collection Lawsuit Caused Ms. Watkins Significant Emotional Distress Damages, Forced Her to Incur Travel Expenses and Lost Time to Fight the Default Judgment, and Resulted in the Seizure and Conversion of Her Funds*

82.     Upon learning of the lawsuit from her CAMBA attorney, Ms. Watkins was shocked and aggravated, but she resolved to fight the lawsuit.

83.     Ms. Watkins is retired and living on a fixed income. The prospect of a large money judgment against her caused a significant deal of stress.

84.     Ms. Watkins lives alone and does not have nearby family to support her.

85.     Ms. Watkins is disabled and struggles with her hearing and vision. Stress causes her vision troubles in particular to flare up, limiting her eyesight and making her vision cloudy.

86.     From the moment she found out about the Queens County Civil Court collection lawsuit, Ms. Watkins felt powerless, and confused because nobody had notified her prior to her CAMBA attorney.

87.     Whenever she was reminded of the lawsuit, Ms. Watkins became stressed and began to lose focus in her daily tasks. The stress of the lawsuit affected Ms. Watkins's ability to keep her home orderly and attend to other needs.

88.     Whenever she was reminded of the lawsuit, Ms. Watkins struggled to fall asleep and stay asleep.

89.     As the June 3, 2025 date of a traverse hearing in the collection lawsuit approached,

Ms. Watkins had consistent trouble sleeping and her vision suffered from the stress.

90.     Ms. Watkins was fearful of a garnishment or a bank levy, and knew this was a possibility now that there was a judgment against her.

91.     Ms. Watkins does not have a car and relied on the help of friends to travel from Queens to CAMBA's office in Brooklyn.

92.     Ms. Watkins paid a friend $30 to drive her from her home in Queens to CAMBA's office in Brooklyn for the sole reason of executing documents in support of the Order to Show Cause that was filed to vacate the sewer service judgment. Ms. Watkins paid a different friend $15 to drive her back home.

93.     Ms. Watkins also incurred similar travel expenses traveling to the CAMBA office solely for the purpose of preparing for the hearing—a hearing which would have never been necessary if Malen had not filed a false affidavit of service to obtain a fraudulent judgment, or if they had agreed to discontinue the case prior to the afternoon before the traverse hearing given the overwhelming evidence of sewer service.

94.     Malen contends that in September or October of 2025, it used the (fraudulent) default judgment for a marshal to seize Ms. Watkin's unclaimed funds held in trust for her by the New York State Comptroller's Office.

95.     The June 3, 2025 So Ordered Stipulation to Vacate and Discontinue stated "any monies taken from Defendant are to be returned forthwith." Ex. I (So Ordered Stipulation to Vacate and Discontinue).

96.     Malen mailed a check of $269.06 with a cover letter dated July 3, 2025 tersely stating, "Enclosed please find a copy of: Refund Check." Ex. J (Letter and Refund Check). Apparently, this represents the share of the seized funds that were received by Malen and Capital

One. However, given that there was no check from the marshal, on information and belief, the marshal's fee has not been returned.

97.     As discussed in the Conversion section below, Malen obtained the default judgment by making a misrepresentation to the issuing authority, the New York City Civil Court, that Ms. Watkins had been served. As a result, any money obtained by use of the fraudulent judgment constitutes conversion in the first instance, irrespective of whether the judgment is eventually vacated.

### FIRST CAUSE OF ACTION
Violation of the FDCPA, 15 U.S.C. §§ 1692e 1692f
*Against Malen, Hussein, and Allied*

98.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

99.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); see also *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

100.    Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." *See* S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of

sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

101.    The obligation alleged to be owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because they were charges made on card were for personal, family, or household purposes.

102.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Plaintiff was alleged to owe a "debt" as defined by 15 U.S.C. § 1692a(5).

103.    For the reasons set forth in the "Parties" section of this Complaint, Malen, Hussein and Allied are each a "debt collector" as defined in 15 U.S.C. § 1692a(6).

104.    Malen, Hussein, and Allied violated the following sections of the FDCPA: 15 U.S.C. §§ 1692e and 1692f.  By way of example and not limitation Defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; falsely representing or implying that a communication is from an attorney (as to Malen only); threatening to take and actually taking an action prohibited by law; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

105.    As a direct and proximate result of the violations of Malen, Hussein, and Allied, Plaintiff has suffered damages, including, *inter alia*, significant emotional distress,

embarrassment, humiliation, and travel costs.

106.    The injuries inflicted on Plaintiff by Malen, Hussein, and Allied are concrete and particular, and these injuries have a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts.

107.    Plaintiff suffered economic injuries that historically has provided a basis for lawsuits in American courts, including but not limited to out-of-pocket expenses for travel costs.

108.    Plaintiff's injuries are analogous to, *inter alia*, the following common law claims: negligence, conversion, invasion of privacy, intrusion upon seclusion, and abuse of process.

**SECOND CAUSE OF ACTION**
Violation of N.Y. Gen. Bus. L. § 349
*Against All Defendants*

109.    New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state."

110.    An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such action." N.Y. Gen. Bus. Law § 349(h).

111.    Defendants violated N.Y. Gen. Bus. Law § 349 *et seq.* by using consumer-oriented deceptive acts and practices in the conduct of their businesses.

112.    As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 *et seq*, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual, treble, exemplary, and punitive damages, together with costs and attorney's fees.   Plaintiff's injuries are analogous to, inter alia, the following common law claims: negligence, conversion, invasion of privacy, intrusion upon seclusion, and abuse of process.

### THIRD CAUSE OF ACTION
Violation of Judiciary Law § 487
*Against Malen*

113.     An attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is owes treble damages to a party injured by such deceit or collusion. Judiciary Law § 487.

114.     Malen violated Judiciary Law § 487 by filing a false affidavit of service with the intent to deceive the court that Ms. Watkins was actually served. Based on Malen's false representation to the issuing authority, the Court, the Court issued a sewer service default judgment. Malen's conduct inflicted economic injury and emotional distress on Ms. Watkins.

115.     Plaintiff's injuries are analogous to, *inter alia*, the following common law claims: negligence, conversion, invasion of privacy, intrusion upon seclusion, and abuse of process.

### FOURTH CAUSE OF ACTION
Violation of N.Y.C. Admin. Code § 20-409.2
*Against Hussein and Allied*

116.     Under New York City Administrative Code § 20-409.2, "[a]ny person injured by the failure of a process server to act in accordance with the laws and rules governing service of process in New York state" has "a cause of action against such process server and process serving agency, which distributed or assigned process for service." Injured individuals may recover compensatory damages, punitive damages for willful failure to service process, injunctive and declaratory relief, costs, and attorneys' fees. *Id.*

117.     Defendants Hussein and Allied violated New York City Administrative Code § 20-409.2 by failing to act in accordance with the laws and rules governing service of process in New York. Defendants' violations include but are not limited to:

- Failing to lawfully effectuate service of process; and

- Preparing, signing, and notarizing, a false affidavit of service to be filed and used to support an application for default judgment

118. The failure to serve process of Hussein and Allied was willful.

119. As a direct and proximate result of these violations of New York City Administrative Code § 20-409.2, Plaintiff has suffered and continue to suffer compensable harm and is entitled to recover compensatory and punitive damages, costs, and attorneys' fees. Plaintiff's injuries are analogous to, *inter alia*, the following common law claims: negligence, conversion, invasion of privacy, intrusion upon seclusion, and abuse of process.

**FIFTH CAUSE OF ACTION**
Conversion
*Against Malen and Capital One*

120. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

121. The elements of conversion in New York State include: 1) having a possessory interest in property; and 2) having the possessory interest taken or interfered with by another in a manner that is contrary to the possessor's rights.

122. Property subject to conversion includes unclaimed funds held in trust by the New York Comptroller for the benefit of Ms. Watkins.

123. According to Malen, it forwarded the default judgment in September or October 2024, to a marshal to seize unclaimed funds held in trust by the New York Comptroller for the benefit of Ms. Watkins.

124. Malen knew or had reason to know that the affidavits of service executed by Hussein were false, including as to Ms. Watkins.

125. Nevertheless, Malen used the known false affidavit of service to obtain a fraudulent default judgment against Ms. Watkins. As such, Malen procured the default judgment by means

of an intentional misrepresentation to this issuing authority, here a false representation to the civil court.

126.    "Although in general '[o]ne is privileged to commit acts which would otherwise be a trespass to a chattel or a conversion when he acts pursuant to a court order which is valid or fair on its face,' the actor has no such privilege when he has procured the order by means of an intentional misrepresentation to the issuing authority." *Calamia v. City of New York*, 879 F.2d 1025, 1031 (2d Cir. 1989) (*quoting* Restatement (Second) of Torts § 266 (1965)). *See also Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 371 (S.D.N.Y. 2014) (using a false affidavit of service to obtain a default judgment and then using that judgment to have a marshal seize funds subjects debt collection law firm to conversion even without the vacating of the default judgment) *citing Calamia*, 879 F.2d at 1031.

127.    Malen's improper seizure of Ms. Watkins's money held in trust by the New York Comptroller interfered with Plaintiff's rights to control her own property and constitutes conversion in the first instance, regardless of if or when the judgment is vacated.

128.    For the reasons stated in the statement of facts and above, Malen's conduct was gross, wanton or deliberate and demonstrates a high degree of moral culpability. The conduct demonstrates malice, insult, and/or willful or reckless disregard of Plaintiff's rights, or other aggravated acts. Malen's conduct evidences a high degree of moral culpability, or is so flagrant as to transcend mere carelessness, or constitutes willful or wanton negligence or recklessness to justify a punitive damage award.

129.    For these reasons, Plaintiff is entitled to punitive damages, in addition to actual damages. Actual damages include, *inter alia*, the loss of use of money for the period Malen wrongfully exercised dominion and control over Plaintiff's funds, and consequential damages

resulting therefrom.

## SIXTH AND SEVENTH CAUSES OF ACTION
### Negligence *Per Se* and Gross Negligence
#### *Against all Defendants*

130.    Defendants, as debt collectors, process servers and creditors collecting on their own debts, owed Ms. Watkins a duty of reasonable care in their debt collection efforts.

131.    Defendants' failure to exercise even slight care or diligence amounts to gross negligence.

132.    Hussein actively shirked his duty of reasonable care by intentionally fabricating the affidavit of service in Ms. Watkins's case.

133.    Malen is well aware of Allied's use of Hussein as a process server. Malen and Allied are both well aware of Hussein's history of sewer service. Capital One knows, or is charged with the knowledge of, its agent Malen, and of Hussein's history of sewer service.

134.    Had Defendant Malen and/or Allied made even the smallest effort to review affidavits of service submitted by Hussein, they would have seen that process could not have been served in the manner Hussein alleged. They would not have filed those affidavits and/or would have ceased distributing process to him.

135.    Malen, on its own behalf and on behalf of its client Capital One, could have contracted service in Ms. Watkins's case to another process serving agency or process server, or Allied could have contracted service to another process server. Ms. Watkins would have received proper notice of the lawsuit and complete information about the claim against her.

136.    Once Malen received Ms. Watkins's motion to dismiss, it should have seen that the court lacked jurisdiction because Hussein's affidavit of service was false. It should have promptly consented to discontinuing the lawsuit.

137.    Allied's negligent selection, hiring, training, supervising, and use of Hussein to serve process on Ms. Watkins and others was not a one-off mistake. Allied's entire practice of hiring and using of process servers is, at minimum, negligent for failing to investigate or outright ignoring the history of misconduct of the process servers. Allied's practice of notarizing and submitting affidavits of service that are false is also at minimum negligent for failing to review or ignoring affidavits of service detailing impossible attempts at service.

138.    As a result of Defendants' actions, Ms. Watkins was injured.

139.    In addition, Defendants' actions evince a reckless disregard for the rights of others and smack of intentional wrongdoing.

140.    Defendants' conduct was part of a broader pattern of misconduct aimed at the public in general.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

a.    A declaration that all Defendants have committed the violations of law alleged in this action;

b. Statutory damages;

c. Reasonable attorney's fees and costs;

d. Actual damages;

e. Compensatory damages;

f. Treble damages;

g. Exemplary and punitive damages;

h. An order, pursuant to GBL 349(h) and N.Y.C. Admin. Code § 20-409.2, enjoining and directing Defendants to cease violating those statutes;

i. Prejudgment and post judgment interest as allowed by law;

Last saved: 8/1/2025 5:16 PM

j. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Dated: August 1, 2025

Respectfully submitted,

LAW OFFICE OF AHMAD KESHAVARZ

By: _____/s/   Ahmad Keshavarz_____

Ahmad Keshavarz, Esq.
16 Court St., Suite 2600
Brooklyn, NY 11241
Phone: (718) 522-7900
ahmad@NewYorkConsumerAttorney.com

CAMBA LEGAL SERVICES, INC.

By: _____/s/ Matthew Schedler_____

Matthew Schedler, Of Counsel
Elizabeth Miller, General Counsel
20 Snyder Ave.
Brooklyn, NY 11226
Phone: (718) 940-6311
Pooja.Patel@CAMBA.ORG
MatthewSc@camba.org

Alli

# C O N S U M E R  C R E D I T  T R A N S A C T I O N
## IMPORTANT!! YOU ARE BEING SUED!!!!

### T H I S  I S  A  C O U R T  P A P E R - A  S U M M O N S

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE T PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS T THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!**

CIVIL COURT OF THE CITY OF NEW YORK                    SUMMONS
COUNTY OF QUEENS                                                        **005138**
-------------------------------------------
CAPITAL ONE, N.A.

                                                              Index No.:
                                                              File No. 0808M 409795
                                                              Client Acct No: XXXXXXXXXXXXX0495

                    Plaintiff
              -against-

LORETTA WATKINS

                                    COPY

                    Defendant(s)
-------------------------------------------

              The basis of venue designated is: County in which defendant(s) resides
                    11418 178TH ST JAMAICA NY 11434-1408

                                    Plaintiff's Address:
                                    15000 Capital One Drive
                                    Richmond, VA 23238

To the above named defendant(s)
    YOU ARE HEREBY SUMMONED and required to appear in the Civil Court of the City of New York, County of QUEENS    at the office of the Clerk of the said Court at: 89-17 Sutphin Boulevard Jamaica, NY 11435-3710 in the County of QUEENS        City and State of New York, within the time provided by law as noted below and to file your answer to the complaint with the Clerk: upon your failure to answer, judgment will be taken against you for the sum of $ 14725.22    together with statutory costs and disbursements of this action.

Mar 21, 2023            

MALEN & ASSOCIATES, P.C.
Attorneys for Plaintiff
123 Frost Street, Suite 203
Westbury, New York 11590
(516) 334-3500  Ext: 5905         Adam Hughes, Nicholas Templeton, Dana Arrick

New York City Department of Consumer Affairs License: 2046078-DCA
NOTE: The law provides that: (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

This is an attempt to collect a debt, any information obtained will be used for that purpose.
We are a Debt Collector.

## TRANSACCION DE CREDITO DEL CONSUMIDOR
### !IMPORTANTE! !UD. HA SIDA DEMANDADO!

## ESTE ES UN DOCUMENTO LEGAL- UNA CITACION

**!NO LA BOTE! CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). !SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES,(PROPIEDAD) Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OT LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTTE INMEDIATAMENTE. !VENGA EN PERSONA Y E SECRETARIO DE LA CORTE LE AYUDARA!**

CORTE CIVIL DE LA CIUDAD DE NUEVA YORK                    .            CITACION
CONDADO DE QUEENS                                    No. de epigrafe
--------------------------------------------

CAPITAL ONE, N.A.

       Demandante

La razon de haber designado est corte es: County in which defendant(s) resides
  against
LORETTA WATKINS

       Demandado
--------------------------------------------
Residencia del Demandante Direccion:
15000 Capital One Drive
Richmond, VA 23238
Al demandado arriba mencionado:
     USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Conado de QUEENS     a la oficina del Jefe Principal de dicha Corte en 89-17 Sutphin Boulevard Jamaica, NY 11435-3710 en el Condado de QUEENS     Ciudad y Estado de Nueva York
dentro del tiempo provisto por la ley segun abajo indicado y a presentar su respuesta a la demanda a la Jefe de la Corte si usted no comparece a contestar, se rendira sentencia contra usted en la suma de 14725.22
incluyendo las costa y desembolsos estatutarios de esta causa.

Mar 21, 2023

    MALEN & ASSOCIATES, P.C.    Abogado(s) del
Direccion   123 FROST STREET, SUITE 203   Demandante
    &     WESTBURY, NEW YORK 11590
Telefone    (516) 334-3500 Ext: 5905
New York City Department of Consumer Affairs License: 2046078-DCA

NOTA: La Ley provee que: (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de VEINTE dias despues de la entrega; o (b) Si esta citacion es entregada a otra persona que no fuera usted personalment, o si fuera entregada afuera de la Ciudad de Nueva York, o por medio de publicacion, o por otros medios que no fueran entraga personal a usted en la Ciudad de Nueva York, usted tiene TREINTA dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.

CIVIL COURT OF THE CITY OF NEW YORK          INDEX #:
COUNTY OF QUEENS
-------------------------------------------X          OUR FILE #: 0808M -409795
CAPITAL ONE. N.A.

   Plaintiff,    COMPLAINT
   -against-
LORETTA WATKINS

        Plaintiff's Address:
 Defendant(s)   15000 Capital One Drive
-------------------------------------------X Richmond, VA 23238

PLAINTIFF BY ITS ATTORNEYS, MALEN & ASSOCIATES, P.C. COMPLAINING OF the Defendant(s),
allege(s) upon information and belief:

 1. Plaintiff is a National Banking Association and is the Original Creditor.
  Capital One, N.A. is the successor by merger to Capital One Bank (USA), N.A.

  Upon information and belief Plaintiff is not required to be licensed by the New York City Department of
  Consumer Affairs.
 2. Defendant LORETTA WATKINS resides or has its principal place of
  business at: 11418 178TH ST JAMAICA NY 11434-1408

 3. Upon Information and belief the transaction of business occurred within QUEENS County.

 4. CAUSE OF ACTION NUMBER ONE:
  Defendant(s) executed an agreement wherein Plaintiff agreed to extend credit or cash advance on a revolving basis which
  credit or advance was to be paid in monthly installments. There remains due and owing the sum of $14725.22.

 Account number ending in: XXXXXXXXXXXX0495 Card Type: QUICKSILVER

 5. That no portion of the aforementioned sum has been paid, although duly demanded.

 Plaintiff expressly disclaims any right to attorney fees that it may have.

 Total amount due of debt at Charge-Off: $ 14725.22
 Total amount of Interest acrrued since Charge-Off: None
 Total amount of Non-Interest charges or fees accrued since Charge-Off: None
 Total amount credited since Charge-Off: $ .00

 Date of last payment: 06/02/22 Amount of last payment: $ 400.00

 The Account Balance printed on the most recent monthly statement recording a purchase
 last payment or balance transfer: $ 13274.57

 WHEREFORE Plaintiff demands judgment against Defendant(s) in the sum of $14725.22 on the first cause of action;
together with statutory costs and disbursements.

DATED: Mar 21. 2023
 Westbury, New York

MALEN & ASSOCIATES, p.c.
Attorneys for Plaintiff
123 Frost Street, Suite 203
Westbury, N.Y. 11590
(516) 334-3500 Extension: 5905

(Adam Hughes, Nicholas Templeton, Dana Arrick)

This is an attempt to collect a debt. Any information obtained will be
used for that purpose. We are a Debt Collector.

New York City Department of Consumer Affairs License: 2046078-DCA



CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

| | |
|---|---|
| CAPITAL ONE, N.A. | Index # 5138/23 |
| | Filing Date: 3/24/2023 |
| **Plaintiff/Petitioner** | |
| | **MALEN & ASSOCIATES PC** |
| - against - | **123 FROST ST** |
| LORETTA WATKINS (409795) | **WESTBURY, NY 11590** |
| | **(172758)** |
| **Defendant/Respondent** | **CCT** |

Index number and date of filing appeared on summons and complaint when served.

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/7/2023 AT 6:16 AM at 11418 178TH ST, JAMAICA 11434-1408, N.Y. deponent served the within SUMMONS & COMPLAINT on LORETTA WATKINS defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with ISAIAH WATKINS a person of suitable age and discretion at 11418 178TH ST, JAMAICA 11434-1408, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/18/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 20    Approx. Weight: 165    Approx. Height: 5'9"    Sex: Male    Skin: Black    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/25/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

_____
Notary Public

HASHEM HUSSEIN #2104147

QUEENS LIVE COPY FILED MAY 3, 2023

CIVIL COURT OF THE CITY OF NEW YORK                    Index No: 5138/23
County of QUEENS                                       Account No:
--------------------------------------------x         Our File No.: 0808M 409795
CAPITAL ONE, N.A.
                                                       JUDGMENT
                                    Plaintiff,
              -against-                                Plaintiff's Address:
LORETTA WATKINS                                        15000 Capital One Drive
                                                       Richmond, VA 23238
                                    Defendant(s)
--------------------------------------------x
Amount Claimed in Complaint (less credits of $     .00  ).$ 14725.22
Attorney Fees (Waived in the amount of $     .00  ).......$      .00
Interest from Date of Complaint (Waived     )..............$     .00
TOTAL.........................................................$ 14725.22
Costs by Statute..............................................$      .00
Service of Summons and Complaint..............................$    25.00
Filing of Summons and Complaint...............................$   140.00
Prospective Execution Fees....................................$      .00
Military Service Affidavit....................................$      .00
TOTAL COSTS...................................................$   165.00
TOTAL JUDGMENT AMOUNT.........................................$ 14890.22
ATTORNEY'S AFFIRMATION-STATE OF NEW YORK -COUNTY OF NASSAU
The undersigned Attorney at Law of New York State, affirms the following to be
true under the penalties of perjury:
    The Defendant(s) have failed to answer or appear and the time to
do so having expired, Plaintiff is entitled to judgment by default.  The
disbursements herein specified have been or will necessarily be incurred and are
reasonable in amount. Pursuant to affidavits of service on file herein, deponent
alleges that Defendant(s) are not in the military service.
    A copy of the summons was mailed to Defendant(s) by first class mail
postage paid (CPLR 3215) on 05/04/23 which is at least 20 days prior to the
entry of the judgment. The summons was sent to Defendant(s) place of residence
in an envelope bearing the legend "personal & confidential" and not indicating
on the outside of the envelope that the communication was from an attorney
or that it concerned an alleged debt.
ACCOUNT STATED WAIVED UNCONDITIONALLY.
Dated: 06/14/23

                                    Adam Hughes, Nicholas Templeton, Dana Arrick

JUDGMENT rendered in favor of Plaintiff:
CAPITAL ONE, N.A.
15000 Capital One Drive
Richmond, VA 23238
against the following Defendant(s):
LORETTA WATKINS 11418 178TH ST JAMAICA NY 11434
As herein above computed the TOTAL JUDGMENT AMOUNT is $ 14890.22
and it is ADJUDGED that Plaintiff have execution therefor.
                                    Dated:

**FILED**

**GENERAL CLERK**

**JUN 26 2023**

Clerk   CIVIL COURT - QUEENS COUNTY

Malen & Associates, p.c. 123 Frost Street, Suite 203, Westbury, NY 11590 (516) 334-3500
This is an attempt to collect a debt, any information obtained shall be used for
that purpose. We are a Debt Collector.

Queens County Civil Court
Civil Judgment

Plaintiff(s):
CAPITAL ONE, N.A.

vs.

Defendant(s):
LORETTA WATKINS

**Index Number: CV-005138-23/QU**

Judgment issued:   On Default

On Motion of:

Malen & Associates PC
123 Frost Street, SUITE 203, Westbury, NY
11590

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $14,725.22 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $0.00 | Consumer Credit Fee | $95.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $0.00 |
| Interest | $0.00 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $0.00 | Jury Demand Fee | $0.00 | | |
| **Total Damages** | **$14,725.22** | **Total Costs & Disbursements** | $165.00 | **Judgment Total** | **$14,890.22** |

This court has determined this case to be a consumer debt action against a natural person, therefore the 2% post-judgment interest rate pursuant to NY CPLR §5004(a) applies.

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) CAPITAL ONE, N.A.
15000 CAPITAL ONE DR., RICHMOND, VA 23238

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) LORETTA WATKINS
11418 178TH ST, Jamaica, NY 11434-1408

Judgment entered at the Queens County Civil Court, 89-17 Sutphin Boulevard, Jamaica, NY 11435, in the STATE OF NEW YORK in the total amount of **$14,890.22 on 04/18/2024 at 06:37 PM.**

Judgment sequence 1

*Alia A. Razzaq*

Alia Razzaq, Chief Clerk

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------- X
                                                                :
CAPITAL ONE, N.A.,                                              :      Index No.: CV- 5138/2023
                                        Plaintiff,              :
                                                                :
                – against –                                     :      **ORDER TO SHOW CAUSE**
                                                                :
LORETTA WATKINS,                                                :
                                        Defendant.              :
                                                                :
                                                                :
---------------------------------------------------------------- X

      UPON the annexed affirmation of Pooja Patel, Esq., sworn to on the 25th day of February

2025, upon the February 3, 2025 affidavit of Ms. Loretta Watkins, and the exhibits annexed

thereto, and upon all prior proceedings had herein, let the Plaintiff show cause before ~~Motion~~

*Part 30C* ~~Part 30~~ of the Supreme Court of the State of New York, Room **102**, County of ~~Kings,~~ *Queens*

89-17 Sutphin Boulevard, Jamaica NY 11435, on the **7th** day of ~~March~~ *April*, 2025 at ~~9:30~~ **11:00 AM** ~~a.m.,~~

WHY an order should not be issued: (i) pursuant to C.P.L.R. § 5015(a)(4), vacating the default

judgment and dismissing the complaint or ordering a traverse hearing; or (ii) pursuant to

C.P.L.R. § 5015(a)(1), vacating the default judgment, restoring the case to the calendar, and

deeming the attached proposed answer served and filed; and (iii) granting such other and further

relief as this Court deems just and proper.

      SUFFICIENT CAUSE APPEARING, pending the hearing and determination of this

application, the Plaintiff, its agents, attorneys and any Marshal or Sheriff is hereby STAYED

from taking any steps whatsoever to enforce the judgment previously entered in this action.

**FILED**
**QUEENS COUNTY**

**MAR 06 2025**

**CIVIL COURT**
**GENERAL CLERK**

LET service of a copy of this order, together with the papers upon which it is based, be made upon Plaintiffs' attorneys, Malen & Associates, P.C., by regular mail to 123 Frost Street, Suite 203, New Cassel, New York 11590 by March 21, 2025.

ORDERED:

JUDGE OF CIVIL COURT

Hon. Melissa Deberry

Dated: March 6, 2025
~~Brooklyn, NY~~
Queens, NY

**CIVIL COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

------------------------------------------------------------------- X
                                              :      Index No.: CV-5138/2023

CAPITAL ONE, N.A.,                      :

                          Plaintiff,        :

                                                :    **ATTORNEY AFFIRMATION**

           – against –                   :        **IN SUPPORT OF**

                                                :    **DEFENDANT'S ORDER TO**

LORETTA WATKINS,                :          **SHOW CAUSE**

                          Defendant.      :

                                                :

                                                :

------------------------------------------------------------------- X

        Pooja Patel, Esq., an attorney duly licensed to practice law in the state of New York,

hereby affirms the following to be true pursuant to C.P.L.R. § 2106 and under the penalties of

perjury states that:

1. I am a staff attorney with CAMBA Legal Services, Inc., attorneys for the Defendant,

     Loretta Watkins ("Defendant" or "Ms. Watkins"). As such, I am fully familiar with the

     facts and circumstances underlying this proceeding, except as to those matters stated

     upon information and belief, and as to those matters, I believe them to be true. The basis

     of my belief is information provided to me by my client and information contained within

     the court file.

2. I submit this affirmation in support of Ms. Watkins's Order to Show Cause asking this

     Court to issue an Order: (i) pursuant to C.P.L.R. § 5015(a)(4) vacating the default

     judgment and dismissing the complaint or ordering a traverse hearing; or (ii) pursuant to

     C.P.L.R. § 5015(a)(1), vacating the default judgment, restoring the case to the calendar,

     and deeming the attached proposed verified answer served and filed; and (iii) granting

     such other and further relief as this Court deems just and proper.

3. No previous application for this relief has been made.

1

## PRELIMINARY STATEMENT

4.  Defendant Loretta Watkins ("Defendant" or "Ms. Watkins") submits this Affirmation support of her Order to Show Cause to vacate the default judgment against.

5.  Ms. Watkins was never served with the summons and complaint for this action. As discussed below, service as described in the process server's affidavit is not possible, because the process server swears to have been serving process at an address 30 minutes away from Ms. Watkins's home four minutes before allegedly serving her. This impossible service is not a one-off occurrence—the process server, Hashem Hussein ("Mr. Hussein"), has a practice of performing improper service that includes swearing to perform service on addresses too far apart for service to be possible and always claiming to perform substitute service.

6.  In the affidavit of service for this case, Mr. Hussein swears that he served Ms. Watkins at 6:13 AM on April 7, 2023 by leaving the Summons and Complaint with a 20-year old relative named Isaiah Watkins.

7.  Ms. Watkins is a senior citizen who resides alone, does not know anyone named Isaiah Watkins, and did not have a 20-year old in her house.

8.  Just four minutes before Mr. Hussein allegedly handed the Summons and Complaint to Isaiah Watkins, he was handing a different summons and complaint on Richard Walburg, by leaving the Summons and Complaint with Jennifer Walburg at 172-14 133rd Avenue, Apt 9A, Jamaica, NY 11434, an address located approximately 30 minutes away.

9.  In preparing for this Order to Show Cause, CAMBA Legal Services reviewed 41 of Mr. Hussein's Affidavits of Service in other cases. Mr. Hussein swore to substitute service in

every single case that we reviewed. In all but five of the cases, he swore to substitute service on a family member with the same last name as the named defendant in the case.

10. In no case did he perform personal service on the defendant, and in no instance did he perform affix and mail service. Remarkably, in all 41 instances, Mr. Hussein found someone home who was not the defendant and was able to serve them.

11. Upon information and belief, Mr. Hussein claims to serve by substitute service because it is harder to verify. If Mr. Hussein claims personal service, the court can easily check against the appearance of the defendant. If Mr. Hussein claims affix and mail service, the court can check against GPS records. Substitute service does not have these factual checks and is harder to verify making it attractive to bad actor process servers who do not want to get caught performing improper service.

## FACTS AND PROCEDURAL HISTORY

### *Procedural History and Failure of Service on Loretta Watkins*

1. Ms. Watkins is a retired senior, and she has lived alone since the passing of her husband in 2019. *Id.* ¶ 12.

2. Capital One, N.A., ("Capital One") commenced this case against her on or about March 24, 2023 in Queens County Civil Court by purchasing an index number. **Ex. A** (Summons and Complaint). The Complaint sought $14,725.22 in alleged credit card or cash advance debt. *Id.*

3. On June 26, 2023, this Court issued a default judgment against Ms. Watkins for $14,890.22. **Ex. B** (judgment).

4. Ms. Watkins did not learn of this case until around August of 2024, after I searched her name into eCourts to see if there were any actions against her.

3

5. She never received the Summons and Complaint, nor did she receive a copy of the default judgment with a notice of entry. Aff. ¶¶ 5, 6.

6. The Affidavit of Service swears to substitute service upon Ms. Watkins by delivery of the summons and complaint to a "relative" named Isaiah Watkins on April 7, 2023 at 6:16 A.M. at 114-18 178th Street, Jamaica, NY 11434. **Ex. C** (Affidavit of Service).

7. The Affidavit of Service states that Isaish Watkins was approximately twenty years old, weighing 165 pounds, 5'9", male, and having black skin and black hair. **Ex. C**.

8. The process server affirms that on April 18, 2023, he mailed a copy of the Summons and Complaint to Ms. Watkins to "defendant's/respondent's last known address." *Id.*

9. She did not have house guests or family staying with her and does not know anyone named Isaiah Watkins. Watkins Aff. ¶ 11.

10. At the time of alleged service, 6:16 AM on a Friday, she would have been at home and sleeping. *Id.* ¶ 9.

11. Ms. Watkins does not have any family members named Isaish, nor has she had anyone in her home matching the description in the process server's affidavit. *Id.* ¶ 11.

12. She has two children: Bobby Fields, age 50, who lives in Virginia, and Renard Fields, age 46, who travels frequently around the country and stays in Brooklyn with his fiancé when he is not traveling. *Id.* ¶ 13.

13. She has two grandchildren: a girl who is almost nine years old, and a boy who is almost six years old. *Id.* ¶ 14.

14. Nobody in her family is around twenty years old. *Id.* ¶ 15.

15. There is nobody in Ms. Watkins's family or circle of friends named Isaiah. *Id.* ¶ 16.

16. Ms. Watkins did not receive the Summons and Complaint by mail. *Id.* ¶ 18.

4

17. The Affidavit of Service states that a copy was mailed to "defendant's/respondent's last known address," without specifying an address. **Ex. C**.

*Process Server Hashem Hussein's Contradictory Affidavits*

*and History of Improper Service*

18. At 6:12 AM on April 7, 2023, four minutes before Mr. Hussein's alleged service on Isaish Watkins at 144-78 178th Street, Jamaica, NY 11434, he served another individual, Richard Walburg, by leaving the Summons and Complaint with Jennifer Walburg at 172-14 133rd Avenue, Apt 9A, Jamaica, NY 11434. **Ex. D** (Affidavit of Service for Index No. 5137/2023).

19. Traveling between 172-14 133rd Avenue, Jamaica, NY 11434 and 144-78 178th Street, Jamaica, NY 11434 takes about a half hour. **Ex. E** (Google Maps printout).

20. At 6:29 AM, thirteen minutes after alleged service on Isaish Watkins, Mr. Hussein allegedly performed service again, this time on defendant Kevin Campbell by leaving a Summons and Complaint with Brenda Campbell at 9029 139th Street, Jamaica, NY 11435. **Ex. F** (Affidavit of Service for Index No. 5135/2023).

21. Like the attempt on Ms. Watkins, service as described on Kevin Campbell is not possible, traveling between 144-78 178th Street, Jamaica, NY 11434 and 9029 139th Street, Jamaica, NY 11435 alone takes about eighteen minutes. **Ex. G** (Google Maps printout).

22. All three defendants were allegedly served by substitute service on an alleged relative who shares the same last name.

23.  Mr. Hussein's other Affidavits of Service reveal the same pattern of questionable service times and methods.

24. On March 18, 2023, for example, Mr. Hussein allegedly served ten individuals in Queens in quick succession within the span of an hour and a half: at 5:38 AM, 6:01 AM, 6:06 AM, 6:08 AM, 6:14 AM, 6:20 AM, 6:38 AM, 6:47 AM, 6:50 AM, 7:07 AM. **Ex. H** (March 18, 2023 Affidavits of Service)**.**

25. Two of these service attempts, one at 6:06 AM and another at 6:08 AM, take place a mere two minutes apart and are located in two different buildings. *Id.*

26. All ten were allegedly served by substitute service. Eight of the ten were served on individuals with the same last name as the defendant, and the other two were John or Jane Doe. *Id.*

27. On the morning of March 21, 2023, process server Hussein served another ten individuals in Queens: 6:00 AM, 6:07 AM, 6:09 AM, 6:14 AM, 6:21 AM, 6:33 AM, 6:38 AM, 10:03 AM, 10:16 AM, 11:00 AM. **Ex. I** (March 21, 2023 Affidavits of Service).

28. He alleged substitute service on all ten. *Id.*

29. All ten substitute individuals who he had served shared the same last name as the named defendant. *Id.*

30. On the morning of April 3, 3023, Mr. Hussein allegedly served nine individuals in Queens in less than one hour: 8:44 AM, 8:48 AM, 8:56 AM, 9:00 AM, 9:07 AM, 9:13 AM, 9:19 AM, 9:30 AM, 9:38 AM. **Ex. J** (April 3, 2025 Affidavits of Service).

31. He alleged substitute service on all nine. *Id.*

32. Seven of the nine were served on individuals with the same last name as the defendant, and the other two were John or Jane Doe. *Id.*

33. On January 18, 2024, the Legal Aid Society submitted a Traverse Report Form for Legal Advocates to the New York City Department of Consumer and Worker Protection, f/k/a

Department of Consumer Affairs, complaining that process server Hussein had alleged

substitute service on a non-existent person in *Capital One Bank (USA) N.A. v. Dornella*

*Nedd*, Index No. CV-29065-21/QU. *See* **Ex. K** (stating that Mr. Hussein had alleged

substitute service on a "Keshawn Nedd" in a case against Dornella Nedd, but that

Keshawn Nedd was a made-up person).

### *The Capital One Card*

34. Although Ms. Watkins recalls having a Capital One credit card, she holds the meritorious

    defense that Plaintiff is not suing for the correct amount. Watkins Aff. ¶¶ 21-25.

35. Ms. Watkins never had a balance as high as the judgment amount, even after interest and

    fees. *Id.*

36. She had been making payments on her card. *Id.* ¶ 22.

37. As a retired person on a fixed income, she keeps her daily expenses low. *Id.* ¶¶ 22-23.

38. She used the card for small, day-to-day purchases. *Id.*

39. Therefore, the amount sought in the Complaint is not correct.

### ARGUMENT

40. The annexed memorandum of law contains Ms. Watkins's legal arguments in support of

    this Order to Show Cause, and I hereby incorporate them in this affirmation as if restated

    herein.

### A. The Court Should Vacate the Default Judgment and Dismiss the Complaint for Lack of Personal Jurisdiction Pursuant to C.P.L.R. § 5015(a)(4)

41. C.P.L.R. § 5015(a)(4) states that a court may relieve a party from a prior judgment on the

    ground that the court lacks jurisdiction. *See Royal Zenith Corp. v. Continental Ins. Co.*,

    63 N.Y.2d 975, 977 (1984).

42. There is no time limit for submitting a motion pursuant to C.P.L.R. § 5015(a)(4), and a motion based on that section need not make a showing of excusable default or meritorious defense. *Steele v. Hempstead Pub Taxi*, 305 A.D.2d 401, 402 (App. Div. 2d Dept. 2003).

43. Rather, the jurisdiction of the granting court is a threshold issue to be addressed prior to considering discretionary relief based on excusable default under C.P.L.R. § 5015(a)(1). *See Marable v. Williams*, 278 A.D.2d 459, 459 (App. Div. 2d Dept. 2000); *Citibank v. Keller*, 133 A.D.2d 63, 64 (App. Div. 2d Dept. 1987).

44. Service of process is required to establish jurisdiction over a defendant. C.P.L.R. § 308 sets forth the requirements for proper service of process. *See Keane v. Kamin*, 94 N.Y.2d 263, 265 (1999); *Skyline Agency, Inc. v. Ambrose Coppotelli, Inc.*, 117 A.D.2d 135, 147 (App. Div. 2d Dept. 1986).

45. When service is improper, the proceedings and any default judgment thereby obtained are rendered null and void. *See McMullen v. Arnone*, 79 A.D.2d 496, 499 (App. Div. 2d Dept. 1981); *Adames v. New York City Transit Auth.*, 126 A.D.2d 462, 462 (App. Div. 1st Dept. 1987).

46. If the defendant moves to vacate a judgment and demonstrates that proper service was not effected, the court must unconditionally vacate the judgment. *See McMullen v. Arnone*, 79 A.D.2d at 499; *Citibank v. Keller*, 133 A.D.2d at 64; *Chase Manhattan Bank v. Carlson*, 113 A.D.2d 734, 735 (App. Div. 2d Dept. 1985).

47. The plaintiff bears the burden of showing that service was proper and jurisdiction over the defendant was properly obtained. *Bankers Trust Co. of Cal., N.A. v. Tsoukas*, 303

A.D.2d 343, 343 (App. Div. 2d Dept. 2003); *Frankel v. Schilling*, 149 A.D.2d 657, 659 (App. Div. 2d Dept. 1989).

48. Ordinarily, a process server's affidavit of service is "sufficient to support a finding of jurisdiction." *Frankel v. Schilling*, 149 A.D.2d at 659.

49. However, when a defendant submits a sworn denial that process was served, "the Affidavit of Service is rebutted and the Plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing." *Bankers Trust Company of California, N.A. v. Tsoukas*, 303 A.D.2d 343 at 344; *see also Frankel v. Schilling*, 149 A.D.2d at 540. A defendant need not demonstrate a reasonable excuse or a meritorious defense to vacate the default judgment. *See Steele v. Hempstead Pub Taxi*, 305 A.D.2d 401, 402 (2d Dept. 2003); *Chase Manhattan Bank v. Carlson*, 113 A.D.2d at 735.

50. This Court lacks personal jurisdiction over Ms. Watkins because she was not served, and it was not possible for service to be performed as alleged by process server Hussein.

51. Process server Hashem Hussein's Affidavit of Service swears that he completed substitute service on Ms. Watkins by handing the Summons and Complaint to a relative named Isaiah Watkins on April 7, 2023 at 6:16 AM at 114-18 178th Street, Jamaica, NY 11434, and then by mailing a copy to "defendant's/respondent's last known address." **Ex. C**.

52. However, Ms. Watkins never received the Summons and Complaint, nor the judgment or notice of entry. Watkins Aff. ¶¶ 5, 6.

53. She is a retired senior, and she has lived alone since the passing of her husband in 2019. *Id.* ¶ 12.

54. She did not have any house guests or family staying with her at the alleged date of service. *Id.* ¶ 11.

55. There is no one in her family or circle of friends named Isaish Watkins, nor has she had anyone in her home matching the description on the Affidavit of Service of a person twenty years old, weighting 165 pounds, and 5'9". Watkins Aff. ¶¶ 11, 16; **Ex. C**.

56. Her children are aged 50 and 46, and neither live in Queens. Watkins Aff. ¶ 12.

57. Her grandchildren are aged 5 and 8. *Id.* ¶ 13.

58. Additionally, Ms. Watkins did not receive the Summons and Complaint by mail, and the Affidavit of Service does not specify which address it was mailed to. *Id.* ¶¶ 16, 17; **Ex. C**.

59. A review of the Affidavits of Service prior to and after the alleged service on Ms. Watkins show that it was impossible for process server Hussein to complete service as alleged.

60. Just four minutes before Mr. Hussein's alleged service on Isaiah Watkins, he claims he was serving defendant, Richard Walburg, by leaving the Summons and Complaint with Jennifer Walburg at 172-14 133rd Avenue, Apt 9A, Jamaica, NY 11434. **Ex. D**.

61. It is not possible Mr. Hussein could have performed service on Ms. Watkins and Mr. Walburg in the 4 minutes he swears to, traveling alone between 172-14 133rd Avenue, Jamaica, NY 11434 and 144-78 178th Street, Jamaica, NY 11434 takes about a half hour. **Ex. E** (Google Maps printout).

62. Additionally, if Richard Walburg lived on the ninth floor of an apartment building, as stated in Mr. Hussein's Affidavit of Service for that case, Mr. Hussein would have had to wait for the elevator, go down to the first floor, find his parked car, drive to Ms. Watkins's house, find parking, and get out, ring the bell, wait for a person to answer the

10

door, ask for their name, ask whether the defendant had been in the military, and then hand them the Summons and Complaint. **Ex. D**. It is impossible for Mr. Hussein to have completed all of these steps within just four minutes when even just driving between Richard Walburg's address and Ms. Watkins's address takes a half hour.

63. Thirteen minutes after alleged service on Isaiah Watkins, process server Hussein allegedly served Richard Walburg by leaving the Summons and Complaint with Jennifer Walburg at 9029 139th Street, Jamaica, NY 11435. **Ex. F** (affidavit of service in Index No. 5137/2023).

64. Traveling between 144-78 178th Street, Jamaica, NY 11434 and 9029 139th Street, Jamaica, NY 11435 takes about eighteen minutes. **Ex. G** (Google Maps printout).

65. It is not possible for a process server to find parking, walk to the door, ring the bell, wait for a person to arrive at the door, ask for their name, ask whether the defendant had been in the military, and complete service in substantially less time than it takes to drive between addresses.

66. Process server Hussein has a pattern of practice of making false affidavits of service.

67. Nearly all of process server Hussein's affidavits of service allege substitute service on an alleged relative with the same last name, and many of the alleged service times are so close apart they must be impossible.

68. For example, on the morning of March 18, 2023, he served individuals at ten separate households in Queens within the span of an hour and a half, all by substitute service and nearly all sharing the same last name as the defendant or else John or Jane Doe. **Ex. H**.

69. On this date, he alleged to have served an individual at 6:01 AM and another individual just five minutes later, at 6:06 AM. Even the amount time it takes just to park, walk to the

door, wait for a person to answer the door, ask their name, ask whether they are in the
military, and return to the car takes several minutes. *Id.*

70. Similarly, it is not possible that on the morning of March 21, 2023, he served another ten
households, all by substitute service, and all on family members sharing the same last
name as the defendant. **Ex. I**.

71. On this date, he alleged to have served individuals at two separate addresses a mere two
minutes apart, at 6:07 AM and at 6:09 AM. *Id.*

72. Again, it is not possible that on the morning of April 3, 3023, Mr. Hussein served nine
individuals in Queens in less than one hour, all by substitute service, seven of whom
shared the same last name as the defendant and two of whom were John or Jane Doe. **Ex.
J** (April 3, 2025 Affidavits of Service).

73. The pattern of practice of making up family members substitute service is corroborated
by Ms. Watkins's own statement that there is no Isaish Watkins in her family, Watkins
Aff ¶ 11, as well as the 2024 New York City Department of Consumer and Worker
Protection complaint made by the Legal Aid Society, alleging that Mr. Hussain made up
a Keshawn Nedd to allege substitute service on defendant Dornella Nedd in *Capital One
Bank (USA) N.A. v. Dornella Nedd*, Index No. CV-29065-21/QU. **Ex. K**.

74. Upon information and belief, by alleging substitute service, process server Hussein is
better able to avoid the rules of service and avoid having improper service detected.

75. This would not be the case if he alleged personal service, which could more easily be
verified by the appearance of the defendant.

76. Similarly, if process server Hussein alleged affix and mail service, he would be required to make GPS recordings, which could easily be verified. By alleging service, he can avoid these detection methods and continue his pattern.

77. Because Ms. Watkins was never served in this case, Queens County Civil Court did not have jurisdiction at the time it entered the default judgment against her, and the default judgment should be vacated or the matter set for a traverse hearing.

### B. Alternatively, the Court Should Vacate the Default Judgment and Restore the Case to the Calendar Pursuant to C.P.L.R. § 5015(a)(1).

78. Ms. Watkins is also entitled to relief under C.P.L.R. § 5015(a)(1), which grants the court the power to vacate a default judgment on the ground of excusable default.

79. To obtain this relief, the moving party must assert a reasonable excuse for failing to appear in the original proceedings and a potentially meritorious defense. *See Caba v. Rai*, 63 A.D.3d 578, 580 (App. Div. 1st Dept. 2009); *Needleman v. Tornheim*, 106 A.D.3d 707, 708 (App. Div. 2d Dept. 2013).

80. Whether an excuse is reasonable is a discretionary determination for the court and should be based on all relevant factors, including the length of the delay, prejudice to the opposing party, willfulness by the moving party, and the strong public policy favoring deciding cases on their merits. *See Beneficial Fin. Co. of New York v. Kramer*, 48 A.D.2d 822, 822 (App. Div. 2nd Dept.1975); *Harcztark v. Drive Variety, Inc.*, 21 A.D.3d 876, 876-77 (App. Div. 2d Dept. 2005); *Moore v. Day*, 55 A.D.3d 803, 804 (App. Div. 2d Dept. 2008).

81. A motion pursuant to C.P.L.R. § 5015(a)(1) must be made within one year after the moving party is served with the judgment and written notice of entry.

13

82. Since Ms. Watkins never received the judgment and notice of entry, Aff. ¶ 7, her motion pursuant to C.P.L.R. § 5015(a)(1) is timely.

83. Ms. Watkins never received the Summons and Complaint and had no knowledge of this lawsuit until my office notified her about it in August 2024. Watkins Aff. ¶¶ 5-6.

84. Since Ms. Watkins was never served, and since process server Hussein's service as described in his Affidavit of Service must be false, Ms. Watkins has a reasonable excuse for failing to appear in the original proceedings. *Birky v. Katsilogiannis*, 37 A.D.3d 631, 632 (App. Div. 2d Dept. 2007) (describing lack of notice as a "valid and reasonable excuse" for a failure to appear and upholding lower court's vacatur of default judgment). *See also Krebs v. Cabrera*, 250 A.D.2d 736, 737 (App. Div. 2d Dept. 1998); *Redfield v. Critchley*, 277 N.Y. 336, 340 (1938).

85. Ms. Watkins has several meritorious defenses.

86. She disputes the amount that Plaintiff seeks in the Complaint.

87. She asserts that the amount sought in the Complaint cannot be correct. Watkins Aff. ¶¶ 21-25.

88. She used the card for small expenses as a retired senior on a fixed income. *Id.*

89. Additionally, she had been making payments, and she did not keep as high a balance as Plaintiff claims. *Id.*

**WHEREFORE**, we respectfully request, on behalf of Ms. Loretta Wakins, that the Court issue an Order: (i) vacating the default judgment and dismissing the action or ordering a traverse hearing; or in the alternative, (ii) vacating the default judgment, restoring the case to the calendar, and deeming the attached proposed verified answer served and filed; and (iii) granting such other relief as may be just and proper.

Dated: March 6, 2025
       Brooklyn, New York

By:    Pooja Patel, Esq., Of Counsel
       CAMBA Legal Services, Inc.
       Elizabeth Miller, Esq., General Counsel
       20 Snyder Avenue
       Brooklyn, NY 11226
       Pooja.Patel@camba.org
       (718) 940-6311 ext. 79285
       *Attorneys for the Defendant*

To:    Malen & Associates, P.C.
       123 Frost Street, #203
       Westbury, NY 11590
       *Attorneys for the Plaintiff*

15

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF QUEENS**

---------------------------------------------------------------------- X

CAPITAL ONE, N.A.,

                                Plaintiff,

            – against –

LORETTA WATKINS,

                         Defendant(s).

---------------------------------------------------------------------- X

|  |  |
|---|---|
| : | Index No.: CV-5138/2023 |
| : |  |
| : |  |
| : | **AFFIRMATION IN SUPPORT** |
| : | **OF ORDER TO SHOW** |
| : | **CAUSE** |
| : |  |
| : |  |

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF KINGS     )

Ms. Loretta Watkins, being duly sworn, deposes and says:

1.     I am the defendant in the above captioned matter.

2.     I make this Affidavit in support of my Order to Show Cause.

3.     I have not filed a prior Order to Show Cause in this matter. I have not previously

requested this relief.

4.     I am 77 years old and currently reside at 114-18 178th Street, Jamaica, NY 11434.

**Service**

5.     I was never served with the Summons and Complaint.

6.     I never received a copy of a default judgment, nor a Notice of Entry.

7.      The Affidavit of Service for this case states that the process server, Hashem

Hussein, served the Summons and Complaint on an alleged relative named Isaiah

Watkins at my address at 6:16 AM on Friday, April 7, 2023.

8.      I am a retired senior, and I am the only person living in my house.

9.      At 6:16 AM on a Friday, I would have been at home and sleeping. I always wake

up after 8:30 AM, occasionally as late as 11:00 AM.

10.     The Affidavit of Service states that Isaiah Watkins was approximately twenty

years old, weighing 165 pounds, 5'9", male, and having black skin and black hair.

11.     I do not have any family members named Isaiah and have never had anyone in my

home matching the description in the process server's affidavit.

12.     I live alone and have lived alone since the passing of my husband in 2019. I have

not had any house guests or family staying with me, and service as described in

the affidavit of service is impossible.

13.     I also do not have any family members matching the description in the affidavit of

service. I have two children: Bobby Fields, age 50, who lives in Virginia, and

Renard Fields, age 46, who travels frequently around the country and stays in

Brooklyn with his fiancé when he is not traveling.

14.     I have two grandchildren, a girl who is almost nine years old, and a boy who is

almost six years old.

15.     Nobody in my family is around twenty years old.

16.     There is nobody in my family or circle of friends named Isaiah.

17.     The Affidavit of Service alleges that the Summons and Complaint was also served by USPS on April 18, 2023, mailed out to "defendant's/respondent's last known address."

18.     I did not receive the Summons and Complaint in the mail at my address.

19.     I do not know where the process server mailed the Summons and Complaint, or if he did, because he did not write my address, only "defendant's/respondent's last known address."

**Credit Card**

20.     Plaintiff has obtained a judgment againt me in the amount of $14,890.22.

21.     Although I had a credit card with Capital One, I do not believe I ever had a balance that high.

22.     I had been making payments on the card.

23.     I am retired, and I try to keep my daily expenses low.

24.     I used the card for small, day-to-day purchases.

25.     Even with interest and fees, I do not think the balance would be as high as the judgment amount.

**WHEREFORE**, I, respectfully request that the Court grant my motion in its entirety and

grant any other relief the Court may deem to be just and proper.

Dated: February 3, 2025
     Brooklyn, New York

                                          Loretta Watkins
                                          144-18 178th Street
                                          Jamaica, NY 11434

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF QUEENS**

-------------------------------------------------------------------- X
                                                              :    Index No.: CV-5138/2023
CAPITAL ONE, N.A.,                                            :
                                        Plaintiff,            :
                                                              :    **VERIFIED ANSWER**
            – against –                                       :
                                                              :
LORETTA WATKINS,                                              :
                                        Defendant(s).         :
                                                              :
                                                              :
-------------------------------------------------------------------- X

PLEASE TAKE NOTICE that Defendant Loretta Watkins ("Defendant" or "Mr. Grunin") interposes the following Answer to the Complaint:

1. Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 1 of the complaint.

2. Defendant admits the allegations contained in paragraph 2 of the complaint.

3. Defendant denies the allegations contained in paragraphs 3 through 5 of the complaint.

## DEFENSES AND COUNTERCLAIMS

### First Affirmative Defense

4. Plaintiff lacks personal jurisdiction over the Defendant.

### Second Affirmative Defense

5. Defendant does not owe this debt.

### Third Affirmative Defense

6. Defendant disputes the amount of the debt.

## DEMAND FOR RELIEF

**WHEREFORE**, Ms. Watkins respectfully asks that this Court enter a judgment

A. Dismissing the Complaint in its entirety and with prejudice as against costs and

disbursements incurred by Ms. Watkins in this action;

B. Awarding such other and further relief as the Court deems just and proper.

Dated: February 3, 2025
       Brooklyn, New York

CAMBA Legal Services, Inc.
By: Pooja Patel, Esq., Of Counsel to
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, NY 11226
(718) 940-6331, ext. 79285
Pooja.Patel@camba.org
*Attorneys for Defendant*

## **VERIFICATION**

State of New York    )
                     ) ss.:
County of Kings      )

Loretta Watkins, being duly sworn, says that he is the defendant in the above-named proceeding, and that the foregoing answer is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true.

_LORETTA WATKINS_

Subscribed and Sworn Before Me

This  3rd  day of  February  20 25 .

Notary Public/ Court Employee and Title

Pooja Patel
Notary Public, State of New York
Reg. No. 02PA6368548
Qualified in Kings County
Commission Expires 12/18/2025

Exhibit A

Alli

## CONSUMER CREDIT TRANSACTION
## IMPORTANT!! YOU ARE BEING SUED!!!!

## THIS IS A COURT PAPER-A SUMMONS

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

SUMMONS **005138**

-------------------------------------

CAPITAL ONE, N.A.

Index No.:
File No. 0808M 409795
Client Acct No: XXXXXXXXXXXX0495

Plaintiff
-against-

**FILED**
GENERAL CLERK
MAR 24 ?
CIVIL COURT - CIVIL COURT - QUEENS COUNTY

LORETTA WATKINS

The basis of venue designated is: County in which defendant(s) resides
11418 178TH ST JAMAICA NY 11434-1408

Defendant(s)

Plaintiff's Address:
15000 Capital One Drive
Richmond, VA 23238

-------------------------------------

To the above named defendant(s)
    YOU ARE HEREBY SUMMONED and required to appear in the Civil Court of the City of New York, County of QUEENS    at the office of the Clerk of the said Court at: 89-17 Sutphin Boulevard Jamaica, NY 11435-3710 in the County of QUEENS    City and State of New York, within the time provided by law as noted below and to file your answer to the complaint with the Clerk: upon your failure to answer, judgment will be taken against you for the sum of $ 14725.22    together with statutory costs and disbursements of this action.

Mar 21, 2023        

MALEN & ASSOCIATES, P.C.
Attorneys for Plaintiff
123 Frost Street, Suite 203
Westbury, New York 11590
(516) 334-3500 Ext: 5905

Adam Hughes, Nicholas Templeton, Dana Arrick

New York City Department of Consumer Affairs License: 2046078-DCA
NOTE: The law provides that: (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

This is an attempt to collect a debt, any information obtained will be used for that purpose.
We are a Debt Collector.

 **ORIGINAL**

CIVIL COURT OF THE CITY OF NEW YORK                  **INDEX #:**
COUNTY OF QUEENS
------------------------------------------X          **OUR FILE #: 0808M -409795**

CAPITAL ONE, N.A.

          Plaintiff,                  **COMPLAINT**
          -against-
LORETTA WATKINS

                                     Plaintiff's Address:
          Defendant(s)               15000 Capital One Drive
------------------------------------X Richmond, VA 23238

PLAINTIFF BY ITS ATTORNEYS, MALEN & ASSOCIATES, P.C. COMPLAINING OF the Defendant(s),
allege(s) upon information and belief:

  1. Plaintiff is a National Banking Association and is the Original Creditor.
     Capital One, N.A. is the successor by merger to Capital One Bank (USA), N.A.

     Upon information and belief Plaintiff is not required to be licensed by the New York City Department of
     Consumer Affairs.
  2. Defendant LORETTA WATKINS resides or has its principal place of
     business at: 11418 178TH ST JAMAICA NY 11434-1408

  3. Upon Information and belief the transaction of business occurred within QUEENS County.

  4. CAUSE OF ACTION NUMBER ONE:
     Defendant(s) executed an agreement wherein Plaintiff agreed to extend credit or cash advance on a revolving basis which
     credit or advance was to be paid in monthly installments. There remains due and owing the sum of $14725.22.

Account number ending in: XXXXXXXXXXXX0495 Card Type: QUICKSILVER

  5. That no portion of the aforementioned sum has been paid, although duly demanded.

  Plaintiff expressly disclaims any right to attorney fees that it may have.

  Total amount due of debt at Charge-Off: $ 14725.22
  Total amount of Interest accrued since Charge-Off: None
  Total amount of Non-Interest charges or fees accrued since Charge-Off: None
  Total amount credited since Charge-Off: $ .00

  Date of last payment: 06/02/22 Amount of last payment: $ 400.00

  The Account Balance printed on the most recent monthly statement recording a purchase
  last payment or balance transfer: $ 13274.57

  WHEREFORE Plaintiff demands judgment against Defendant(s) in the sum of $14725.22 on the first cause of action;
together with statutory costs and disbursements.

DATED: Mar 21, 2023
Westbury, New York

          Adam Hughes, Nicholas Templeton, Dana Arrick

MALEN & ASSOCIATES, p.c.
Attorneys for Plaintiff          This is an attempt to collect a debt. Any information obtained will be
123 Frost Street, Suite 203          used for that purpose. We are a Debt Collector.
Westbury, N.Y. 11590
(516) 334-3500 Extension: 5905

New York City Department of Consumer Affairs License: 2046078-DCA

Exhibit B

## Queens County Civil Court
### Civil Judgment

Plaintiff(s):
CAPITAL ONE, N.A.

vs.

Defendant(s):
LORETTA WATKINS

Index Number:  CV-005138-23/QU

Judgment issued:  On Default

On Motion of:

Malen & Associates PC
123 Frost Street, SUITE 203, Westbury, NY 11590

| | | | | | | |
|---|---|---|---|---|---|---|
| Amount claimed | $14,725.22 | Index Number Fee | $45.00 | Transcript Fee | | $0.00 |
| Less Payments made | $0.00 | Consumer Credit Fee | $95.00 | County Clerk Fee | | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | | $0.00 |
| Interest | $0.00 | Non-Military Fee | $0.00 | Other Disbursements | | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | | $0.00 |
| Cost By Statute | $0.00 | Jury Demand Fee | $0.00 | | | |

| **Total Damages** | **$14,725.22** | **Total Costs & Disbursements** | | | $165.00 | **Judgment Total** | **$14,890.22** |

This court has determined this case to be a consumer debt action against a natural person, therefore the 2% post-judgment interest rate pursuant to NY CPLR §5004(a) applies.

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) CAPITAL ONE, N.A.
15000 CAPITAL ONE DR., RICHMOND, VA 23238

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) LORETTA WATKINS
11418 178TH ST, Jamaica, NY 11434-1408

Judgment entered at the Queens County Civil Court, 89-17 Sutphin Boulevard, Jamaica, NY 11435, in the STATE OF NEW YORK in the total amount of **$14,890.22 on 04/18/2024 at 06:37 PM.**

Judgment sequence 1

*Alia Razzaq*

Alia Razzaq, Chief Clerk

Exhibit C



CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

| | | |
|---|---|---|
| CAPITAL ONE, N.A. | | Index number and date of filing appeared on summons and complaint when served. |
| | **Plaintiff/Petitioner** | Index # 5138/23<br>Filing Date: 3/24/2023 |
| | | MALEN & ASSOCIATES P.C.<br>123 FROST ST<br>WESTBURY, NY 11590<br>(172758) |
| - against -<br>LORETTA WATKINS (409795) | | |
| | **Defendant/Respondent** | CCT |

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM,HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/7/2023 AT 6:16 AM at 11418 178TH ST, JAMAICA 11434-1408, N.Y. deponent served the within SUMMONS & COMPLAINT on LORETTA WATKINS defendant/respondent named.

**SUITABLE AGE PERSON**
Deponent could not accomplish personal service and delivered a true copy and left it with ISAIAH WATKINS a person of suitable age and discretion at 11418 178TH ST, JAMAICA 11434-1408, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/18/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 20    Approx. Weight: 165    Approx. Height: 5'9"    Sex: Male    Skin: Black    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/25/2023

Frances T. Mondrone #4835596
Notary Public; State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

Exhibit D

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

                                 **Plaintiff/Petitioner**

        - against -

RICHARD WALBURG (409792)

                                 **Defendant/Respondent**

Index number and date of filing appeared on summons and complaint when served.

Index # 5137/23
Filing Date: 3/24/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172757)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/7/2023 AT 6:12 AM at 17214 133RD AVE APT 9A, JAMAICA 11434-3923, N.Y. deponent served the within SUMMONS & COMPLAINT on RICHARD WALBURG defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with JENNIFER WALBURG a person of suitable age and discretion at 17214 133RD AVE APT 9A, JAMAICA 11434-3923, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/18/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 52   Approx. Weight: 135   Approx. Height: 5'6"   Sex: Female   Skin: White   Hair: Auburn

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/25/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

Exhibit E



Exhibit F

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

KEVIN A CAMPBELL (409805)

**Defendant/Respondent**

Index number and date of filing
appeared on summons and complaint
when served.

Index # 5135/23
Filing Date: 3/24/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172759)

CCT

---

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/7/2023 AT 6:29 AM at 9029 139TH ST, JAMAICA 11435-4213, N.Y. deponent served the within SUMMONS & COMPLAINT on KEVIN A CAMPBELL defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with BRENDA CAMPBELL a person of suitable age and discretion at 9029 139TH ST, JAMAICA 11435-4213, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/18/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 39    Approx. Weight: 145    Approx. Height: 5'3"    Sex: Female    Skin: Black    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/25/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

QUEENS -- RECEIVED -- ORIGINAL -- FILED MAY 3, 2023

First Document    Document: 1 of 1

Exhibit G



Exhibit H

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

PHILLIP MILLER (468160)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4281/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY  11590
(172283)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:38 AM at 25908 CRAFT AVE APT 1, ROSEDALE 11422-3031, N.Y. deponent served the within SUMMONS &
COMPLAINT on PHILLIP MILLER defendant/respondent named

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with 'JANE DOE ' a person of suitable age and
discretion at 25908 CRAFT AVE APT 1, ROSEDALE 11422-3031, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 20    Approx. Weight: 125    Approx. Height: 5'7"    Sex: Female    Skin: Brown    Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED

MAR 28 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

BETHPAGE FEDERAL CREDIT UNION

**Plaintiff/Petitioner**

- against -

FOLARIN OLAD FAMUYIWA (409231)

**Defendant/Respondent**

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4306/23
Filing Date: 3/13/2023

**MALEN & ASSOCIATES PC**
123 FROST ST
WESTBURY, NY 11590
(172237)

**CCT**

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:01 AM at 11845 197TH ST, SAINT ALBANS 11412, N.Y. deponent served the within SUMMONS & COMPLAINT on FOLARIN OLAD FAMUYIWA defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with 'JOHN DOE' a person of suitable age and discretion at 11845 197TH ST, SAINT ALBANS 11412, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 46    Approx. Weight: 210    Approx. Height: 5'11"    Sex: Male    Skin: Brown    Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

MAR 29 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

Index number and date of filing appeared on summons and complaint when served.

**CIVIL COURT OF THE CITY OF NEW YORK**

County of QUEENS

**BETHPAGE FEDERAL CREDIT UNION**

Index # 4307/23
Filing Date: 3/13/2023

**Plaintiff/Petitioner**

**MALEN & ASSOCIATES PC**
**123 FROST ST**
**WESTBURY, NY 11590**
**(172239)**

- against -
**KIERRA BUIE-VANDERPUIJE (409241)**

**CCT**

**Defendant/Respondent**

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:06 AM at 19317 100TH AVE, HOLLIS 11423, N.Y. deponent served the within SUMMONS & COMPLAINT on KIERRA BUIE-VANDERPUIJE defendant/respondent named.

**SUITABLE AGE PERSON**
Deponent could not accomplish personal service and delivered a true copy and left it with XAVIER VANDERPUIJE a person of suitable age and discretion at 19317 100TH AVE, HOLLIS 11423, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity

A description of the person served is as follows:

Approx. Age: 23    Approx. Weight: 160    Approx. Height: 5'8"    Sex: Male    Skin: Brown    Hair: Black

**OTHER: RELATIVE**
**CANNOT ASCERTAIN PLACE OF BUSINESS**

MAR 2 8 2023

Sworn to before me this 3/28/2023

Francos T. Mendrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

BERNARD MANNING (409467)

Defendant/Respondent

Index number and date of filing appeared on summons and complaint when served.

Index # 4280/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172289)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:08 AM at 11822 221ST ST, CAMBRIA HEIGHTS 11411-2013, N.Y. deponent served the within SUMMONS & COMPLAINT on BERNARD MANNING defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with NADINE MANNING a person of suitable age and discretion at 11822 221ST ST, CAMBRIA HEIGHTS 11411-2013, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 39    Approx. Weight: 150    Approx. Height: 5'4"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECD

MAR 2 6 2023

CIVIL COURT

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

AARON R MANLEY (409496)

**Defendant/Respondent**

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4298/23
Filing Date: 3/13/2023

**MALEN & ASSOCIATES PC**
**123 FROST ST**
**WESTBURY, NY 11590**
**(172377)**

**CCT**

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:14 AM at 12108 236TH ST, ROSEDALE 11422-1035, N.Y. deponent served the within SUMMONS & COMPLAINT on
AARON R MANLEY defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with GEMMA MANLEY a person of suitable age and
discretion at 12108 236TH ST, ROSEDALE 11422-1035, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 30    Approx. Weight: 140    Approx. Height: 5'7"    Sex: Female    Skin: White    Hair: Auburn

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T. Moncrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

**CIVIL COURT OF THE CITY OF NEW YORK**

**County of QUEENS**

BETHPAGE FEDERAL CREDIT UNION

**Plaintiff/Petitioner**

- against -

JEROME ACCARDI (409236)

**Defendant/Respondent**

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4305/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172238)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:20 AM at 130-40 221 STREET, SPRINGFIELD GAR 11413, N.Y. deponent served the within SUMMONS & COMPLAINT on JEROME ACCARDI defendant/respondent named.

**SUITABLE AGE PERSON**
Deponent could not accomplish personal service and delivered a true copy and left it with MASON ACCARDI a person of suitable age and discretion at 130-40 221 STREET, SPRINGFIELD GAR 11413, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 19    Approx. Weight: 165    Approx. Height: 5'9"    Sex: Male    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

MAR 29 2023

QUEENS COUNTY

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County. Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

PHILLIP MILLER (465160)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4261/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172283)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:38 AM at 25908 CRAFT AVE APT 1, ROSEDALE 11422-3031, N.Y. deponent served the within SUMMONS &
COMPLAINT on PHILLIP MILLER defendant/respondent named

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with 'JANE DOE ' a person of suitable age and
discretion at 25908 CRAFT AVE APT 1, ROSEDALE 11422-3031, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 20   Approx. Weight: 125   Approx. Height: 5'7"   Sex: Female   Skin: Brown   Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED

MAR 28 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County. Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

JANEI D HOLLAND (409476)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4308/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172292)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:47 AM at 14731 230TH PL, SPRINGFIELD GAR 11413-4434, N.Y. deponent served the within SUMMONS & COMPLAINT on JANEI D HOLLAND defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with 'JOHN DOE ' a person of suitable age and discretion at 14731 230TH PL, SPRINGFIELD GAR 11413-4434, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 39    Approx. Weight: 195    Approx Height: 6'1"    Sex: Male    Skin: Brown    Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835595
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

MAR 29 2023

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

ROSEMARIE N BROWN (409566)

**Defendant/Respondent**

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4289/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172386)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:50 AM at 14376 230TH PL, LAURELTON 11413-3603, N.Y. deponent served the within SUMMONS & COMPLAINT
on ROSEMARIE N BROWN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with KEISHA BROWN a person of suitable age and
discretion at 14376 230TH PL, LAURELTON 11413-3603, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 24    Approx. Weight: 120    Approx. Height: 5'8"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

FRANCISCO A ARIAS (409556)

**Defendant/Respondent**

Index number and date of filing appeared on summons and complaint when served.

Index # 4291/23
Filing Date: 3/13/2023

**MALEN & ASSOCIATES PC**
123 FROST ST
WESTBURY, NY 11590
(172384)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 7:07 AM at 16850 118TH RD, JAMAICA 11434-2242, N.Y. deponent served the within SUMMONS & COMPLAINT on FRANCISCO A ARIAS defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with MARISOL ARIAS a person of suitable age and discretion at 16850 118TH RD, JAMAICA 11434-2242, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 50    Approx. Weight: 140    Approx. Height: 5'1"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

MAR 29 2023

COURT - QUEENS COURT

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

# Exhibit I

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

                                           **Plaintiff/Petitioner**

          - against -

**PETRA MIREYA VILLAMAR (409442)**

                                      **Defendant/Respondent**

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4300/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172375)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:00 AM at 1730 MADISON ST APT 1R, RIDGEWOOD 11385-3661, N.Y. deponent served the within SUMMONS & COMPLAINT on PETRA MIREYA VILLAMAR defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with ALFREDO VILLAMAR a person of suitable age and discretion at 1730 MADISON ST APT 1R, RIDGEWOOD 11385-3661, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 26   Approx. Weight: 175   Approx. Height: 5'9"   Sex: Male   Skin: Brown   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
GENERAL CLERK

MAR 28 2023

'L COURT · QUEENS C'

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

WILSON SANCHEZ (408917)

**Defendant/Respondent**

Index number and date of filing appeared on summons and complaint when served.

Index # 4060/23
Filing Date: 3/8/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY NY 11590
(172102)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:07 AM at 6302 FLUSHING AVE, MASPETH 11378, N.Y. deponent served the within SUMMONS & COMPLAINT on WILSON SANCHEZ defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with PATRICIA SANCHEZ a person of suitable age and discretion at 6302 FLUSHING AVE, MASPETH 11378, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 40   Approx. Weight: 140   Approx. Height: 5'1"   Sex: Female   Skin: Brown   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECD
GENERAL

MAR 28 2023

CIVIL COURT - QUEENS

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/1/2023

Notary Public

HASHEM HUSSEIN #2104147

Index number and date of filing appeared on summons and complaint when served.

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

Index # 4074/23
Filing Date: 3/8/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172167)

- against -

DAVID T RODRIGUEZ (409384)

CCT

Defendant/Respondent

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:09 AM at 6541 ADMIRAL AVE, MIDDLE VILLAGE 11379-1625, N.Y. deponent served the within SUMMONS & COMPLAINT on DAVID T RODRIGUEZ defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with PEDRO RODRIGUEZ a person of suitable age and discretion at 6541 ADMIRAL AVE, MIDDLE VILLAGE 11379-1625, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx Age: 22    Approx. Weight: 160    Approx. Height: 5'8"    Sex: Male    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
MAR 2 8 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

HASHEM HUSSEIN #2104147

Notary Public

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

VELOCITY INVESTMENTS, LLC

Plaintiff/Petitioner

- against -

BEATRICE NEWELL (407235)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4079/23
Filing Date: 3/8/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172055)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:14 AM at 58-17 83RD ST #2, MIDDLE VILLAGE 11379, N.Y. deponent served the within SUMMONS & COMPLAINT
on BEATRICE NEWELL defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with ERIC NEWELL a person of suitable age and
discretion at 58-17 83RD ST #2, MIDDLE VILLAGE 11379, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 25    Approx. Weight: 150    Approx. Height: 5'10"    Sex: Male    Skin: Black    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
GENERAL CLERK

MAR 28 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

| | |
|---|---|
| CAPITAL ONE, N.A. | |
| | **Plaintiff/Petitioner** |
| - against - | |
| **LINDSAY JIMENEZ (409313)** | |
| | **Defendant/Respondent** |

Index number and date of filing appeared on summons and complaint when served.

Index # 4051/23
Filing Date: 3/8/2023

**MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172159)**

**CCT**

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:21 AM at 6254 97TH PL APT 10K, REGO PARK 11374, N.Y. deponent served the within SUMMONS & COMPLAINT on LINDSAY JIMENEZ defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with FERNANDO JIMENEZ a person of suitable age and discretion at 6254 97TH PL APT 10K, REGO PARK 11374, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 45    Approx. Weight: 220    Approx. Height: 5'11"    Sex: Male    Skin: Brown    Hair: Black

OTHER: RELATIVE
**CANNOT ASCERTAIN PLACE OF BUSINESS**

MAR 29 2023

... - QUEENS COUNTY

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

HASHEM HUSSEIN #2104147

Notary Public

Index number and date of filing appeared on summons and complaint when served.

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

MARCOS BANKS (409296)

**Defendant/Respondent**

Index # 4076/23
Filing Date: 3/8/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172157)

**CCT**

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:33 AM at 7425 ROCKAWAY BLVD #2B, JAMAICA 11421, N.Y. deponent served the within SUMMONS & COMPLAINT on MARCOS BANKS defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with VANESSA BANKS a person of suitable age and discretion at 7425 ROCKAWAY BLVD #2B, JAMAICA 11421, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx Age: 22    Approx. Weight: 120    Approx. Height: 5'6"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

MAR 29 2023

CT - QUEENS COUNTY

Sworn to before me this 3/28/2023

Frances T. Mondrono #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

IMMAM HASAN (409465)

**Defendant/Respondent**

Index number and date of filing appeared on summons and complaint when served.

Index # 4286/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172288)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:38 AM at 8119 102ND AVE FL 1, OZONE PARK 11416-2026, N.Y. deponent served the within SUMMONS & COMPLAINT on IMMAM HASAN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with CAMELLIA HASAN a person of suitable age and discretion at 8119 102ND AVE FL 1, OZONE PARK 11416-2026, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 52   Approx. Weight: 145   Approx. Height: 5'2"   Sex: Female   Skin: Brown   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED

MAR 29 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

ADELE E GOODMAN (409562)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

**4290/23**

Index # 4290/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172388)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 10:03 AM at 15607 71ST AVE APT 6B, FLUSHING 11367-2206, N.Y. deponent served the within SUMMONS &
COMPLAINT on ADELE E GOODMAN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with MARK GOODMAN a person of suitable age and
discretion at 15607 71ST AVE APT 6B, FLUSHING 11367-2206, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 39    Approx. Weight: 195    Approx. Height: 6'0"    Sex: Male    Skin: White    Hair: Brown

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

MAR 29 2023

NY, QUEENS COUNTY

HASHEM HUSSEIN #2104147

Notary Public

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

JISHAN A TANVIR (409497)

Defendant/Respondent

Index number and date of filing appeared on summons and complaint when served.

Index # 4297/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172378)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 10:16 AM at 9237 WINCHESTER BLVD, QUEENS VILLAGE 11428-1870, N.Y. deponent served the within SUMMONS & COMPLAINT on JISHAN A TANVIR defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with AMIRT TANVIER a person of suitable age and discretion at 9237 WINCHESTER BLVD, QUEENS VILLAGE 11428-1870, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 29    Approx. Weight: 125    Approx. Height: 5'7"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
GENERAL
MAR 2 5 2023

Sworn to before me this 3/28/2023

Frances T. Mordrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

ALIX RAMLAGAN (409371)

**Defendant/Respondent**

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4073/23
Filing Date: 3/8/2023

MALEN & ASSOCIATES PC
123 FROST 3T
WESTBURY, NY 11590
(172166)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 11:00 AM at 10461 120TH ST, SOUTH RICHMOND 11419-2811, N.Y. deponent served the within SUMMONS & COMPLAINT on ALIX RAMLAGAN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with DHANESH RAMLAGAN a person of suitable age and discretion at 10461 120TH ST, SOUTH RICHMOND 11419-2811, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 35   Approx. Weight: 140   Approx. Height: 5'3"   Sex: Female   Skin: White   Hair: Brown

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
GENERAL CS?

MAR 28 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

Exhibit J

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

DIJANA DRUMMOND (409650)

**Defendant/Respondent**

Index number and date of filing appeared on summons and complaint when served.

Index # 4643/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172572)

CCT

QUEENS CIVIL ORIGINAL FILED APRIL 11, 2023

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 6:44 AM at 14714 240TH ST, ROSEDALE 11422-2452, N.Y. deponent served the within SUMMONS & COMPLAINT on DIJANA DRUMMOND defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with 'JOHN DOE' a person of suitable age and discretion at 14714 240TH ST, ROSEDALE 11422-2452, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 50    Approx. Weight: 210    Approx. Height: 5'9"    Sex: Male    Skin: Brown    Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

MERCEDES M GUADAMUZ (408553)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4647/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES
123 FROST ST
WESTBURY, NY 11590
(172568)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 8:48 AM at 23041 145TH AVE #1, SPRINGFIELD GAR 11413, N.Y. deponent served the within SUMMONS & COMPLAINT on MERCEDES M GUADAMUZ defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with JONATHAN GUADAMUZ a person of suitable age and discretion at 23041 145TH AVE #1, SPRINGFIELD GAR 11413, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 20    Approx. Weight: 170    Approx. Height: 5'8"    Sex: Male    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 9/31/2023

Notary Public

HASHEM HUSSEIN #2104147

QUEENS CIVIL ORIGINAL FILED APRIL 11, 2023

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

CHEVELLÉ O THOMAS THRASHER (409647)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4641/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172571)

CCT

QUEENS CIVIL ORIGINAL FILED APRIL 11, 2023

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 8:56 AM at 17708 145TH DR APT 2, JAMAICA 11434-4972, N.Y. deponent served the within SUMMONS &
COMPLAINT on CHEVELLE O THOMAS THRASHER defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with DATRELL THRASHER a person of suitable age
and discretion at 17708 145TH DR APT 2, JAMAICA 11434-4972, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 39    Approx. Weight: 205    Approx. Height: 6'1"    Sex: Male    Skin: Black    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

· CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

JONATHAN G MEEKS (409639)

**Defendant/Respondent**

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4649/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES P
123 FROST ST
WESTBURY, NY 11590
(172569)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:00 AM at 18511 N CONDUIT AVE, SPRINGFIELD GAR 11413-3234, N.Y. deponent served the within SUMMONS & COMPLAINT on JONATHAN G MEEKS defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with NESSA MEEKS a person of suitable age and discretion at 18511 N CONDUIT AVE, SPRINGFIELD GAR 11413-3234, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 32    Approx. Weight: 130    Approx. Height: 5'7"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

HASHEM HUSSEIN #2104147

Notary Public

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

ESTHER CONTANT (409746)

Defendant/Respondent

Index number and date of filing appeared on summons and complaint when served.

Index # 4652/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES
123 FROST ST
WESTBURY, NY 11590
(172575)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:07 AM at 12950 154TH ST, JAMAICA 11434-2818, N.Y. deponent served the within SUMMONS & COMPLAINT on ESTHER CONTANT defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with SHANTI CONTANT a person of suitable age and discretion at 12950 154TH ST, JAMAICA 11434-2818, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 19    Approx. Weight: 120    Approx. Height: 5'6"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147



CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

SHERELEEN RAMSAHAI (409642)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4650/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172570)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:13 AM at 19302 122ND AVE, SPRINGFIELD GAR 11413-1101, N.Y. deponent served the within SUMMONS & COMPLAINT on SHERELEEN RAMSAHAI defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with ISHA RAMSAHAI a person of suitable age and discretion at 19302 122ND AVE, SPRINGFIELD GAR 11413-1101, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 34    Approx. Weight: 140    Approx. Height: 5'6"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

QUEENS CIVIL ORIGINAL FILED APRIL 11, 2023

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

CAROLYN S MARIN (409749)

**Defendant/Respondent**

Index number and date of filing appeared on summons and complaint when served.

Index # 4648/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172577)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:19 AM at 11847 RIVERTON ST, SAINT ALBANS 11412-4023, N.Y. deponent served the within SUMMONS & COMPLAINT on CAROLYN S MARIN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with CHRIS MARIN a person of suitable age and discretion at 11847 RIVERTON ST, SAINT ALBANS 11412-4023, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 28   Approx. Weight: 180   Approx. Height: 5'10"   Sex: Male   Skin: Black   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

**Plaintiff/Petitioner**

- against -

**YANA D JONES (409478)**

**Defendant/Respondent**

Index number and date of filing appeared on summons and complaint when served.

Index # 4302/23
Filing Date: 3/13/2023

**MALEN & ASSOCIATES**
**123 FROST ST**
**WESTBURY, NY 11590**
**(172293)**

**CCT**

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:30 AM at 11116 167TH ST, JAMAICA 11433-3912, N.Y. deponent served the within SUMMONS & COMPLAINT on YANA D JONES defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with MALCOLM JONES a person of suitable age and discretion at 11116 167TH ST, JAMAICA 11433-3912, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 75   Approx. Weight: 170   Approx. Height: 5'9"   Sex: Male   Skin: Black   Hair: White

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

AMBER HASMATALLY (409748)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4653/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172576)

CCT

QUEENS CIVIL ORIGINAL FILED APRIL 11, 2023

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:38 AM at 9504 WALTHAM ST, JAMAICA 11435-4440, N.Y. deponent served the within SUMMONS & COMPLAINT on AMBER HASMATALLY defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with "JOHN DOE" a person of suitable age and discretion at 9504 WALTHAM ST, JAMAICA 11435-4440, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 35    Approx. Weight: 220    Approx. Height: 6'0"    Sex: Male    Skin: Brown    Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

Exhibit K

 **Department of Consumer Affairs**

# TRAVERSE REPORT FORM FOR LEGAL ADVOCATES

The Department of Consumer Affairs (DCA) licenses process servers and enforces New York City laws and rules governing process servers. As part of its enforcement, DCA examines hearings contesting service of process ("traverse hearings"). **Please submit this completed form and a copy of any written decision or order issued by the court.** Your report will help DCA ensure that process servers comply with the law.

**IMPORTANT**: Within 100 days of the hearing date, a process server must report to DCA either the final result of the traverse hearing OR that he/she made the required attempt to learn the result without success. See Title 6, Rules of the City of New York § 2-236(c).

| | |
|---|---|
| Date of Hearing **January 8, 2024** | |
| Court **New York City Civil** | County **Queens** |
| Part **39C** | Index No. **CV-29065-21** |
| Judge **Hon. Joseph Kasper** | |
| Petitioner/Plaintiff **Capital One Bank (USA) N.A.** | Petitioner/Plaintiff's Attorney **Malen & Associates P.C.** |
| Respondent/Defendant **Dornella Nedd** | Respondent/Defendant's Attorney **The Legal Aid Society** |
| Date of Service | |
| Process Server Name **Hashem Hussein** | DCA License No. **2056449** |
| Process Serving Agency Assigning Service | |

## Final Result *(Check ONE box only.)*

Traverse was:

☐ Sustained (improper service)  ☐ Settled (Please provide details below.)

☐ Overruled (proper service)  ☑ Other (Please provide details below, including any reason(s) the hearing was canceled.)

## Detailed Comments:

Alleged service on 12/18/21 to a "Keshawn Nedd" who does not exist, with uncanny resemblance to Affidavit of Service in CV-000965-20/RI, in which traverse sustained. At 1/8/24 hearing, process server failed to bring logbook. Stephen Giametta, Esq., appearing for Malen & Associates P.C., represented that Plaintiff would promptly investigate and follow up with counsel for Defendant. Judge adjourned on the condition Plaintiff would promptly investigate and discontinue to avoid future losses to Defendant unless able to establish service was proper. Return date 2/26/24.

Signature _____  Date **January 18, 2024**

Print Name **Claire Mooney, Esq., DV-Consumer Staff Attorney**

Please submit this form and any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov.

MALEN & ASSOCIATES, p.c.
Attorneys at Law

123 Frost Street
Westbury, New York  11590

(516) 334-3500
Ext: 5922

Apr  4, 2025

Pooja Patel, Attorney Camba Legal Services
20 Snyder Ave
Brooklyn Ny  11226

Creditor: CAPITAL ONE, N.A.
Debtor(s): LORETTA WATKINS
Our File No: 0808M 409795
Account Ending In: XXXXXXXXXXX0495 Card Type: QUICKSILVER
Originating Creditor: CAPITAL ONE BANK (USA), N.A.
Index#: 5138/23

Dear Pooja Patel, Attorney Camba Legal Services

A judgment was entered on 04/18/24.
Judgment Balance: $14621.16 No interest will be added.

Enclosed please find a copy of: Affirmation in Opposition

This is an attempt to collect a debt, any information obtained shall
be used for that purpose. We are Debt Collectors.

Very truly yours,
MALEN & ASSOCIATES, p.c.

By:
    Denise Romanelli
    Legal Assistant

Enc.

New York City Department of Consumer Affairs License: 2046078-DCA

coverltr denise

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

Index #: 5138/23
File# 409795

-----------------------------------------------------------------x

CAPITAL ONE, N.A.

Plaintiff,

-against-

LORETTA WATKINS

Defendant.

-----------------------------------------------------------------x

AFFIRMATION IN
OPPOSITION

The undersigned is an attorney duly admitted to practice in the Courts of this State, affirms the following under the penalties of perjury:

1.   I am an Associate of the law firm of Malen & Associates, p.c., attorneys for Plaintiff herein, and as such am fully familiar with the facts and circumstances involved herein.

2.   This affirmation is submitted in opposition to Defendant's Order to Show Cause to Vacate Judgment which has been scheduled before this Court on 04/07/25. See Exhibit A (Defendant's Order to Show Cause).

## CASE SUMMARY

3.   Defendant defaulted on an account with Plaintiff in the amount of $14,725.22. See Exhibit B (Affidavit of Facts).

4.   Litigation was commenced under index # 5138/23. On 04/07/23, Defendant was served by a licensed process server. On 05/04/23, Defendant was sent additional notice of the lawsuit. See Exhibit C (Summons, Complaint, Affidavit of Service and Additional Notice to Defendant.)

5.   Defendant's failure to file an Answer resulted in a Default Judgment being entered on 04/18/24. The transcript of judgment was filed with the County Clerk on 07/12/24. Defendant was thereafter sent additional notice of the judgment entered against them via a 5222 letter on 05/30/24. See Exhibit D (Judgment, Docketed Transcript of Judgment and 5222 letter to Defendant).

6.   Defendant's excuse for defaulting and defense in this action are not sufficient to vacate the instant judgment. As such, Defendant's Order to Show Cause should be denied in its entirety.

**DEFENDANT WAS PROPERLY SERVED PURSUANT TO THE CPLR. AS SUCH, DEFENDANT HAS FAILED TO DEMONSTRATE AN EXCUSABLE DEFAULT.**

7.  Defendant was served with a Summons and Complaint by a licensed process server in accordance with the CPLR.  See Exhibit C. The process server's affidavit constitutes prima facie evidence of proper service. As such, Plaintiff contends Defendant was properly served in this action. See Exhibit A.

8.  As in *Sando Realty Corp. v. Aris*, 209 A.D.2d 682 (2d Dept., 1994), the process server's affidavit, which indicated Defendant was served in accordance with CPLR §308(2), constituted prima facie evidence of proper service and Defendant's conclusory denial of receipt of the Summons and Complaint was insufficient to raise a fact at issue.

9.  In *Sando*, the Appellate Division ruled that where the Defendant failed to specifically refute the contents of the Affidavit of Service or to substantiate their conclusory allegation, Defendant's motion to strike Plaintiff's notice of inquest claiming she was not properly served with the Summons and Complaint, was properly denied without conducting a hearing on the issue of service.

10. As the Defendant was properly served, this Court has personal jurisdiction over Defendant and should deny the requested relief to vacate the judgment and dismiss the action, as well as any alternative relief requested for this matter. *Id.* See Exhibit A.

**DEFENDANT HAS NOT RAISED A MERITORIOUS DEFENSE IN THIS ACTION**

11. CPLR §5015(a) (1) is clear that a Defendant seeking to vacate a Judgment must demonstrate an excusable default along with a meritorious defense to Plaintiff's claim. Here the Defendant has failed to meet this burden. See *Samaniuk v. Sag Enterprises*, 73 AD 2d 735, 50 NY 2d 801. "A party attempting to vacate a Default Judgment must make an adequate showing that the default was excusable and that a meritorious defense exists." *Wall v. Bennett*, 33 AD 2d 827.

12. Defendant also disputes the amount of this debt. However, Defendant does not provide what they think the amount owed should be and fails to provide any proof to substantiate their claim that the amount is incorrect. Plaintiff is currently reviewing Defendant's balance dispute.

13. Additionally, on 02/07/23 Defendant contacted Plaintiff's attorney. While no settlement was reached, Plaintiff contends that this shows Defendant had notice of the action against them as well as the judgment.

14. Additionally, as of 03/22/23, Defendant's address on record with the New York State Department of Motor Vehicles was the same as the address at which service was effectuated. See Exhibit E (DMV Abstract of Driving Record).

15.    Defendant has failed to raise a meritorious defense sufficient to grant the instant relief
       requested in the Order to Show Cause. As such, Plaintiff's judgment against Defendant
       remains valid and should not be vacated.

## CONCLUSION

16.    In sum, Defendant defaulted on a revolving credit agreement with Plaintiff wherein a
       sum certain remains due and owing.  Defendant was properly served and had notice of
       the instant proceedings and judgment against them. As Defendant provides this Court
       with no reasonable excuse nor meritorious defense, Plaintiff requests that this Court
       deny the requested relief in its entirety.


WHEREFORE based upon the foregoing, it is requested that Defendant's Order to Show Cause
be denied in all respects.

DATED: ___4/4/25___
      Westbury, New York


                              Adam Hughes, Esq. Nicholas Templeton, Esq.
                              MALEN & ASSOCIATES, p.c.
                              Attorneys for Plaintiff
                              123 Frost Street, Suite 203
                              Westbury, NY 11590
                              (516) 334-3500

Exhibit "A"    Defendant's Order to Show Cause
Exhibit "B"    Affidavit of Facts
Exhibit "C"    Summons, Complaint, Affidavit of Service,  & Additional Notice
Exhibit "D"    Judgment, Docketed Transcript of Judgment, and 5222 Letter to Defendant
Exhibit "E"    DMV Abstract of Driving Record




This is an attempt to collect a debt, any information obtained shall be used for that purpose. We
are Debt Collectors.

New York City Department of Consumer and Worker Protection License: 2046078-DCA

Attorney Affirmation of Service

The undersigned is an attorney duly admitted to practice before the Courts of the State of New York and affirms the following to be true under the penalty of perjury:

On ___4|4|25___ I served a Affirmation in Opposition by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service via regular mail within New York State, addressed to the following:

Pooja Patel, Esq.
Camba Legal Services
20 Snyder Ave
Brooklyn Ny  11226

Adam Hughes, Esq./Nicholas Templeton, Esq.
MALEN & ASSOCIATES, p.c.
Attorney(s) for Plaintiff
123 Frost Street, Suite 203
Westbury, New York 11590
File No.: 409795

# Exhibit A

409795

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------- X
                                                                      :
CAPITAL ONE, N.A.,                                                    :     Index No.: CV- 5138/2023
                                        Plaintiff,                    :
                                                                      :
        – against –                                                   :     ORDER TO SHOW CAUSE
                                                                      :
LORETTA WATKINS,                                                      :
                                        Defendant.                    :
                                                                      :
                                                                      :
-------------------------------------------------------------------- X

        UPON the annexed affirmation of Pooja Patel, Esq., sworn to on the 25th day of February

2025, upon the February 3, 2025 affidavit of Ms. Loretta Watkins, and the exhibits annexed

thereto, and upon all prior proceedings had herein, let the Plaintiff show cause before ~~Motion~~

Part 3CC ~~Part 30~~ of the Supreme Court of the State of New York, Room ___102___, County of ~~Kings~~ Queens

89-17 Sutphin Boulevard, Jamaica NY 11435, on the _7th_ day of ~~March~~ April, 2025 at ~~9:30~~ 11:00 AM a.m.,

WHY an order should not be issued: (i) pursuant to C.P.L.R. § 5015(a)(4), vacating the default

judgment and dismissing the complaint or ordering a traverse hearing; or (ii) pursuant to

C.P.L.R. § 5015(a)(1), vacating the default judgment, restoring the case to the calendar, and

deeming the attached proposed answer served and filed; and (iii) granting such other and further

relief as this Court deems just and proper.

        SUFFICIENT CAUSE APPEARING, pending the hearing and determination of this

application, the Plaintiff, its agents, attorneys and any Marshal or Sheriff is hereby STAYED

from taking any steps whatsoever to enforce the judgment previously entered in this action.

**FILED**
QUEENS COUNTY

MAR 06 2025

CIVIL COURT
GENERAL CLERK

LET service of a copy of this order, together with the papers upon which it is based, be made upon Plaintiffs' attorneys, Malen & Associates, P.C., by regular mail to 123 Frost Street, Suite 203, New Cassel, New York 11590 by March 2-1, 2025.

ORDERED:

JUDGE OF CIVIL COURT

Hon. Melissa DeBerry

Dated: March 6, 2025
~~Brooklyn, NY~~
Queens, NY

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------- X

CAPITAL ONE, N.A.,

                     Plaintiff,

        – against –

LORETTA WATKINS,

                    Defendant.

-------------------------------------------------------------------- X

Index No.: CV-5138/2023

**ATTORNEY AFFIRMATION IN SUPPORT OF DEFENDANT'S ORDER TO SHOW CAUSE**

Pooja Patel, Esq., an attorney duly licensed to practice law in the state of New York, hereby affirms the following to be true pursuant to C.P.L.R. § 2106 and under the penalties of perjury states that:

1. I am a staff attorney with CAMBA Legal Services, Inc., attorneys for the Defendant, Loretta Watkins ("Defendant" or "Ms. Watkins"). As such, I am fully familiar with the facts and circumstances underlying this proceeding, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true. The basis of my belief is information provided to me by my client and information contained within the court file.

2. I submit this affirmation in support of Ms. Watkins's Order to Show Cause asking this Court to issue an Order: (i) pursuant to C.P.L.R. § 5015(a)(4) vacating the default judgment and dismissing the complaint or ordering a traverse hearing; or (ii) pursuant to C.P.L.R. § 5015(a)(1), vacating the default judgment, restoring the case to the calendar, and deeming the attached proposed verified answer served and filed; and (iii) granting such other and further relief as this Court deems just and proper.

3. No previous application for this relief has been made.

1

## PRELIMINARY STATEMENT

4. Defendant Loretta Watkins ("Defendant" or "Ms. Watkins") submits this Affirmation support of her Order to Show Cause to vacate the default judgment against.

5. Ms. Watkins was never served with the summons and complaint for this action. As discussed below, service as described in the process server's affidavit is not possible, because the process server swears to have been serving process at an address 30 minutes away from Ms. Watkins's home four minutes before allegedly serving her. This impossible service is not a one-off occurrence—the process server, Hashem Hussein ("Mr. Hussein"), has a practice of performing improper service that includes swearing to perform service on addresses too far apart for service to be possible and always claiming to perform substitute service.

6. In the affidavit of service for this case, Mr. Hussein swears that he served Ms. Watkins at 6:13 AM on April 7, 2023 by leaving the Summons and Complaint with a 20-year old relative named Isaiah Watkins.

7. Ms. Watkins is a senior citizen who resides alone, does not know anyone named Isaiah Watkins, and did not have a 20-year old in her house.

8. Just four minutes before Mr. Hussein allegedly handed the Summons and Complaint to Isaiah Watkins, he was handing a different summons and complaint on Richard Walburg, by leaving the Summons and Complaint with Jennifer Walburg at 172-14 133rd Avenue, Apt 9A, Jamaica, NY 11434, an address located approximately 30 minutes away.

9. In preparing for this Order to Show Cause, CAMBA Legal Services reviewed 41 of Mr. Hussein's Affidavits of Service in other cases. Mr. Hussein swore to substitute service in

2

every single case that we reviewed. In all but five of the cases, he swore to substitute service on a family member with the same last name as the named defendant in the case.

10. In no case did he perform personal service on the defendant, and in no instance did he perform affix and mail service. Remarkably, in all 41 instances, Mr. Hussein found someone home who was not the defendant and was able to serve them.

11. Upon information and belief, Mr. Hussein claims to serve by substitute service because it is harder to verify. If Mr. Hussein claims personal service, the court can easily check against the appearance of the defendant. If Mr. Hussein claims affix and mail service, the court can check against GPS records. Substitute service does not have these factual checks and is harder to verify making it attractive to bad actor process servers who do not want to get caught performing improper service.

## FACTS AND PROCEDURAL HISTORY

### *Procedural History and Failure of Service on Loretta Watkins*

1. Ms. Watkins is a retired senior, and she has lived alone since the passing of her husband in 2019. *Id.* ¶ 12.

2. Capital One, N.A., ("Capital One") commenced this case against her on or about March 24, 2023 in Queens County Civil Court by purchasing an index number. **Ex. A** (Summons and Complaint). The Complaint sought $14,725.22 in alleged credit card or cash advance debt. *Id.*

3. On June 26, 2023, this Court issued a default judgment against Ms. Watkins for $14,890.22. **Ex. B** (judgment).

4. Ms. Watkins did not learn of this case until around August of 2024, after I searched her name into eCourts to see if there were any actions against her.

3

5. She never received the Summons and Complaint, nor did she receive a copy of the default judgment with a notice of entry. Aff. ¶¶ 5, 6.

6. The Affidavit of Service swears to substitute service upon Ms. Watkins by delivery of the summons and complaint to a "relative" named Isaiah Watkins on April 7, 2023 at 6:16 A.M. at 114-18 178th Street, Jamaica, NY 11434. **Ex. C** (Affidavit of Service).

7. The Affidavit of Service states that Isaish Watkins was approximately twenty years old, weighing 165 pounds, 5'9", male, and having black skin and black hair. **Ex. C**.

8. The process server affirms that on April 18, 2023, he mailed a copy of the Summons and Complaint to Ms. Watkins to "defendant's/respondent's last known address." *Id.*

9. She did not have house guests or family staying with her and does not know anyone named Isaiah Watkins. Watkins Aff. ¶ 11.

10. At the time of alleged service, 6:16 AM on a Friday, she would have been at home and sleeping. *Id.* ¶ 9.

11. Ms. Watkins does not have any family members named Isaish, nor has she had anyone in her home matching the description in the process server's affidavit. *Id.* ¶ 11.

12. She has two children: Bobby Fields, age 50, who lives in Virginia, and Renard Fields, age 46, who travels frequently around the country and stays in Brooklyn with his fiancé when he is not traveling. *Id.* ¶ 13.

13. She has two grandchildren: a girl who is almost nine years old, and a boy who is almost six years old. *Id.* ¶ 14.

14. Nobody in her family is around twenty years old. *Id.* ¶ 15.

15. There is nobody in Ms. Watkins's family or circle of friends named Isaiah. *Id.* ¶ 16.

16. Ms. Watkins did not receive the Summons and Complaint by mail. *Id.* ¶ 18.

17. The Affidavit of Service states that a copy was mailed to "defendant's/respondent's last known address," without specifying an address. **Ex. C.**

*Process Server Hashem Hussein's Contradictory Affidavits*

*and History of Improper Service*

18. At 6:12 AM on April 7, 2023, four minutes before Mr. Hussein's alleged service on Isaish Watkins at 144-78 178th Street, Jamaica, NY 11434, he served another individual, Richard Walburg, by leaving the Summons and Complaint with Jennifer Walburg at 172-14 133rd Avenue, Apt 9A, Jamaica, NY 11434. **Ex. D** (Affidavit of Service for Index No. 5137/2023).

19. Traveling between 172-14 133rd Avenue, Jamaica, NY 11434 and 144-78 178th Street, Jamaica, NY 11434 takes about a half hour. **Ex. E** (Google Maps printout).

20. At 6:29 AM, thirteen minutes after alleged service on Isaish Watkins, Mr. Hussein allegedly performed service again, this time on defendant Kevin Campbell by leaving a Summons and Complaint with Brenda Campbell at 9029 139th Street, Jamaica, NY 11435. **Ex. F** (Affidavit of Service for Index No. 5135/2023).

21. Like the attempt on Ms. Watkins, service as described on Kevin Campbell is not possible, traveling between 144-78 178th Street, Jamaica, NY 11434 and 9029 139th Street, Jamaica, NY 11435 alone takes about eighteen minutes. **Ex. G** (Google Maps printout).

22. All three defendants were allegedly served by substitute service on an alleged relative who shares the same last name.

23. Mr. Hussein's other Affidavits of Service reveal the same pattern of questionable service times and methods.

5

24. On March 18, 2023, for example, Mr. Hussein allegedly served ten individuals in Queens in quick succession within the span of an hour and a half: at 5:38 AM, 6:01 AM, 6:06 AM, 6:08 AM, 6:14 AM, 6:20 AM, 6:38 AM, 6:47 AM, 6:50 AM, 7:07 AM. **Ex. H** (March 18, 2023 Affidavits of Service).

25. Two of these service attempts, one at 6:06 AM and another at 6:08 AM, take place a mere two minutes apart and are located in two different buildings. *Id.*

26. All ten were allegedly served by substitute service. Eight of the ten were served on individuals with the same last name as the defendant, and the other two were John or Jane Doe. *Id.*

27. On the morning of March 21, 2023, process server Hussein served another ten individuals in Queens: 6:00 AM, 6:07 AM, 6:09 AM, 6:14 AM, 6:21 AM, 6:33 AM, 6:38 AM, 10:03 AM, 10:16 AM, 11:00 AM. **Ex. I** (March 21, 2023 Affidavits of Service).

28. He alleged substitute service on all ten. *Id.*

29. All ten substitute individuals who he had served shared the same last name as the named defendant. *Id.*

30. On the morning of April 3, 3023, Mr. Hussein allegedly served nine individuals in Queens in less than one hour: 8:44 AM, 8:48 AM, 8:56 AM, 9:00 AM, 9:07 AM, 9:13 AM, 9:19 AM, 9:30 AM, 9:38 AM. **Ex. J** (April 3, 2025 Affidavits of Service).

31. He alleged substitute service on all nine. *Id.*

32. Seven of the nine were served on individuals with the same last name as the defendant, and the other two were John or Jane Doe. *Id.*

33. On January 18, 2024, the Legal Aid Society submitted a Traverse Report Form for Legal Advocates to the New York City Department of Consumer and Worker Protection, f/k/a

6

Department of Consumer Affairs, complaining that process server Hussein had alleged

substitute service on a non-existent person in *Capital One Bank (USA) N.A. v. Dornella*

*Nedd*, Index No. CV-29065-21/QU. *See* **Ex. K** (stating that Mr. Hussein had alleged

substitute service on a "Keshawn Nedd" in a case against Dornella Nedd, but that

Keshawn Nedd was a made-up person).

### *The Capital One Card*

34. Although Ms. Watkins recalls having a Capital One credit card, she holds the meritorious

   defense that Plaintiff is not suing for the correct amount. Watkins Aff. ¶¶ 21-25.

35. Ms. Watkins never had a balance as high as the judgment amount, even after interest and

   fees. *Id.*

36. She had been making payments on her card. *Id.* ¶ 22.

37. As a retired person on a fixed income, she keeps her daily expenses low. *Id.* ¶¶ 22-23.

38. She used the card for small, day-to-day purchases. *Id.*

39. Therefore, the amount sought in the Complaint is not correct.

### ARGUMENT

40. The annexed memorandum of law contains Ms. Watkins's legal arguments in support of

   this Order to Show Cause, and I hereby incorporate them in this affirmation as if restated

   herein.

    **A. The Court Should Vacate the Default Judgment and Dismiss the Complaint for Lack of Personal Jurisdiction Pursuant to C.P.L.R. § 5015(a)(4)**

41. C.P.L.R. § 5015(a)(4) states that a court may relieve a party from a prior judgment on the

   ground that the court lacks jurisdiction. *See Royal Zenith Corp. v. Continental Ins. Co.,*

   63 N.Y.2d 975, 977 (1984).

42. There is no time limit for submitting a motion pursuant to C.P.L.R. § 5015(a)(4), and a motion based on that section need not make a showing of excusable default or meritorious defense. *Steele v. Hempstead Pub Taxi*, 305 A.D.2d 401, 402 (App. Div. 2d Dept. 2003).

43. Rather, the jurisdiction of the granting court is a threshold issue to be addressed prior to considering discretionary relief based on excusable default under C.P.L.R. § 5015(a)(1). *See Marable v. Williams*, 278 A.D.2d 459, 459 (App. Div. 2d Dept. 2000); *Citibank v. Keller*, 133 A.D.2d 63, 64 (App. Div. 2d Dept. 1987).

44. Service of process is required to establish jurisdiction over a defendant. C.P.L.R. § 308 sets forth the requirements for proper service of process. *See Keane v. Kamin*, 94 N.Y.2d 263, 265 (1999); *Skyline Agency, Inc. v. Ambrose Coppotelli, Inc.*, 117 A.D.2d 135, 147 (App. Div. 2d Dept. 1986).

45. When service is improper, the proceedings and any default judgment thereby obtained are rendered null and void. *See McMullen v. Arnone*, 79 A.D.2d 496, 499 (App. Div. 2d Dept. 1981); *Adames v. New York City Transit Auth.*, 126 A.D.2d 462, 462 (App. Div. 1st Dept. 1987).

46. If the defendant moves to vacate a judgment and demonstrates that proper service was not effected, the court must unconditionally vacate the judgment. *See McMullen v. Arnone*, 79 A.D.2d at 499; *Citibank v. Keller*, 133 A.D.2d at 64; *Chase Manhattan Bank v. Carlson*, 113 A.D.2d 734, 735 (App. Div. 2d Dept. 1985).

47. The plaintiff bears the burden of showing that service was proper and jurisdiction over the defendant was properly obtained. *Bankers Trust Co. of Cal., N.A. v. Tsoukas*, 303

A.D.2d 343, 343 (App. Div. 2d Dept. 2003); *Frankel v. Schilling*, 149 A.D.2d 657, 659 (App. Div. 2d Dept. 1989).

48. Ordinarily, a process server's affidavit of service is "sufficient to support a finding of jurisdiction." *Frankel v. Schilling*, 149 A.D.2d at 659.

49. However, when a defendant submits a sworn denial that process was served, "the Affidavit of Service is rebutted and the Plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing." *Bankers Trust Company of California, N.A. v. Tsoukas*, 303 A.D.2d 343 at 344; *see also Frankel v. Schilling*, 149 A.D.2d at 540. A defendant need not demonstrate a reasonable excuse or a meritorious defense to vacate the default judgment. *See Steele v. Hempstead Pub Taxi*, 305 A.D.2d 401, 402 (2d Dept. 2003); *Chase Manhattan Bank v. Carlson*, 113 A.D.2d at 735.

50. This Court lacks personal jurisdiction over Ms. Watkins because she was not served, and it was not possible for service to be performed as alleged by process server Hussein.

51. Process server Hashem Hussein's Affidavit of Service swears that he completed substitute service on Ms. Watkins by handing the Summons and Complaint to a relative named Isaiah Watkins on April 7, 2023 at 6:16 AM at 114-18 178th Street, Jamaica, NY 11434, and then by mailing a copy to "defendant's/respondent's last known address." **Ex. C.**

52. However, Ms. Watkins never received the Summons and Complaint, nor the judgment or notice of entry. Watkins Aff. ¶¶ 5, 6.

53. She is a retired senior, and she has lived alone since the passing of her husband in 2019. *Id.* ¶ 12.

54. She did not have any house guests or family staying with her at the alleged date of service. *Id.* ¶ 11.

55. There is no one in her family or circle of friends named Isaish Watkins, nor has she had anyone in her home matching the description on the Affidavit of Service of a person twenty years old, weighting 165 pounds, and 5'9". Watkins Aff. ¶¶ 11, 16; **Ex. C.**

56. Her children are aged 50 and 46, and neither live in Queens. Watkins Aff. ¶ 12.

57. Her grandchildren are aged 5 and 8. *Id.* ¶ 13.

58. Additionally, Ms. Watkins did not receive the Summons and Complaint by mail, and the Affidavit of Service does not specify which address it was mailed to. *Id.* ¶¶ 16, 17; **Ex. C.**

59. A review of the Affidavits of Service prior to and after the alleged service on Ms. Watkins show that it was impossible for process server Hussein to complete service as alleged.

60. Just four minutes before Mr. Hussein's alleged service on Isaiah Watkins, he claims he was serving defendant, Richard Walburg, by leaving the Summons and Complaint with Jennifer Walburg at 172-14 133rd Avenue, Apt 9A, Jamaica, NY 11434. **Ex. D.**

61. It is not possible Mr. Hussein could have performed service on Ms. Watkins and Mr. Walburg in the 4 minutes he swears to, traveling alone between 172-14 133rd Avenue, Jamaica, NY 11434 and 144-78 178th Street, Jamaica, NY 11434 takes about a half hour. **Ex. E** (Google Maps printout).

62. Additionally, if Richard Walburg lived on the ninth floor of an apartment building, as stated in Mr. Hussein's Affidavit of Service for that case, Mr. Hussein would have had to wait for the elevator, go down to the first floor, find his parked car, drive to Ms. Watkins's house, find parking, and get out, ring the bell, wait for a person to answer the

10

door, ask for their name, ask whether the defendant had been in the military, and then hand them the Summons and Complaint. **Ex. D**. It is impossible for Mr. Hussein to have completed all of these steps within just four minutes when even just driving between Richard Walburg's address and Ms. Watkins's address takes a half hour.

63. Thirteen minutes after alleged service on Isaiah Watkins, process server Hussein allegedly served Richard Walburg by leaving the Summons and Complaint with Jennifer Walburg at 9029 139th Street, Jamaica, NY 11435. **Ex. F** (affidavit of service in Index No. 5137/2023).

64. Traveling between 144-78 178th Street, Jamaica, NY 11434 and 9029 139th Street, Jamaica, NY 11435 takes about eighteen minutes. **Ex. G** (Google Maps printout).

65. It is not possible for a process server to find parking, walk to the door, ring the bell, wait for a person to arrive at the door, ask for their name, ask whether the defendant had been in the military, and complete service in substantially less time than it takes to drive between addresses.

66. Process server Hussein has a pattern of practice of making false affidavits of service.

67. Nearly all of process server Hussein's affidavits of service allege substitute service on an alleged relative with the same last name, and many of the alleged service times are so close apart they must be impossible.

68. For example, on the morning of March 18, 2023, he served individuals at ten separate households in Queens within the span of an hour and a half, all by substitute service and nearly all sharing the same last name as the defendant or else John or Jane Doe. **Ex. H**.

69. On this date, he alleged to have served an individual at 6:01 AM and another individual just five minutes later, at 6:06 AM. Even the amount time it takes just to park, walk to the

11

door, wait for a person to answer the door, ask their name, ask whether they are in the military, and return to the car takes several minutes. *Id.*

70. Similarly, it is not possible that on the morning of March 21, 2023, he served another ten households, all by substitute service, and all on family members sharing the same last name as the defendant. **Ex. I**.

71. On this date, he alleged to have served individuals at two separate addresses a mere two minutes apart, at 6:07 AM and at 6:09 AM. *Id.*

72. Again, it is not possible that on the morning of April 3, 3023, Mr. Hussein served nine individuals in Queens in less than one hour, all by substitute service, seven of whom shared the same last name as the defendant and two of whom were John or Jane Doe. **Ex. J** (April 3, 2025 Affidavits of Service).

73. The pattern of practice of making up family members substitute service is corroborated by Ms. Watkins's own statement that there is no Isaish Watkins in her family, Watkins Aff ¶ 11, as well as the 2024 New York City Department of Consumer and Worker Protection complaint made by the Legal Aid Society, alleging that Mr. Hussain made up a Keshawn Nedd to allege substitute service on defendant Dornella Nedd in *Capital One Bank (USA) N.A. v. Dornella Nedd*, Index No. CV-29065-21/QU. **Ex. K**.

74. Upon information and belief, by alleging substitute service, process server Hussein is better able to avoid the rules of service and avoid having improper service detected.

75. This would not be the case if he alleged personal service, which could more easily be verified by the appearance of the defendant.

82. Since Ms. Watkins never received the judgment and notice of entry, Aff. ¶ 7, her motion
    pursuant to C.P.L.R. § 5015(a)(1) is timely.

83. Ms. Watkins never received the Summons and Complaint and had no knowledge of this
    lawsuit until my office notified her about it in August 2024. Watkins Aff. ¶¶ 5-6.

84. Since Ms. Watkins was never served, and since process server Hussein's service as
    described in his Affidavit of Service must be false, Ms. Watkins has a reasonable excuse
    for failing to appear in the original proceedings. *Birky v. Katsilogiannis*, 37 A.D.3d 631,
    632 (App. Div. 2d Dept. 2007) (describing lack of notice as a "valid and reasonable
    excuse" for a failure to appear and upholding lower court's vacatur of default judgment).
    *See also Krebs v. Cabrera*, 250 A.D.2d 736, 737 (App. Div. 2d Dept. 1998); *Redfield v.
    Critchley*, 277 N.Y. 336, 340 (1938).

85. Ms. Watkins has several meritorious defenses.

86. She disputes the amount that Plaintiff seeks in the Complaint.

87. She asserts that the amount sought in the Complaint cannot be correct. Watkins Aff. ¶¶
    21-25.

88. She used the card for small expenses as a retired senior on a fixed income. *Id.*

89. Additionally, she had been making payments, and she did not keep as high a balance as
    Plaintiff claims. *Id.*

   **WHEREFORE**, we respectfully request, on behalf of Ms. Loretta Wakins, that the Court
issue an Order: (i) vacating the default judgment and dismissing the action or ordering a traverse
hearing; or in the alternative, (ii) vacating the default judgment, restoring the case to the
calendar, and deeming the attached proposed verified answer served and filed; and (iii) granting
such other relief as may be just and proper.

Dated: March 6, 2025
      Brooklyn, New York

By:   Pooja Patel, Esq., Of Counsel
      CAMBA Legal Services, Inc.
      Elizabeth Miller, Esq., General Counsel
      20 Snyder Avenue
      Brooklyn, NY 11226
      Pooja.Patel@camba.org
      (718) 940-6311 ext. 79285
      *Attorneys for the Defendant*

To:   Malen & Associates, P.C.
      123 Frost Street, #203
      Westbury, NY 11590
      *Attorneys for the Plaintiff*

15

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------- X
                                                               :
CAPITAL ONE, N.A.,                                             :     Index No.: CV-5138/2023
                                                               :
                                    Plaintiff,                 :
                                                               :
                – against –                                    :     **AFFIRMATION IN SUPPORT**
                                                               :     **OF ORDER TO SHOW**
                                                               :     **CAUSE**
LORETTA WATKINS,                                               :
                                                               :
                                    Defendant(s).              :
                                                               :
                                                               :
                                                               :
-------------------------------------------------------------- X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF KINGS          )

Ms. Loretta Watkins, being duly sworn, deposes and says:

1.      I am the defendant in the above captioned matter.

2.      I make this Affidavit in support of my Order to Show Cause.

3.      I have not filed a prior Order to Show Cause in this matter. I have not previously
        requested this relief.

4.      I am 77 years old and currently reside at 114-18 178th Street, Jamaica, NY 11434.

**Service**

5.      I was never served with the Summons and Complaint.

6.      I never received a copy of a default judgment, nor a Notice of Entry.

7.    The Affidavit of Service for this case states that the process server, Hashem

Hussein, served the Summons and Complaint on an alleged relative named Isaiah

Watkins at my address at 6:16 AM on Friday, April 7, 2023.

8.    I am a retired senior, and I am the only person living in my house.

9.    At 6:16 AM on a Friday, I would have been at home and sleeping. I always wake

up after 8:30 AM, occasionally as late as 11:00 AM.

10.    The Affidavit of Service states that Isaiah Watkins was approximately twenty

years old, weighing 165 pounds, 5'9", male, and having black skin and black hair.

11.    I do not have any family members named Isaiah and have never had anyone in my

home matching the description in the process server's affidavit.

12.    I live alone and have lived alone since the passing of my husband in 2019. I have

not had any house guests or family staying with me, and service as described in

the affidavit of service is impossible.

13.    I also do not have any family members matching the description in the affidavit of

service. I have two children: Bobby Fields, age 50, who lives in Virginia, and

Renard Fields, age 46, who travels frequently around the country and stays in

Brooklyn with his fiancé when he is not traveling.

14.    I have two grandchildren, a girl who is almost nine years old, and a boy who is

almost six years old.

15.    Nobody in my family is around twenty years old.

16.    There is nobody in my family or circle of friends named Isaiah.

17.    The Affidavit of Service alleges that the Summons and Complaint was also served by USPS on April 18, 2023, mailed out to "defendant's/respondent's last known address."

18.    I did not receive the Summons and Complaint in the mail at my address.

19.    I do not know where the process server mailed the Summons and Complaint, or if he did, because he did not write my address, only "defendant's/respondent's last known address."

**Credit Card**

20.    Plaintiff has obtained a judgment against me in the amount of $14,890.22.

21.    Although I had a credit card with Capital One, I do not believe I ever had a balance that high.

22.    I had been making payments on the card.

23.    I am retired, and I try to keep my daily expenses low.

24.    I used the card for small, day-to-day purchases.

25.    Even with interest and fees, I do not think the balance would be as high as the judgment amount.

WHEREFORE, I, respectfully request that the Court grant my motion in its entirety and

grant any other relief the Court may deem to be just and proper.


Dated: February 3, 2025
      Brooklyn, New York

                             _Joseph Watk_____

                             Loretta Watkins
                             144-18 178th Street
                             Jamaica, NY 11434

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------- X
                                     :    Index No.: CV-5138/2023

CAPITAL ONE, N.A.,
                    Plaintiff,

             – against –
                        :    **VERIFIED ANSWER**

LORETTA WATKINS,
                    Defendant(s).

-------------------------------------------------------------------- X

PLEASE TAKE NOTICE that Defendant Loretta Watkins ("Defendant" or "Mr.

Grunin") interposes the following Answer to the Complaint:

1. Defendant does not have sufficient information to admit or deny the allegations contained

   in paragraph 1 of the complaint.

2. Defendant admits the allegations contained in paragraph 2 of the complaint.

3. Defendant denies the allegations contained in paragraphs 3 through 5 of the complaint.

## DEFENSES AND COUNTERCLAIMS

### First Affirmative Defense

4. Plaintiff lacks personal jurisdiction over the Defendant.

### Second Affirmative Defense

5. Defendant does not owe this debt.

### Third Affirmative Defense

6. Defendant disputes the amount of the debt.

## DEMAND FOR RELIEF

**WHEREFORE,** Ms. Watkins respectfully asks that this Court enter a judgment

A. Dismissing the Complaint in its entirety and with prejudice as against costs and

disbursements incurred by Ms. Watkins in this action;

B. Awarding such other and further relief as the Court deems just and proper.

Dated: February 3, 2025
       Brooklyn, New York

CAMBA Legal Services, Inc.
By: Pooja Patel, Esq., Of Counsel to
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, NY 11226
(718) 940-6331, ext. 79285
Pooja.Patel@camba.org
*Attorneys for Defendant*

**VERIFICATION**

State of New York      )
                       ) ss.:
County of Kings        )

    Loretta Watkins, being duly sworn, says that he is the defendant in the above-named proceeding, and that the foregoing answer is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true.

<br>

_____
LORETTA WATKINS

Subscribed and Sworn Before Me

This __3rd__ day of __February__ 20 __25__ .

_____
Notary Public/ Court Employee and Title

Pooja Patel
Notary Public, State of New York
Reg. No. 02PA6368548
Qualified in Kings County
Commission Expires 12/18/2025

Exhibit A

A111

# CONSUMER CREDIT TRANSACTION
## IMPORTANT!! YOU ARE BEING SUED!

## THIS IS A COURT PAPER-A SUMMONS

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PA CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

SUMMONS  **005138**

CAPITAL ONE, N.A.

Index No.:
File No.: D808M 409795
Client Acct No: XXXXXXXXXXXX0495

**FILED**
GENERAL CLERK
MAR 24
CIVIL COURT

Plaintiff
-against-

LORETTA WATKINS

The basis of venue designated is: County in which defendant(s) resides
11418 178TH ST JAMAICA NY 1 434-1408

Defendant(s)

Plaintiff's Address
15000 Capital One Drive
Richmond, VA 23238

To the above named defendant(s)
YOU ARE HEREBY SUMMONED and required to appear in the Civil Court of the City of New York, County of QUEENS at the office of the Clerk of the said Court at 89-17 Sutphin Boulevard Jamaica, NY 11435-3710 in the County of QUEENS  City and State of New York, within the time pro ided by law as noted below and to file your answer to the complaint with the Clerk upon your failure to answer, judgment will be taken against you for the sum of $ 14725.22  together with statutory costs and di bursements of this action.

Mar 21, 2023   

MALEN & ASSOCIATES, P.C.
Attorneys for Plaintiff
123 Frost Street, Suite 203
Westbury, New York 11590
(516) 334-3500 Ext: 5905

Adam Hughes, Nicholas Templeton, Dana Arrick

New York City Department of Consumer Affairs License: 2046078-DCA
NOTE: The law provides that: (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this C urt  thin which to appear and answer.

This is an attempt to collect a debt, any information obtained will be used for tha  purpose.
We are a Debt Collector.



CIVIL COURT OF THE CITY OF NEW YORK                          INDEX #:
COUNTY OF QUEENS
------------------------------------------X                 OUR FILE #: 0808M -409795
CAPITAL ONE, N.A.


            Plaintiff,                      COMPLAINT
          -against-
LORETTA WATKINS

                                            Plaintiff's Address:
            Defendant(s)                    15000 Capital One Drive
------------------------------------------X Richmond, VA 23238

PLAINTIFF BY ITS ATTORNEYS, MALEN & ASSOCIATES, P.C. COMPLAINING OF the Defendant(s),
allege(s) upon information and belief:

    1. Plaintiff is a National Banking Association and is the Original Creditor.
       Capital One, N.A. is the successor by merger to Capital One Bank (USA).

       Upon information and belief Plaintiff is not required to be licensed by the New York City Department of
       Consumer Affairs.
    2. Defendant LORETTA WATKINS resides or has its principal place of
       business at: 11418 178TH ST JAMAICA NY 11434-1408

    3. Upon Information and belief the transaction of business occurred within QUEENS County.

    4. CAUSE OF ACTION NUMBER ONE:
       Defendant(s) executed an agreement wherein Plaintiff agreed to extend credit or cash advance on a revolving basis which
       credit or advance was to be paid in monthly installments. There remains due and owing the sum  f $14725.22

Account number ending in: XXXXXXXXXXXX0495 Card Type: QUICKSILVER

    5. That no portion of the aforementioned sum has been paid, although duly demanded.

    Plaintiff expressly disclaims any right to attorney fees that it may have.

    Total amount due of debt at Charge-Off: $ 14725.22
    Total amount of Interest accrued since Charge-Off: None
    Total amount of Non-Interest charges or fees accrued since Charge-Off: None
    Total amount credited since Charge-Off: $ .00

    Date of last payment: 06/02/22 Amount of last payment: $ 400.00

    The Account Balance printed on the most recent monthly statement recording a purchase
    last payment or balance transfer: $ 13274.57

    WHEREFORE Plaintiff demands judgment against Defendant(s) in the sum of $14725.22 on the first cause of action;
together with statutory costs and disbursements.

DATED: Mar 21, 2023
    Westbury, New York

                                    (Adam Hughes, Nicholas Templeton, Dana Arrick
MALEN & ASSOCIATES, p.c.
Attorneys for Plaintiff              This is an attempt to collect a debt. Any information obtained will be
123 Frost Street, Suite 203          used for that purpose. We are a Debt Collector.
Westbury, N.Y. 11590
(516) 334-3500 Extension: 5905

New York City Department of Consumer Affairs License: 2046078-DCA

Exhibit B

## Queens County Civil Court
### Civil Judgment

Plaintiff(s):
**CAPITAL ONE, N.A.**

vs.

Defendant(s):
**LORETTA WATKINS**

Index Number: -005138-23/QU

Judgment: On Default

On Motion of:
Maken & Associates PC
123 Frost Street, SUITE 203, Westbury, NY 11590

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $14,725.22 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $0.00 | Consumer Credit Fee | $95.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $0.00 |
| Interest | $0.00 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $0.00 | Jury Demand Fee | $0.00 | | |

| **Total Damages** | $14,725.22 | **Total Costs & Disbursements** | $165.00 | **Judgment Total** | $14,890.22 |
|---|---|---|---|---|---|

This court has determined this case to be a consumer debt action against a natural person, therefore the 2% post-judgment interest rate pursuant to NY CPLR §5004(a) applies.

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) CAPITAL ONE, N.A.
15000 CAPITAL ONE DR., RICHMOND, VA 23238

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) LORETTA WATKINS
11418 178TH ST, Jamaica, NY 11434-1408

Judgment entered at the Queens County Civil Court, 89-17 Sutphin Boulevard, Jamaica, NY 11435, in the STATE OF NEW YORK in the total amount of **$14,890.22** on 04/18/2024 at 06:37 PM.

Judgment sequence 1

*Alia Razzaq*

Alia Razzaq, Chief Clerk

Exhibit C



COPY

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

Index number and date of filing
appeared on summons and complaint
when served.

Index #   38/23
Filing    3/24/2023

BALEN   ASSOCIATES
223 FROST
WESTBURY NY   505
(177758)

CCT

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

LORETTA WATKINS (400795)

Defendant/Respondent

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY      IS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/7/2023 AT 8:16 AM at 11418 178TH ST, JAMAICA 11434 20 xxx N/A deponent served the within SUMMONS   COMPLAINT on
LORETTA WATKINS defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy thereof to the ISAIAH WATKINS   person of suitable age and
discretion at 11418 178TH ST, JAMAICA 11434-1408, N.Y - defendant's/respondent's usual place of abode

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on xxxxxxx to the defendant's/respondent's last known residence in a
envelope marked "Personal & Confidential" not disclosing the sender's identity on the said

A description of the person served is as follows:

Approx Age: 20   Approx Weight: 165   Approx Height: 5'9"   Sex: Male   Skin: Black   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS.

Sworn to before me this 4/25/2023

Frances T. Mondrone #4835596
Notary Public State of New York
Suffolk County. Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

Exhibit D

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

RICHARD WALBURG (409792)

Defendant/Respond

Index number and date of filing
appeared on summons and complaint
when served.

Index # 5137/23
Filing Date: 3/24/2023

MALEN & ASSOCIATES
123 FROST ST
WESTBURY, NY 11590
(172757)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT          TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/7/2023 AT 8:12 AM at 17214 133RD AVE APT 9A, JAMAICA 11434-3923, N.  deponent served the within SUMMONS &
COMPLAINT on RICHARD WALBURG defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with JENNIFER WALBURG a person of suitable age
and discretion at 17214 133RD AVE APT 9A, JAMAICA 11434-3923, N.Y.   defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 4/18/2023 at defendant/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 52   Approx. Weight: 135   Approx. Height: 5'6"   Sex: Female   Skin: White   Hair: Auburn

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/25/2023

Frances T. Mondrona #4835596
Notary Public, State of New York
Suffolk County, Commission Expires: 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

Exhibit E



Exhibit F

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

_____

CAPITAL ONE, N.A.

Plaintiff/Petitioner

• against •

KEVIN A CAMPBELL (408805)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 5135/23
Filing Date: 3/24/2023

MALEN & ASSOCIATES P.C.
123 FROST ST
WESTBURY, NY  11590
(172759)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/7/2023 AT 6:29 AM at 9029 139TH ST, JAMAICA 11435-4213, N.Y. deponent served the within SUMMONS & COMPLAINT on KEVIN A CAMPBELL defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with BRENDA CAMPBELL a person of suitable age and discretion at 9029 139TH ST, JAMAICA 11435-4213, N.Y. , defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/18/2023 e  defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age  39    Approx. Weight  145    Approx. Height  5'3"    Sex  Female    Skin  Black    Hair  Black

OTHER  RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/25/2023

Francos T Mondrona #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147



Exhibit H

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Index # 4261723
Filing Date: 3/13/2023

**Plaintiff/Petitioner**

MALEN & ASSOCIATES PC
123 FRONT ST
WESTBURY, NY 11590
(172263)

- against -

PHILLIP MILLER (406160)

**Defendant/Respondent**

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:38 AM at 25908 CRAFT AVE APT 1, ROSEDALE 11422-3011, N.Y, deponent served the within SUMMONS & COMPLAINT on PHILLIP MILLER defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left with "JANE DOE" a person of suitable age and discretion at 25908 CRAFT AVE APT 1, ROSEDALE 11422-3011, N.Y, defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT by a first class addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 20    Approx. Weight: 125    Approx. Height: 5'7"    Sex: Female    Skin: Brown    Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
MAR 28 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public                                    HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

BETHPAGE FEDERAL CREDIT UNION

Plaintiff/Petitioner

- against -

FOLARIN OLAD FAMUYIWA (489231)

Defendant/Respondent

Index number and date of filing appeared on summons and complaint when served.

Index # 4306/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172237)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:01 AM at 11845 197TH ST, SAINT ALBANS 11412, N.Y. deponent served the within SUMMONS & COMPLAINT on FOLARIN OLAD FAMUYIWA defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with 'JOHN DOE' a person of suitable age and discretion at 11845 197TH ST, SAINT ALBANS 11412, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows.

Approx. Age 46   Approx. Weight: 210   Approx. Height: 5'11"   Sex: Male   Skin: Brown   Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

MAR 29 2023

QUEENS COUNTY

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

BETHPAGE FEDERAL CREDIT UNION

Plaintiff/Petitioner

- against -

KIERRA BUIE-VANDERPUIJE (409241)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4307/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(112239)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:08 AM at 19317 100TH AVE, HOLLIS 11423, N.Y. deponent served the within SUMMONS & COMPLAINT on KIERRA BUIE-VANDERPUIJE defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with XAVIER VANDERPUIJE a person of suitable age and discretion at 19317 100TH AVE, HOLLIS 11423, N.Y., defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 23   Approx. Weight: 160   Approx. Height: 5'8"   Sex: Male   Skin: Brown   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

MAR 2 8 2023

Sworn to before me this 3/28/2023

Frances T. Mandrona #4835590
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

BERNARD MANNING (409467)

Defendant/Respondent

Index number and date of filing appeared on summons and complaint when served

Index # 26023
Filing Date: 3/13/2023
MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172289)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:08 AM at 11822 221ST ST, CAMBRIA HEIGHTS 11411-2013, N.Y, deponent served the within SUMMONS & COMPLAINT on BERNARD MANNING defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with NADINE MANNING a person of suitable age and discretion at 11822 221ST ST, CAMBRIA HEIGHTS 11411-2013, N.Y., defendant/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 39   Approx. Weight: 150   Approx. Height: 5'4"   Sex: Female   Skin: Brown   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

REC'D
MAR 26 2025
CIVIL COURT

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835508
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

AARON R MANLEY (409498)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4296/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172377)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:14 AM at 12108 236TH ST, ROSEDALE 11422-1035, N.Y. deponent served the within SUMMONS & COMPLAINT on
AARON R MANLEY defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with GEMMA MANLEY a person of suitable age and
discretion at 12108 236TH ST, ROSEDALE 11422-1035, N.Y., defendant/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 3/28/2023 at defendant/respondent's last known residence in an
envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 30    Approx. Weight: 140    Approx. Height: 5'7"    Sex: Female    Skin: White    Hair: Auburn

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835598
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147



CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

BETHPAGE FEDERAL CREDIT UNION

Plaintiff/Petitioner

- against -

JEROME ACCARDI (409238)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4305/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172233)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:20 AM at 130-40 221 STREET, SPRINGFIELD GAR 11413, N.Y. deponent served the within SUMMONS &
COMPLAINT on JEROME ACCARDI defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with MASON ACCARDI a person of suitable age and
discretion at 130-40 221 STREET, SPRINGFIELD GAR 11413, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 19    Approx. Weight: 165    Approx. Height: 5'9"    Sex: Male    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835598
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

MAR 29 2023

QUEENS COUNTY

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

*Plaintiff/Petitioner*

- against -

PHILLIP MILLER (408160)

*Defendant/Respondent*

Index #: 131723
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FRONT ST
WESTBURY NY 11590
(1722367)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:38 AM at 25908 CRAFT AVE APT 1, ROSEDALE NY 11422-3031 N.Y. deponent served the within SUMMONS & COMPLAINT on PHILLIP MILLER defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with "JANE DOE" a person of suitable age and discretion at 25908 CRAFT AVE APT 1, ROSEDALE 11422-3031 N.Y. defendant/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT by a first class addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the contents is litigation.

A description of the person served is as follows:

Approx. Age: 20    Approx. Weight: 125    Approx. Height 5'7"    Sex: Female    Skin: Brown    Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

JANEI D HOLLAND (402476)

Defendant/Respondent

Index number and date of filing appeared on summons and complaint when served.

Index  4308/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172293)

CCT

STATE OF NEW YORK COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT   PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:47 AM at 14731 230TH PL, SPRINGFIELD GAR 1  413-4434, N.Y. deponent          the within SUMMONS & COMPLAINT on JANEI D HOLLAND defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with 'JOHN DOE   a person of suitable age and discretion at 14731 230TH PL, SPRINGFIELD GAR 11413-4434, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age  39    Approx. Weight  195    Approx. Height: 6'1"    Sex: Male    Skin: Brown    Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T Mandrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

ROSEMARIE N BROWN (409566)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4289/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172388)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 6:50 AM at 14376 230TH PL, LAURELTON 11413-3603, N.Y. deponent served the within SUMMONS & COMPLAINT on ROSEMARIE N BROWN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with KEISHA BROWN a person of suitable age and discretion at 14376 230TH PL, LAURELTON 11413-3603, N.Y.  defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age  24    Approx. Weight: 120    Approx. Height: 5'8"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

FRANCISCO A ARIAS (409556)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4291/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172384)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/18/2023 AT 7:07 AM at 16850 116TH RD, JAMAICA 11434-2242, N.Y. deponent served the within SUMMONS & COMPLAINT on FRANCISCO A ARIAS defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with MARISOL ARIAS a person of suitable age and discretion at 16850 116TH RD, JAMAICA 11434-2242, N.Y. - defendant/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/22/2023 at defendant's/respondent's last known residence in an envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 50   Approx. Weight: 140   Approx. Height: 5'1"   Sex: Female   Skin: Brown   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

MAR 29 2023

COURT, QUEENS COUNTY

Sworn to before me this 3/28/2023

Frances T Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

Exhibit I

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

Index number and date of filing appeared on summons and when served.

Index # 4300/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172375)

- against -

PETRA MIREYA VILLAMAR (409442)

Defendant/Respondent

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:00 AM at 1730 MADISON ST APT 1R, RIDGEWOOD 11385-3661, N.Y. deponent served the within SUMMONS & COMPLAINT on PETRA MIREYA VILLAMAR defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with ALFREDO VILLAMAR a person of suitable age and discretion at 1730 MADISON ST APT 1R, RIDGEWOOD 11385-3661, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 26   Approx. Weight: 175   Approx. Height: 5'9"   Sex: Male   Skin: Brown   Hair: Black

OTHER RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
GENERAL CLERK

MAR 28 2023

L COURT - QUEENS

Sworn to before me this 3/28/2023

Frances T. Mandrona #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

HASHEM HUSSEIN #2104147

Notary Public

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Index # 4060/23
Filing Date: 3/8/2023

Plaintiff/Petitioner

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY NY 11590
(172102)

- against -

WILSON SANCHEZ (405917)

Defendant/Respondent

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:07 AM at 6302 FLUSHING AVE, MASPETH 11378, N.Y. deponent served the within SUMMONS & COMPLAINT on WILSON SANCHEZ defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with PATRICIA SANCHEZ a person of suitable age and discretion at 6302 FLUSHING AVE, MASPETH 11378, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows.

Approx. Age: 40   Approx. Weight: 140   Approx. Height: 5'1"   Sex: Female   Skin: Brown   Hair: Black

OTHER  RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECE
GENERAL

MAR 28 2023

CIVIL COURT - QUEENS

Sworn to before me this 3/28/2023

Frances T Mondrone #4835596
Notary Public, State of New York
Suffolk County Commission Expires 5/31/2023

Notary Publ

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.
                                                    **Plaintiff/Petitioner**

                    - against -

DAVID T RODRIGUEZ (409384)

                                                    **Defendant/Respondent**

Index number and date of filing appeared on summons and complaint when served.

Index # 4074/23
Filing Date: 3/8/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172167)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 8:09 AM at 6541 ADMIRAL AVE, MIDDLE VILLAGE 11379-1625, N.Y. deponent served the within SUMMONS & COMPLAINT on DAVID T RODRIGUEZ defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with PEDRO RODRIGUEZ a person of suitable age and discretion at 6541 ADMIRAL AVE, MIDDLE VILLAGE 11379-1625, N.Y. , defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 22   Approx. Weight: 160   Approx. Height: 5'8"   Sex: Male   Skin: Brown   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
MAR 2 8 2023

Sworn to before me this 3/28/2023

Frances T. Mendrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 6/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

VELOCITY INVESTMENTS, LLC

Plaintiff/Petitioner

- against -

BEATRICE NEWELL (407235)

Defendant/Respondent

Index number and date of filing
stipulated on summons and complaint
when served.

Index # 407923
Filing Date: 3/6/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172985)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSED AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:14 AM at 58-17 83RD ST #2, MIDDLE VILLAGE 11379, N.Y. deponent served the within SUMMONS & COMPLAINT
on BEATRICE NEWELL defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with ERIC NEWELL a person of suitable age and
discretion at 58-17 83RD ST #2, MIDDLE VILLAGE 11379, N.Y., defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 3/21/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the nature thereof.

A description of the person served is as follows:

Approx. Age: 25   Approx. Weight: 150   Approx. Height: 5'10"   Sex: Male   Skin: Black   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
GENERAL CLERK

MAR 28 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

LINDSAY JIMENEZ (409313)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4061/23.
Filing Date: 3/8/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 1 590
(172169)

C

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:21 AM at 6254 97TH PL APT 10K, REGO PARK 11374, N.Y. deponent served the within SUMMONS & COMPLAINT on LINDSAY JIMENEZ defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with FERNANDO JIMENEZ a person of suitable age and discretion at 6254 97TH PL APT 10K, REGO PARK 11374 N.Y., defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the S MMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 45    Approx. Weight: 220    Approx. Height: 5'11"    Male    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances   Mondrone #4B35506
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

MAR 29 2023

QUEENS COUNTY

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

Index number and date of filing appears on summons and complaint when served

Index # 407623
Filing Date: 3/8/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172157)

- against -

MARCOS BANKS (489298)

Defendant/Respondent

CCT

STATE OF NEW YORK, COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:33 AM at 7425 ROCKAWAY BLVD #2B, JAMAICA 11421, N.Y. deponent served the within SUMMONS & COMPLAINT on MARCOS BANKS defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with VANESSA BANKS a person of suitable age and discretion at 7425 ROCKAWAY BLVD #2B, JAMAICA 11421, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 22    Approx. Weight: 120    Approx. Height: 5'6"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

MAR 29 2023

QUEENS COUNTY

Sworn to before me this 3/28/2023

Francos T. Mondrone #4835595
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147



CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

IMMAM HASAN (409465)

Defendant/respondent

Index # 4258/23
Filing Date: 3/13/2023

MALEK & ASSOCIATES PC
123 FROST ST
WESTBURY NY 11590
(172288)

CCT

Index number and date of filing appeared on summons and complaint when served.

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 6:38 AM at 8119 102ND AVE FL 1, OZONE PARK 11416-2028, N.Y. deponent served the within SUMMONS & COMPLAINT on IMMAM HASAN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with CAMELLIA HASAN a person of suitable age and discretion at 8119 102ND AVE FL 1, OZONE PARK 11416-2028, N.Y.   defendant/respondent's usual place of abode

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT   a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 ii   fendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 52   Approx. Weight: 145   Approx. Height: 5'2"   Sex: Female   Skin: Brown   Hair: Black

OTHER RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED

MAR 29 2023

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

ADELE E GOODMAN (409562)

Defendant/Respondent

Index number and date of filing appeared on summons and complaint when served.

42-90/23

Index # 429023
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172288)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 3/21/2023 AT 10:03 AM at 15607 71ST AVE APT 6B, FLUSHING, 11367-2206, N.Y. deponent served the within SUMMONS & COMPLAINT on ADELE E GOODMAN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with MARK GOODMAN a person of suitable age and discretion at 15607 71ST AVE APT 6B, FLUSHING 11367-2206, N.Y. defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 39    Approx. Weight: 195    Approx. Height: 6'0"    Sex: Male    Skin: White    Hair: Brown

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 3/28/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

MAR 29 2023

SUFFOLK COUNTY

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

JISHAN A TANVIR (409497)

Defendant/Respondent

Index number and date of filing appeared on summons and complaint when served.

Index # 4297/23
Filing Date: 3/13/2023

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172378)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 10:16 AM at 9237 WINCHESTER BLVD, QUEENS VILLAGE 11428-1870, N.Y. deponent served the within SUMMONS & COMPLAINT on JISHAN A TANVIR defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with AMIRT TANVIER a person of suitable age and discretion at 9237 WINCHESTER BLVD, QUEENS VILLAGE 11428-1870, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 29    Approx. Weight: 125    Approx. Height: 5'7"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE.
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED
GENERAL
MAR 2 8 2023

Sworn to before me this 3/28/2023

Frances T. Mandrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

Index number and date of filing appeared on summons and complaint when served.

CAPITAL ONE, N.A.

Index # 4073/23
Filing Date: 3/8/2023

Plaintiff/Petitioner

MALEN & ASSOCIATES PC
123 FROST ST
WESTBURY, NY 11590
(172166)

- against -

CCT

ALIX RAMLAGAN (409371)

Defendant/Respondent

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 3/21/2023 AT 11:00 AM at 10461 120TH ST, SOUTH RICHMOND 11419-2811, N.Y. deponent served the within SUMMONS & COMPLAINT on ALIX RAMLAGAN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with DHANESH RAMLAGAN a person of suitable age and discretion at 10461 120TH ST, SOUTH RICHMOND 11419-2811, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an offical depository under the care of the United States Post Office in New York State on 3/28/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity

A description of the person served is as follows:

Approx. Age: 35   Approx. Weight: 140   Approx. Height: 5'3"   Sex: Female   Skin: White   Hair: Brown

OTHER RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

RECEIVED

MAR 28 2023

Sworn to before me this 3/28/2023

Frances T Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

HASHEM HUSSEIN #2104147

Notary Public

Exhibit J

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

DIJANA DRUMMOND (469850)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 464323
Filing Date: 3/20/2023

MALEN & ASSOCIATES, P.C.
123 FROST ST
WESTBURY, NY 11590
(172672)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 6:44 AM at 14714 240TH ST, ROSEDALE 11422-2452, N.Y. deponent served the within SUMMONS & COMPLAINT on: DIJANA DRUMMOND defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with 'JOHN DOE' a person of suitable age and discretion at 14714 240TH ST, ROSEDALE 11422-2452, N.Y. defendant/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence from envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 50    Approx. Weight: 210    Approx. Height: 5'9"    Sex: Male    Skin: Brown    Hair: Black

OTHER: TENANT/REFUSED NAME
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835598
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

QUEENS LIVE, ORIGINAL FILED APRIL 13, 2023



CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

Index number and date of filing
appears on summons and complaint
when served.

Index # 4847/23
Filing Date: 3/20/2021

MALEN & ASSOCIATES PC
123 FROST ST.
WESTBURY, NY 11590
(172568)

- against -

MERCEDES M GUADAMUZ (408363)

Defendant/Respondent

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 8:46 AM at 23041 145TH AVE #1, SPRINGFIELD GAR 11413 N.Y. deponent served the within SUMMONS &
COMPLAINT on MERCEDES M GUADAMUZ defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with JONATHAN GUADAMUZ a person of suitable age
and discretion at 23041 145TH AVE #1, SPRINGFIELD GAR 11413, N.Y. defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an
envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 20    Approx. Weight: 170    Approx. Height: 5'8"    Sex: Male    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835506
Notary Public, State of New York
Suffolk County, Commission Expires 9/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

Index number and date of filing stated in the summons and complaint when served:

Index #1464123
Filing Date: 3/20/2023

MALEN & ASSOCIATES PC
123 FROST ST.
WESTBURY, NY 11590
(1725731)

CCT

- against -

CHEVELLE O THOMAS THRASHER (409647)

Defendant/Respondent

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 8:56 AM at 17708 145TH DR APT 2, JAMAICA 11434-4972, N.Y. deponent served the within SUMMONS & COMPLAINT on CHEVELLE O THOMAS THRASHER defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with DATRELL THRASHER, a person of suitable age and discretion at 17708 145TH DR APT 2, JAMAICA 11434-4972, N.Y. defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York, State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 39   Approx. Weight: 205   Approx. Height: 6'1"   Sex: Male   Skin: Black   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835598
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

QUEENS CIVIL ORIGINAL FILED APRIL 11, 2023

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

Index number and date of filing appeared on summons and complaint when served.

Index # 46/9/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES
123 FROST ST.
WESTBURY, NY 11590
(172598)

- against -

JONATHAN G MEEKS (409639)

Defendant/Respondent

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:00 AM at 18511 N CONDUIT AVE, SPRINGFIELD GAR 11413-3734, N.Y. deponent served the within SUMMONS & COMPLAINT on JONATHAN G MEEKS defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with NESSA MEEKS a person of suitable age and discretion at 18511 N CONDUIT AVE, SPRINGFIELD GAR 11413-3734, N.Y. , defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 32   Approx. Weight: 130   Approx. Height: 5'7"   Sex: Female   Skin: Brown   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Index number and date of filing
appeared on summons and complaint
when served

Index # 4462/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES PC
123 FROST BY
WESTBURY, NY, 11590
(172370)

Plaintiff/Petitioner

- against -

ESTHER CONTANT (499748)

CCT

Defendant/Respondent

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss.

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:07 AM at 12950 154TH ST, JAMAICA 11434-2818 N.Y. deponent served the within SUMMONS & COMPLAINT on
ESTHER CONTANT defendant/respondent named

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with SHANTI CONTANT a person of suitable age and
discretion at 12950 154TH ST, JAMAICA 11434-2818 N.Y., defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository
under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an
envelope marked "Personal & Confidential" not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 19   Approx. Weight: 120   Approx. Height: 5'6"   Sex: Female   Skin: Brown   Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4838506
Notary Public, State of New York
Suffolk County, Commission Expires 6/31/2023

_____
Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

*Plaintiff/Petitioner*

- against -

SHERELEEN RAMSAHAI (409542)

*Defendant/Respondent*

Index # 4650/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES
123 FROST ST
WESTBURY, NY 11590-
172570

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:13 AM at 19302 122ND AVE, SPRINGFIELD GAR 11413-1101, N.Y. deponent served the within SUMMONS & COMPLAINT on SHERELEEN RAMSAHAI defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with ISHA RAMSAHAI a person of suitable age and discretion at 19302 122ND AVE, SPRINGFIELD GAR 11413-1101, N.Y. defendant/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 34    Approx. Weight: 140    Approx. Height: 5'6"    Sex: Female    Skin: Brown    Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Francos T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Plaintiff/Petitioner

- against -

CAROLYN S MARIN (409749)

Defendant/Respondent

Index number and date of filing
appeared on summons and complaint
when served.

Index # 4648/23
Filing Date: 3/20/2023

MALEN & ASSOCIATES P.C.
123 FROST ST
WESTBURY, NY 11590
(172577)

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:19 AM at 11847 RIVERTON ST, SAINT ALBANS 11412-4023, N.Y. deponent served the within SUMMONS COMPLAINT on CAROLYN S MARIN defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with CHRIS MARIN a person of suitable age and discretion at 11847 RIVERTON ST, SAINT ALBANS 11412-4023, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 28     Approx. Weight: 160     Approx. Height: 5'10"     Sex: Male     Skin: Black     Hair: Black

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835598
Notary Public, State of New York
Suffolk County. Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

CAPITAL ONE, N.A.

Index number and date of filing appeared on summons and complaint when served.

Index # 4302/23
Filing Date: 3/13/2023

Plaintiff/Petitioner

MALEN & ASSOCIATES
123 FROST ST
WESTBURY, NY 11590
(172293)

- against -

YANA D JONES (409478)

Defendant/Respondent

CCT

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/3/2023 AT 9:30 AM at 11116 167TH ST, JAMAICA 11433-3912, N.Y. deponent served the within SUMMONS & COMPLAINT on YANA D JONES defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with MALCOLM JONES a person of suitable age and discretion at 11116 167TH ST, JAMAICA 11433-3912, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/10/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 75    Approx. Weight: 170    Approx. Height: 5'9"    Sex: Male    Skin: Black    Hair: White

OTHER: RELATIVE
CANNOT ASCERTAIN PLACE OF BUSINESS

Sworn to before me this 4/10/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2023

Notary Public

HASHEM HUSSEIN #2104147

Document: 1 of 1



**Department of
Consumer Affairs**

# TRAVERSE REPORT FORM FOR LEGAL ADVOCATES

The Department of Consumer Affairs (DCA) licenses process servers and enforces New York City laws and rules governing process servers. As part of its enforcement, DCA examines hearings contesting service of process ("traverse hearings"). **Please submit this completed form and a copy of any written decision or order issued by the court.** Your report will help DCA ensure that process servers comply with the law.

**IMPORTANT:** Within 100 days of the hearing date, a process server must report to DCA either the final result of the traverse hearing OR that he/she made the required attempt to learn the result without success. See Title 6, Rules of the City of New York § 2-236(c).

| | |
|---|---|
| Date of Hearing **January 8, 2024** | |
| Court **New York City Civil** | County **Queens** |
| Part **39C** | Index No. **CV-29065-21** |
| Judge **Hon. Joseph Kasper** | |
| Petitioner/Plaintiff **Capital One Bank (USA) N.A.** | Petitioner/Plaintiff's Attorney **Malen & Associates P.C.** |
| Respondent/Defendant **Dornella Nedd** | Respondent/Defendant's Attorney **The Legal Aid Society** |
| Date of Service | |
| Process Server Name **Hashem Hussein** | DCA License No. **2056449** |
| Process Serving Agency Assigning Service | |

## Final Result (Check ONE box only.)

Traverse was:

☐ Sustained (improper service)      ☐ Settled (Please provide details below.)

☐ Overruled (proper service)      ☑ Other (Please provide details below, including any reason(s) the hearing was canceled.)

## Detailed Comments:

Alleged service on 12/18/21 to a "Keshawn Nedd" who does not exist, with uncanny resemblance to Affidavit of Service in CV-000965-20/RI, in which traverse sustained. At 1/8/24 hearing, process server failed to bring logbook. Stephen Giametta, Esq., appearing for Malen & Associates P.C., represented that Plaintiff would promptly investigate and follow up with counsel for Defendant. Judge adjourned on the condition Plaintiff would promptly investigate and discontinue to avoid future losses to Defendant unless able to establish service was proper. Return date 2/26/24.

Signature _____      Date **January 18, 2024**

Print Name **Claire Mooney, Esq., DV-Consumer Staff Attorney**

Please submit this form and any attachments to DCA by e-mailing TraverseReports@dca.nyc.gov.

# Exhibit B



**New York State Unified Court System**

nycourts.gov

## Affidavit of Facts
## by Original Creditor

UCS-CCR3 (05/2022)
Page **1**
nycourthelp.gov

The undersigned, being duly sworn, deposes and says:

1.  I, **Marva Hinton** am a/an [⊠employee ☐officer ☐member] of **Capital One, N.A. successor by merger to Capital One Bank (USA), N.A.** ("Plaintiff"), and I have access to Plaintiff's books and records ("Business Records"), including electronic records, relating to the account ("Account") of **LORETTA WATKINS** ("Defendant"). The last four digits of the Account number are **XXXXXXXXXXX0495**. In my position, I have personal knowledge of the procedures for creating and maintaining Plaintiff's Business Records. Plaintiff's Business Records were made in the regular course of business, and it was the regular course of such business to make the Business Records. The records were made at or near the time of the events recorded. Based on my review of Plaintiff's Business Records, I have personal knowledge of the facts set forth in this affidavit.

2.  **[*Check this paragraph if Servicer*]**
    ☐ Servicer is the servicer for the Plaintiff in the underlying action. Plaintiff has authorized Servicer to service and maintain the Business Records relating to the Account, along with giving testimony and executing affidavits, declarations, and certifications on behalf of Plaintiff regarding the Account.

3.  Plaintiff and Defendant entered into a credit agreement ("Agreement"). Defendant agreed to pay Plaintiff for all goods, services and cash advances provided pursuant to the Agreement. The amount of the last payment, if any, made by Defendant was **$400.00**, made on **06/02/2022** Defendant is now in default and demand for payment has been made. A true and correct copy of the Agreement or document(s) evidencing the Agreement is/are attached as an exhibit to this affidavit.

4.  **[*Check this paragraph if seeking judgment on an account stated cause of action*]**

    ☐ I have personal knowledge of Plaintiff's procedures for generating and mailing account statements to customers. It is the regular practice of Plaintiff's business to provide periodic account statements to its customers. On or about ____/____/_____, Plaintiff sent one or more account statements relating to the Account to Defendant stating the amount due as $_____. The account statement(s) were mailed to Defendant's last known address and Plaintiff's records do not reflect that the statement(s) were returned by the post office or that the Defendant objected to them. A true and correct copy of the final account statement(s) is attached as an exhibit to this affidavit.

5.  **[*Check this paragraph if seeking judgment on a revolving consumer credit account*]**

    ⊠ At this time, Defendant owes **$14725.22** on the Account. This amount includes a charge-off balance of **$14725.22** post-charge-off interest of **$00.00** post-charge-off fees and charges of **$00.00** less any post-charge-off credits or payments made by or on behalf of the Defendant of **$00.00**.

---



**ADA Accommodations**
ada@nycourts.gov • 212-428-2760



**Spoken or Sign Language Interpreters**
interpreter@nycourts.gov • 646-386-5670

**COURT Help**
1-800-COURT-NY(268-7869)

6. [*Check this paragraph if seeking judgment on a non-revolving consumer credit account*]

☐ At this time, Defendant owes $_____ on the Account.  As set forth in the exhibits attached hereto and made a part hereof, this amount is broken out by (i) principal; (ii) finance charge or charges; (iii) fees imposed by the original creditor; (iv) collection costs; (v) attorney's fees; (vi) interest; and (vii) any other fees and charges, less any credits or payments made by or on behalf of the Defendant of $_____.

7. As set forth in New York CPLR Article 50, the interest rate applicable to the Account pursuant to section five thousand four of this chapter applies.

8. [*Check if not seeking post-judgment interest*]

☒ Plaintiff explicitly disclaims any right to post-judgment interest on this Account.

**WHEREFORE**, deponent demands judgment against Defendant for **$14725.22** together with the costs and disbursements of this action.

The above statements are true and correct to the best of my personal knowledge.

Dated:  5 / 18 / 2023

_____
Affiant Signature

Commonwealth of Virginia, County of Henrico

_____
**Marva Hinton**
Affiant Name

Sworn to before me this ___18___ day of ___May_____ ,20_23_.

_____
Notary Public

ANJANETTE D MORING
NOTARY
PUBLIC
REG # 7682342
MY COMMISSION
EXPIRES
07/31/2024
COMMONWEALTH OF VIRGINIA

## CERTIFICATE OF CONFORMITY
## NYS RPL § 299-a

The undersigned does hereby certify that he is an attorney-at-law duly admitted to practice in the Commonwealth of Virginia and residing in the Commonwealth of Virginia; that he is fully acquainted with the laws of the Commonwealth of Virginia pertaining to the acknowledgment or proof of deeds of real property to be recorded therein; and that he is a person duly qualified to make this certificate of conformity pursuant to Section 299-a of the Real Property Law of the State of New York. The undersigned certifies that the acknowledgment upon the foregoing document by Marva Hinton, before Anjanette D. Moring, a notary public in the Commonwealth of Virginia, was taken in the manner prescribed by the laws of the Commonwealth of Virginia and conforms to those laws in all respects.

Witness my signature this _____18_____ day of May 2023.

William Weaver Snidow, Jr.
Virginia State Bar No. 43219

## Capital One Account Itemization

Defendant's Full Name      **LORETTA WATKINS**

Last Payment Date      **06/02/2022**

Last Payment Amount      **$400.00**

Charge Off Date      **01/09/2023**

Charge Off Amount      **$14725.22**

Total Post Charge Off Interest      **$00.00**

Total Post Charge Off Fees      **$00.00**

Total Post Charge Off Credits      **$00.00**

N00000051987111
1012993398
A330
MALEN & ASSOCIATES, P.C.



QUICKSILVER

Quicksilver Credit Card | Visa Signature ending in 0495
Jul 09, 2022 - Aug 08, 2022   |  31 days in Billing Cycle

## Payment Information

| | |
|---|---|
| Payment Due Date | For online and phone payments, the deadline is 8pm ET. |
| **Sep 02, 2022** | |
| New Balance | Minimum Payment Due |
| **$13,274.57** | **$1,168.00** |

**LATE PAYMENT WARNING:** If we do not receive your minimum payment by your due date, you may have to pay a late fee of up to $40.00.

**MINIMUM PAYMENT WARNING:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Minimum Payment | 28 Years | $39,525 |

If you would like information about credit counseling services, call 1-888-326-8055.

## Account Summary

| | |
|---|---|
| Previous Balance | $12,880.05 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $103.17 |
| Cash Advances | + $0.00 |
| Fees Charged | + $40.00 |
| Interest Charged | + $251.35 |
| **New Balance** | **= $13,274.57** |
| Credit Limit | $13,000.00 |
| Available Credit (as of Aug 08, 2022) | $0.00 |
| Cash Advance Credit Limit | $5,000.00 |
| Available Credit for Cash Advances | $0.00 |



Get your account
**back on track.**
Visit capitalone.com to make a payment today.

## Account Notifications

Please check page 3 of this statement for your Account Notifications.

---

Pay or manage your account at capitalone.com        Customer Service: 1-800-227-4825        See reverse for Important Information



LORETTA WATKINS
11418 178TH ST
JAMAICA, NY 11434-1408



Save time, stay informed.
Discover new features with the Capital One Mobile app.

Scan this QR Code with your phone's camera to download the top-rated Capital One Mobile app.

Payment Due Date: **Sep 02, 2022**         Account ending in 0495

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| **$13,274.57** | **$1,168.00** | $ _____ |

Capital One
P.O. Box 6492
Carol Stream IL 60197-6492

Please send us this portion of your statement and only one check (or one money order) payable to Capital One to ensure your payment is processed promptly. Allow at least seven business days for delivery.



QUICKSILVER

**Quicksilver Credit Card | Visa Signature ending in 0495**
Dec 09, 2022 - Jan 08, 2023 | 31 days in Billing Cycle

## Payment Information

| | |
|---|---|
| Payment Due Date | For online and phone payments, the deadline is 8pm ET. |
| **PAST DUE** | |

| New Balance | Minimum Payment Due |
|---|---|
| $14,725.22 | $14,725.22 |

**IMPORTANT:** Your account has charged off and is now serviced by the Recoveries department at 1-800-258-9319. Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

## Account Summary

| | |
|---|---|
| Previous Balance | $14,411.67 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $313.55 |
| **New Balance** | **= $14,725.22** |
| Available Credit (as of Jan 08, 2023) | N/A |

## Account Notifications

(i) New York residents may contact the New York State Department of Financial Services to obtain a comparative listing of credit card rates, fees, and grace periods. Contact the New York State Department of Financial Services: 1-877-226-5697 or www.dfs.ny.gov.

Pay or manage your account at capitalone.com          Customer Service: 1-800-227-4825          See reverse for Important Information



LORETTA WATKINS
11418 178TH ST
JAMAICA, NY 11434-1408

Payment Due Date: **Past Due**          Account ending in 0495

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $14,725.22 | $14,725.22 | $ _____ |

Capital One
P.O. Box 4069
Carol Stream IL 60197-4069

Please send us this portion of your statement and only one check (or one money order) payable to Capital One to ensure your payment is processed promptly. Allow at least seven business days for delivery.

# Exhibit C

Alli

**C O N S U M E R   C R E D I T   T R A N S A C T I O N**
**IMPORTANT!! YOU ARE BEING SUED!!!!**

**T H I S   I S   A   C O U R T   P A P E R - A   S U M M O N S**

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE T PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS T THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!**

CIVIL COURT OF THE CITY OF NEW YORK                    SUMMONS
COUNTY OF QUEENS                                                                    **005138**
------------------------------------------------------
CAPITAL ONE, N.A.                                        Index No.:
                                                         File No. 0808M 409795
                                                         Client Acct No: XXXXXXXXXXXX0495

                                                         **COPY**
                                                         **ORIGINAL PAPERS**
                                                         **RECEIVED AND FILED**
          Plaintiff                                      **ON   MAR 2 4 2023**
          -against-
                                                         **CIVIL COURT**
LORETTA WATKINS                                          **QUEENS COUNTY**

                                          The basis of venue designated is: County in which defendant(s) resides
          Defendant(s)                    11418 178TH ST JAMAICA NY 11434-1408
------------------------------------------------------
                                          Plaintiff's Address:
                                          15000 Capital One Drive
                                          Richmond, VA 23238

To the above named defendant(s)
    YOU ARE HEREBY SUMMONED and required to appear in the Civil Court of the City of New York, County of QUEENS    at the office of the Clerk of the said Court at: 89-17 Sutphin Boulevard Jamaica, NY 11435-3710 in the County of QUEENS        City and State of New York, within the time provided by law as noted below and to file your answer to the complaint with the Clerk: upon your failure to answer, judgment will be taken against you for the sum of $ 14725.22    together with statutory costs and disbursements of this action.

Mar 21, 2023

        

MALEN & ASSOCIATES, P.C.
Attorneys for Plaintiff
123 Frost Street, Suite 203
Westbury, New York 11590
(516) 334-3500  Ext: 5905                   Adam Hughes, Nicholas Templeton, Dana Arrick
New York City Department of Consumer Affairs License: 2046078-DCA
NOTE:  The law provides that: (a)  If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

This is an attempt to collect a debt, any information obtained will be used for that purpose.
We are a Debt Collector.

## TRANSACCION DE CREDITO DEL CONSUMIDOR
## !IMPORTANTE! !UD. HA SIDA DEMANDADO!

## ESTE ES UN DOCUMENTO LEGAL- UNA CITACION

**!NO LA BOTE! CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). !SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES,(PROPIEDAD) Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OT LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTTE INMEDIATAMENTE. !VENGA EN PERSONA Y E SECRETARIO DE LA CORTE LE AYUDARA!**

CORTE CIVIL DE LA CIUDAD DE NUEVA YORK                         CITACION
CONDADO DE QUEENS
--------------------------------------------                  No. de epigrafe

CAPITAL ONE, N.A.

            Demandante
                        La razon de haber designado est corte es: County in which defendant(s) resides
      against
LORETTA WATKINS

            Demandado
--------------------------------------------
                   Residencia del Demandante Direccion:
                   15000 Capital One Drive
                   Richmond, VA 23238
Al demandado arriba mencionado:
                   USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Conado de
QUEENS          a la oficina del Jefe Principal de dicha Corte en 89-17 Sutphin Boulevard Jamaica, NY 11435-3710
en el Condado de QUEENS        Ciudad y Estado de Nueva York
dentro del tiempo provisto por la ley segun abajo indicado y a presentar su respuesta a la demanda a la Jefe de la Corte
si usted no comparece a contestar, se rendira sentencia contra usted en la suma de 14725.22
incluyendo las costa y desembolsos estatutarios de esta causa.

Mar 21, 2023

      MALEN & ASSOCIATES, P.C.      Abogado(s) del
Direccion   123 FROST STREET, SUITE 203   Demandante
   &      WESTBURY, NEW YORK 11590
Telefone    (516) 334-3500 Ext: 5905
New York City Department of Consumer Affairs License: 2046078-DCA

NOTA: La Ley provee que: (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de VEINTE dias despues de la entrega; o (b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera de la Ciudad de Nueva York, o por medio de publicacion, o por otros medios que no fueran entraga personal a usted en la Ciudad de Nueva York, usted tiene TREINTA dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

INDEX #:

--------------------------------------------X

OUR FILE #: 0808M -409795

CAPITAL ONE, N.A.

          Plaintiff,

       -against-

COMPLAINT

LORETTA WATKINS

        Defendant(s)

Plaintiff's Address:
   15000 Capital One Drive
   Richmond, VA 23238

--------------------------------------------X

PLAINTIFF BY ITS ATTORNEYS, MALEN & ASSOCIATES, P.C. COMPLAINING OF the Defendant(s),
allege(s) upon information and belief:

1. Plaintiff is a National Banking Association and is the Original Creditor.
   Capital One, N.A. is the successor by merger to Capital One Bank (USA), N.A.

   Upon information and belief Plaintiff is not required to be licensed by the New York City Department of
   Consumer Affairs.
2. Defendant LORETTA WATKINS resides or has its principal place of
   business at: 11418 178TH ST JAMAICA NY 11434-1408

3. Upon Information and belief the transaction of business occurred within QUEENS County.

4. CAUSE OF ACTION NUMBER ONE:
   Defendant(s) executed an agreement wherein Plaintiff agreed to extend credit or cash advance on a revolving basis which
   credit or advance was to be paid in monthly installments. There remains due and owing the sum of $14725.22.

Account number ending in: XXXXXXXXXXX0495 Card Type: QUICKSILVER

5. That no portion of the aforementioned sum has been paid, although duly demanded.

   Plaintiff expressly disclaims any right to attorney fees that it may have.

   Total amount due of debt at Charge-Off: $ 14725.22
   Total amount of Interest accrued since Charge-Off: None
   Total amount of Non-Interest charges or fees accrued since Charge-Off: None
   Total amount credited since Charge-Off: $ .00

   Date of last payment: 06/02/22 Amount of last payment: $ 400.00

   The Account Balance printed on the most recent monthly statement recording a purchase
   last payment or balance transfer: $ 13274.57

   WHEREFORE Plaintiff demands judgment against Defendant(s) in the sum of $14725.22 on the first cause of action;
together with statutory costs and disbursements.

DATED: Mar 21, 2023
   Westbury, New York

MALEN & ASSOCIATES, P.C.
Attorneys for Plaintiff
123 Frost Street, Suite 203
Westbury, N.Y. 11590
(516) 334-3500 Extension: 5905

Adam Hughes, Nicholas Templeton, Dana Arrick

This is an attempt to collect a debt. Any information obtained will be
used for that purpose. We are a Debt Collector.

New York City Department of Consumer Affairs License: 2046078-DCA



CIVIL COURT OF THE CITY OF NEW YORK

County of QUEENS

Index number and date of filing
appeared on summons and complaint
when served.

| CAPITAL ONE, N.A. | |
|---|---|
| | **Plaintiff/Petitioner** |
| - against - | |
| **LORETTA WATKINS (409795)** | |
| | **Defendant/Respondent** |

Index # 5138/23
Filing Date: 3/24/2023

**MALEN & ASSOCIATES PC**
**123 FROST ST**
**WESTBURY, NY 11590**
**(172758)**

**CCT**

STATE OF NEW YORK: COUNTY OF SUFFOLK: ss:

HASHEM HUSSEIN #2104147 , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/7/2023 AT 6:16 AM at 11418 178TH ST, JAMAICA 11434-1408, N.Y. deponent served the within SUMMONS & COMPLAINT on LORETTA WATKINS defendant/respondent named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with ISAIAH WATKINS a person of suitable age and discretion at 11418 178TH ST, JAMAICA 11434-1408, N.Y. - defendant's/respondent's usual place of abode.

Deponent completed service by mailing a copy of the SUMMONS & COMPLAINT in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 4/18/2023 at defendant's/respondent's last known residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Approx. Age: 20    Approx. Weight: 165    Approx. Height: 5'9"    Sex: Male    Skin: Black    Hair: Black

OTHER: RELATIVE
**CANNOT ASCERTAIN PLACE OF BUSINESS**

Sworn to before me this 4/25/2023

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 6/31/2023

_____
Notary Public

_____
HASHEM HUSSEIN #2104147

QUEENS CIVIL COURT FILED MAY 3, 2023

MALEN & ASSOCIATES, p.c.
  Attorneys at Law
  -----------------------------------------------------------------
                              123 Frost Street, Suite 203
                              Westbury, NY 11590
                              -------
                              (516) 334-3500 Ext: 5905


May 4, 2023


LORETTA WATKINS
11418 178TH ST
JAMAICA NY 11434-1408


        Creditor: CAPITAL ONE, N.A.
        Original Creditor: CAPITAL ONE BANK (USA), N.A.
        File Number: 0808M 409795 34
        Account No. ending in: 0495 Card Type: QUICKSILVER
        Balance:   14725.22
        No interest will be added.


        We are the attorneys for the above named Creditor.  We
have received an affidavit from our process server that a
summons and complaint has been served upon you with respect
to the above entitled Creditor.

        We have enclosed a copy of the summons that was
served upon you.

        If you wish to discuss this matter to avoid further
legal proceedings, it is suggested that you call this office
immediately.
You may make a payment online at www.malenpay.com.
        It is imperative that you give this matter your prompt
attention.



        <u>This is an attempt to collect a debt any information obtained</u>
<u>will be used for that purpose. We are a Debt Collector.</u>

                              Very truly yours,
                              MALEN & ASSOCIATES, p.c.

                              By:
                                  Adam Hughes
Encl: Summons                     Dana Arrick
AH:                               Nicholas Templeton
t20day
maryjoy

New York City Department of Consumer Affairs License: 2046078-DCA

# Exhibit D

409795

## Queens County Civil Court
### Civil Judgment

| | |
|---|---|
| **Plaintiff(s):** | **Index Number: CV-005138-23/QU** |
| CAPITAL ONE, N.A. | |
| | Judgment issued:  On Default |
| vs. | |
| | On Motion of: |
| **Defendant(s):** | |
| LORETTA WATKINS | Malen & Associates PC |
| | 123 Frost Street, SUITE 203, Westbury, NY 11590 |

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $14,725.22 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $0.00 | Consumer Credit Fee | $95.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $0.00 |
| Interest | $0.00 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $0.00 | Jury Demand Fee | $0.00 | | |

| **Total Damages** | $14,725.22 | **Total Costs & Disbursements** | $165.00 | **Judgment Total** | $14,890.22 |
|---|---|---|---|---|---|

This court has determined this case to be a consumer debt action against a natural person, therefore the 2% post-judgment interest rate pursuant to NY CPLR §5004(a) applies.

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) CAPITAL ONE, N.A.
15000 CAPITAL ONE DR., RICHMOND, VA 23238

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) LORETTA WATKINS
11418 178TH ST, Jamaica, NY 11434-1408

Judgment entered at the Queens County Civil Court, 89-17 Sutphin Boulevard, Jamaica, NY 11435, in the STATE OF NEW YORK in the total amount of **$14,890.22 on 04/18/2024 at 06:37 PM.**

Judgment sequence 1

*Alia A. Razzaq*

Alia Razzaq, Chief Clerk



State of New York DEPARTMENT OF MOTOR VEHICLES Empire State Plaza, Albany, New York 12228

## ABSTRACT OF DRIVING RECORD

PRINT DATE: 03/22/2023  TIME: 00:01                    1011089

                                          CLIENT ID #: 1174 009442

WATKINS LORETTA L                         DOB:                 SEX: F
11418 178TH ST                            HEIGHT: 5-10  EYE COLOR: BROWN
JAMAICA          NY 11434                 COUNTY: QUEE
                                          MI #: W01721 91159 58589147

NAME ON LICENSE/ID: WATKINS
                    LORETTA L

RESTRICTIONS: CORRECTIVE LENSES

LICENSE CLASS *D*              STATUS: VALID   EXPIRATION: 06/05/2027

*******************************   ACTIVITY   ********************************
CLASS CHANGE: 06/02/1994    NEW *D*      OLD *5*

*****************************   END OF RECORD   ****************************

This is to certify that this document is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York. The record was made in regular course of New York State Department of Motor Vehicles daily business. It is the business of the New York State Department of Motor Vehicles to create and maintain the records of drivers in the state of New York. Entries in this document are made at the time the recorded transactions or events took place or within a reasonable time thereafter. The person who reports the information is under a business duty to do so accurately.

ABS-3 (01/18)

*Mark J.F. Schroeder*

COMMISSIONER OF MOTOR VEHICLES

Index #: 5138/23
File# 409795

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
 CAPITAL ONE, N.A.

                              Plaintiff,

              -against-

LORETTA WATKINS

                              Defendant.

-----------------------------------------------------------------x


AFFIRMATION IN OPPOSITION


MALEN & ASSOCIATES, p.c.
Attorneys for Plaintiff
123 Frost Street, Suite 203
Westbury, New York 11590
(516) 334-3500


To:    Pooja Patel, Esq.
       Camba Legal Services
       20 Snyder Ave
       Brooklyn Ny  11226


NOTICE: THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION
OBTAINED SHALL BE USED FOR THAT PURPOSE. WE ARE DEBT COLLECTORS.

New York City Department of Consumer and Worker Protection License: 2046078-DCA

**CIVIL COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

```
------------------------------------------------------------------  X
                                                          :        Index No.: CV-5138/2023
CAPITAL ONE, N.A.,                                        :
                                    Plaintiff,            :
                                                          :        REPLY AFFIRMATION
          – against –                                     :
                                                          :
LORETTA WATKINS,                                          :
                                    Defendant.            :
                                                          :
                                                          :
------------------------------------------------------------------  X
```

     Pooja Patel, Esq., an attorney duly licensed to practice law in the state of New York, hereby affirms the following to be true pursuant to C.P.L.R. § 2106 and under the penalties of perjury states that:

1. I am a staff attorney with CAMBA Legal Services, Inc., attorneys for the Defendant, Loretta Watkins ("Defendant" or "Ms. Watkins"). As such, I am fully familiar with the facts and circumstances underlying this proceeding, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true. The basis of my belief is information provided to me by my client and information contained within the court file.

2. I submit this Reply Affirmation in response to Plaintiff's Opposition and in support of Ms. Watkins's Order to Show Cause asking this Court to issue an Order: (i) pursuant to C.P.L.R. § 5015(a)(4) vacating the default judgment and dismissing the complaint or ordering a traverse hearing; or in the alternative, (ii) pursuant to C.P.L.R. § 5015(a)(1), vacating the default judgment, restoring the case to the calendar, and deeming the attached proposed verified answer served and filed; and (iii) granting such other and further relief as this Court deems just and proper.

1

**ARGUMENT**

1. Plaintiff raises two main arguments against Ms. Watkins's Order to Show Cause: first, that this Court has personal jurisdiction against Ms. Watkins because her denial of the Summons and Complaint was conclusory, and second, that she has failed to assert a reasonable excuse and meritorious defense.

2. However, Ms. Watkins's Affirmation rebuts process server Hussin's Affidavit of Service in detail, requiring a traverse hearing under C.P.L.R. § 5015(a)(4).

3. Alternatively, this Court should grant her Order to Show Cause pursuant to C.P.L.R. § 5015(a)(1) because she has a reasonable excuse and meritorious defense.

**A. Ms. Watkins's Affidavit Refutes Process Server Hussein's Affidavit in Great Detail, and this Court Should Grant Her OSC Pursuant to C.P.L.R. § 5015(a)(4).**

4. When a Defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the process server's Affidavit of Service, Plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing. *U.S. Bank, N.A. v Peralta*, 142 AD3d 988, 989 (App. Div. 2d Dep't. 2016); *Fuentes v. Espinal*, 153 AD3d 500, 501 (App. Div. 2d Dep't., 2017) (granting a hearing in a case where substitute service was alleged and the Defendant asserted that the individual allegedly served does not match the description of anyone with whom they resided).

5. Plaintiff's Opposition cites to a case in which the Defendant failed to refute the contents of the Affidavit of Service and gives a conclusory allegation that they were not served. *Sando Realty Corp. v. Aris*, 209 A.D.2d 682 (App. Div 2d Dep't., 1994).

6. In contrast to the facts in *Sando*, Ms. Watkins's Affirmation to her OSC outlines in detail how service as alleged would have been impossible.

2

7. First, she explains that she does not know anyone by the name of Isaiah and that she has not had anyone in her home matching the description of a twenty-year old, 165 pound, 5'9" male with black skin and black hair. Watkins Aff. ¶¶ 10-11.

8. Next, she states that she has lived alone since the passing of her husband in 2019 and does not keep house guests. *Id.* ¶ 12.

9. She describes that her two sons, Renard Fields and Bobby Fields, are aged 46 and 50, that they do not reside with her, and that one of them has another place to stay at when he is in New York City. *Id.* ¶ 13.

10. She emphasizes that there is nobody in her family or circle of friends who is twenty years old or named Isaiah. *Id.* ¶¶ 15-16.

11. Finally, she states that she did not receive the Summons and Complaint in the mail. *Id.* ¶ 18.

12. In addition, the Attorney Affirmation in support of her OSC explains how just four minutes before process server Hashem Hussain allegedly served Ms. Watkins, he was allegedly at 172-14 133rd Avenue, Apartment 9A, Jamaica, NY 11434, substitute serving a person named Jennifer Walburg for a case against Defendant Richard Walburg. Process server Hussein swore to it in his Affidavit of Service filed in the case *Capital One, N.A. v. Richard Walburg*, Index No. CV-5137/23.

13. Mr. Walburg's home is located about a half hour away from Ms. Watkins's home. Therefore, service as alleged would have been impossible. OSC Ex. E.

14. Ms. Watkins's Attorney Affirmation also lays out in detail how process server Hussein has a pattern and practice of serving fictitious individuals with the same last name as the defendant by substitute service.

15. This level of detail, which Plaintiff fails to acknowledge in its Opposition, is sufficient to rebut Plaintiff's affidavit and require a traverse hearing. *Fuentes* at 501.

**B. Ms. Watkins's Reasonable Excuse and Meritorious Defense as Pleaded is Sufficient for this Court to Grant her OSC under C.P.L.R. 5015(a)(1).**

16. Plaintiff attempts to argue that Ms. Watkins does not have a reasonable excuse and that she had notice of this proceeding and the judgment because on February 7, 2023, she contacted Plaintiff's attorney. Opp ¶ 13. I notified her of this case in August 2024, after searching her name on eCourts.

17. Nevertheless, since Plaintiff did not allege to have completed service until April 18, 2023, did not even file the Summons and Complaint until March 24, 2023, and did not obtain a judgment until the following year, on April 18, 2024, it would have been impossible for Ms. Watkins to have had any notice of this case or of the judgment as of February 7, 2023.

18. Second, Plaintiff's statement that Ms. Watkins lives at the address on file with the New York State Department of Motor Vehicles is nonresponsive to her Affirmation. Ms. Watkins does not dispute that 114-78 178th Street, Jamaica, New York 11434 is her home. Watkins Aff. ¶ 4.

19. The crux of her reasonable excuse defense is that the process server made up a name and description for a fictitious household member and that she did not know to appear.

20. Lastly, Ms. Watkins's Affidavit contains the meritorious defense that the amount sought in Plaintiff's Complaint is incorrect. Watkins Aff. ¶¶ 21-25.

21. She asserts that she never had a balance as high as $14,890.22. *Id.* ¶ 21.

22. In support of this statement, she states that she is a retired senior and tries to keep her daily expenses low. *Id.* ¶ 23.

4

23. Specifically, she used the card for small daily purchases. *Id.* ¶ 24.

24. Finally, she states that she had been making payments on the card, so even with interest, she does not think the balance could be as high as the judgment amount. *Id.* ¶ 25.

25. These first-hand sworn statements are enough to raise a potentially meritorious defense.

**WHEREFORE**, we respectfully request, on behalf of Ms. Loretta Watkins, that the Court issue an Order: (i) vacating the default judgment and dismissing the action or ordering a traverse hearing; or in the alternative, (ii) vacating the default judgment, restoring the case to the calendar, and deeming the attached proposed verified answer served and filed; and (iii) granting such other relief as may be just and proper.

Dated: April 18, 2025
      Brooklyn, New York

By: Pooja Patel, Esq., Of Counsel
CAMBA Legal Services, Inc.
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, NY 11226
Pooja.Patel@camba.org
(718) 940-6311 ext. 79285
*Attorneys for the Defendant*

To:    Malen & Associates, P.C.
       123 Frost Street, #203
       Westbury, NY 11590
       *Attorneys for the Plaintiff*

5

CIVIL COURT CITY OF NEW YORK
COUNTY OF QUEENS

**Index No.: CV-5138**     **Year: 2023**

CAPITAL ONE, N.A.,

Plaintiff,

-against-

LORETTA WATKINS,

Defendant(s).

**REPLY AFFIRMATION**

Signature (Rule 130-1.1-a)

Print name beneath
Pooja Patel

*Attorney for*
**CAMBA LEGAL SERVICES, INC.**
Elizabeth Miller, Esq.,

*Office and Post Office Address, Telephone*
20 Snyder Avenue
Brooklyn, New York 11226
718-940-6311

To: Malen & Associates, P.C.

Attorneys for Plaintiff

Service of a copy of the within is hereby admitted.
Dated,

_____

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a
(certified) true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, Etc.,

**CAMBA LEGAL SERVICES, INC.**
Elizabeth Miller, Esq.,

*Office and Post Office Address*
20 Snyder Avenue
Brooklyn, New York 11226

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be
presented for settlement to the Hon.

one of the judges of the within named Court,

at
on
at
Dated,                M.

Yours, Etc.,

**CAMBA LEGAL SERVICES, INC.**
Elizabeth Miller, Esq.,

*Office and Post Office Address*
20 Snyder Avenue
Brooklyn, New York 11226

To

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
CAPITAL ONE, N.A.,

        Plaintiff,

    -against-

LORETTA WATKINS,

        Defendant.
-------------------------------------------------------------X

**JUDICIAL SUBPOENA DUCES TECUM**

Index No. CV-5138/23

TO:      Hashem Hussein
           1455 Ovington Avenue, Apt B2
           Brooklyn, NY 11219

     YOU ARE HEREBY COMMANDED to produce by email to Defendant's attorney at pooja.patel@camba.org and by mail at the offices of CAMBA Legal Services, 20 Snyder Avenue, Brooklyn, NY 11226 on or before the **26th of May, 2025**, **copies** of the following documents and things of which you have custody or control along with a DCA records certification:

1. Your electronic logbook records from October 1, 2022 through September 30, 2023.

2. All of your electronic Global Positioning System records from October 1, 2022 through September 30, 2023.

     Failure to comply with this subpoena is punishable as contempt of court and shall make you liable for all damages sustained by the Defendant because of your failure and a penalty of fifty dollars ($50.00) as well. All papers of other items delivered pursuant to such subpoena shall be accompanied by a copy of such subpoena.

Dated: May 14, 2025
        Brooklyn, NY

                                        _____
                                        CAMBA LEGAL SERVICES, INC.
                                        *Attorneys for the Defendant*
                                        By: Pooja Patel, Esq., of Counsel to
                                        Elizabeth Miller, Esq., General Counsel
                                        20 Snyder Avenue
                                        Brooklyn, New York 11226
                                        pooja.patel@camba.org
                                        (718) 940-6311 x 79285

cc:     Malen & Associates
        123 Front Street #123
        Westbury, NY 11590
        *Attorneys for the Plaintiff*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

Index No.: CV-5138/23

**CAPITAL ONE, N.A.,**

**Plaintiff,**

-against-

**LORETTA WATKINS,**

**Defendant.**

**SUBPOENA DUCES TECUM**

Signature (22 NYCRR §130-1.1a)

Pooja Patel

CAMBA LEGAL SERVICES, INC.
By: Pooja Patel, Esq.
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, NY 11226
Tel: 718-940-6311 x 79285
Email: Pooja.Patel@camba.org
*Attorneys for the Defendant*

To:     Hashem Hussein
        1455 Ovington Avenue, Apt B2
        Brooklyn, NY 11219

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
CAPITAL ONE. N.A.,                                    Index No.: CV-5138/2023

                        Plaintiff,

                                                      **STIPULATION TO VACATE AND**
            -against-                                 **DISCONTINUE**

LORETTA WATKINS,

                        Defendant.
------------------------------------------------------------X

        Defendant's Order to Show Cause is granted, and this case is discontinued as follows:

1.  The default judgment against Defendant is vacated.

2.  Any liens, restraints, or other enforcement mechanisms are vacated, and any monies taken
    from Defendant are to be returned forthwith.

3.  The above-captioned case is discontinued.

4.  This stipulation may be executed in counterparts, and the parties agree that an electronic
    copy of this stipulation shall be accepted as an original.

_____          _____
Malen & Associates, P.C.                  CAMBA Legal Services
*Attorneys for Plaintiff*                 *Attorneys for Defendant*
By: Adam Hughes, Esq.                     By: Pooja Patel, Esq., Of Counsel to
123 Frost Street                          Elizabeth Miller, Esq., General Counsel
Westbury, NY 11590                        20 Snyder Avenue
(516) 334-3500                            Brooklyn, New York 11226
AHughes@malen.com                         (718) 940-6311, x 79285
                                          Pooja.Patel@camba.org

Dated: June 2, 2025

                        SO ORDERED

                HON. PATRICK HAYES TORRES

Civil Court
of the
City of New York
JUN 03 2025
ENTERED
QUEENS COUNTY

MALEN & ASSOCIATES, p.c.
Attorneys at Law

123 Frost Street                                    (516) 334-3500
Westbury, New York  11590                               Ext: 5922

Jul  3, 2025

POOJA PATEL, Attorney CAMBA LEGAL SERVICES
20 SNYDER AVE
BROOKLYN NY  11226

                    Creditor: CAPITAL ONE, N.A.
                    Debtor(s): LORETTA WATKINS
                    Our File No: 0808M 409795
                    Account Ending In: XXXXXXXXXXX0495 Card Type: QUICKSILVER
                    Originating Creditor: CAPITAL ONE BANK (USA), N.A.
                    Index#:

Dear POOJA PATEL, Attorney CAMBA LEGAL SERVICES

Enclosed please find a copy of: Refund Check

This is an attempt to collect a debt, any information obtained shall
be used for that purpose. We are Debt Collectors.

Very truly yours,
MALEN & ASSOCIATES, p.c.

By:
   Denise Romanelli
   Legal Assistant

Enc.

New York City Department of Consumer Affairs License: 2046078-DCA

coverltr denise

ORIGINAL DOCUMENT PRINTED WITH MICROPRINTED BORDER ON FRONT AND SECURE DOCUMENT WATERMARKS ON BACK - HOLD AT ANGLE TO VIEW.

761674

**Malen & Associates, p.c.**
Attorneys At Law
Operating Account
123 Frost Street
Westbury, NY 11590
516.334.3500

Date
07/02/25

Amount
**269.06**

Pay:   *** two hundred sixty-nine and 06/100 dollars ***

Pay To The Order Of:  **LORETTA WATKINS**

Memo: REF 409795

AUTHORIZED SIGNATURE