UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

LORETTA WATKINS,

                  Plaintiff,

v.

MALEN & ASSOCIATES, P.C., HASHEM
HUSSEIN, A & F PROCESS SERVICE, INC. d/b/a
ALLIED PROCESS SERVICE, and CAPITAL ONE,
N.A.,

                  Defendants.

------------------------------------------------------------------ X

Case No. 1:25-cv-04295-EK-LKE

**Date of Service: February 23, 2026**


**CAPITAL ONE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**


Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One, N.A.*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    I.     Plaintiff's Opposition Confirms Her Conversion Claim Fails............................... 2

    II.    The Opposition Confirms Plaintiff's Gross Negligence Claim Should Be
           Dismissed........................................................................................................ 5

    III.   Plaintiff May Not Assert A New Theory Of Liability In Her Opposition............. 7

    IV.   Circumstances And Context Weigh In Favor Of Dismissal Of Plaintiff's
           GBL Claim....................................................................................................... 8

CONCLUSION ................................................................................................................. 10

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Ashcroft. v. Iqbal*,
   556 U.S. 6625 (2009)...................................................................................................6

*Bam Bam Entm't LLC v. Pagnotta*,
   75 N.Y.S.3d 804 (Sup. Ct. Kings Cnty. 2018)............................................................4

*Bodur v. Palisades Collection, LLC*,
   829 F. Supp. 2d 246 (S.D.N.Y. 2011)..........................................................................8

*Chem. Bank v. Ettinger*,
   602 N.Y.S.2d 332 (N.Y. App. Div. 1st Dep't 1993) ...................................................3

*Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*,
   No. 22-CV-05006-CM, 2022 WL 17342495 (S.D.N.Y. Nov. 30, 2022) .............................2, 3

*D'Amico v. Waste Mgmt. of New York, LLC*,
   No. 6:18-CV-06080 EAW, 2019 WL 1332575 (W.D.N.Y. Mar. 25, 2019) ............................6

*Hawkins-El v. First Am. Funding, LLC*,
   891 F. Supp. 2d 402 (E.D.N.Y. 2012) .........................................................................6

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender*
   *& Co., Inc.*,
   37 N.Y.3d 169 (2021) ..................................................................................................9

*Morales v. Kavulich*,
   294 F. Supp. 3d 193 (S.D.N.Y. 2018)..........................................................................9

*Okocha v. HSBC Bank USA, N.A.*,
   700 F. Supp. 2d 369 (S.D.N.Y. 2010)........................................................................1, 3

*Okyere v. Palisades Collection, LLC*,
   961 F. Supp. 2d 508 (S.D.N.Y. 2013)..........................................................................8

*Polanco v. NCO Portfolio Mgmt., Inc.*,
   132 F. Supp. 3d 567 (S.D.N.Y. 2015)..........................................................................4

*Polanco v. NCO Portfolio Mgmt., Inc.*,
   23 F. Supp. 3d 363 (S.D.N.Y. 2014).............................................................................4

*Spagnola v. Chubb Corp.*,
   574 F.3d 64 (2d Cir. 2009)...........................................................................................9

*Spira v. Capital One*,
    Case No. 1:19-cv-02624 (E.D.N.Y. 2019)................................................................................5

*Yarborough v. Queens Auto Mall, Inc.*,
    No. 08-CV-3179 DLI ALC, 2010 WL 1223584 (E.D.N.Y. Mar. 23, 2010) ............................7

Defendant Capital One, N.A. ("Capital One"), pursuant to Fed. R. Civ. P. 12(b)(6), submits this Reply in support of its Motion to Dismiss the Complaint ("Motion") filed by Plaintiff Loretta Watkins ("Plaintiff"), and in response to Plaintiff's Opposition, for failure to state a valid cause of action.

## <u>INTRODUCTION</u>

The Opposition to Capital One's Motion makes clear that this case involves a unique set of facts that Plaintiff struggles to analogize to existing case law.  And that is understandable as most conversion claims do not result in return of funds pursuant to a court order, most gross negligence claims are direct and clear duties owned by one party to another, and most consumers are not represented by counsel when they discover the existence of an allegedly falsified affidavit of service. However, these hurdles exist for Plaintiff, and the Opposition confirms that the Complaint does not overcome the identified deficiencies.

Plaintiff's conversion claim fails as the funds were returned to her pursuant to a stipulation between herself and Malen on behalf of Capital One in the Collection Action and the funds were not specifically identifiable while within possession of the New York State Comptroller's Office or Capital One.  Plaintiff's gross negligence claim fails because she identifies nothing more than a general duty owed by Capital One and still cannot identify any conduct by Capital One that was reckless or smacked of intentional wrongdoing.  The focus of Plaintiff's gross negligence claim is the action of others, not Capital one, and because of that deficiency, Plaintiff attempts to amend her gross negligence claim by asserting it under a vicarious liability theory.  Besides being an improper attempt to amend the Complaint, this new theory also fails because requisite elements are missing.  Finally, context and circumstances play a role in assessing a claim for violation of GBL § 349, despite Plaintiff's protests, even with an objective standard.  And because Plaintiff

was represented by counsel at the time she learned of the affidavit of service, she cannot meet the materially misleading standard to preserve her GBL § 349 and negligence per se claims.

Capital One respectfully requests the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I.    Plaintiff's Opposition Confirms Her Conversion Claim Fails.

Plaintiff's Opposition makes clear that her conversion claim is based on Capital One taking possession of unclaimed funds from the New York State Comptroller's Office.  In doing so, Plaintiff contends that Capital One's argument about the Stipulation[1] entered in the Collection Action, which addresses the disposition of the funds, is insufficient because there is no: (1) case law cited to support that position; and (2) language within the Stipulation regarding conversion. Opp. at 9.  Plaintiff's arguments are unavailing and Capital One should not be punished for complying with a court order.

To state a conversion claim, Plaintiff must show: "(1) the property subject to conversion is 'a specific identifiable thing'; (2) plaintiff had 'ownership, possession or control' over the property before its conversion; and (3) defendant 'exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights.'" *Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*, No. 22-CV-05006-CM, 2022 WL 17342495, at *7 (S.D.N.Y. Nov. 30, 2022). Plaintiff's conversion claim fails for three reasons.

As an initial matter, the funds were not specifically identifiable while in possession of the New York State Comptroller's Office or once the funds came into possession of Capital One.  "It is settled law that a plaintiff may not maintain a common law conversion claim against a bank for

---

[1] All defined terms in this brief have the same meaning set forth in Capital One's opening brief in support of the Motion.

funds deposited in a bank account, since those funds are not sufficiently specific and identifiable in relation to the bank's other funds." *Curry Mgmt. Corp.*, 2022 WL 17342495, at *7; *see also Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 377 (S.D.N.Y. 2010) ("New York courts consistently have held that funds in a checking account cannot be 'converted' by the bank in which the money is deposited because the funds are insufficiently 'specific and identifiable' property.") (citations omitted)); *Chem. Bank v. Ettinger*, 602 N.Y.S.2d 332, 336 (N.Y. App. Div. 1st Dep't 1993) ("[F]unds deposited in a bank account are not sufficiently specific and identifiable, in relation to the bank's other funds, to support a claim for conversion against the bank").

Second, the Stipulation authorized the funds being returned to Plaintiff after being in possession of the New York State Comptroller's Office. There is no dispute that: (1) the Stipulation ordered Capital One to return "any monies taken from Defendant…forthwith," Goldstein Decl., Ex. A (Stipulation); and (2) in the Collection Action, Malen sent Plaintiff's counsel the funds as agreed. Compl. ¶¶ 95-96. Plaintiff's position that the Stipulation is silent as to conversion is immaterial as it specifically addresses the return of the subject funds. Further, Plaintiff does not allege that she raised any issue of conversion before the parties agreed to the Stipulation.

Plaintiff also complains at length about Capital One not immediately agreeing to vacate the default judgment in the Collection Action while simultaneously trying to avoid the fact that the Stipulation specifically addresses the return of the funds. There is no dispute over the validity of the Stipulation entered by the court or that it ordered the funds at issue in the conversion claim be returned. Capital One should be entitled to rely on the so ordered Stipulation to resolve any issue regarding the possession of the funds and any claims arising from the return of those funds, including Plaintiff's assertion of a conversion claim after the Stipulation was entered.

Plaintiff's reliance on *Bam Bam Entm't LLC v. Pagnotta*, 75 N.Y.S.3d 804, 808 (Sup. Ct. Kings Cnty. 2018), also is misplaced as it addresses a claim for wrongful execution where the underlying debt was discharged or otherwise invalid. *Pagnotta* focuses on validity of the underlying debt, not the validity of a judgment. Plaintiff's action against Capital One does not center on the validity of the underlying debt. Although Plaintiff disputed the sum owed to Capital One in the Collection Action, she did not dispute the existence of a valid debt.

Plaintiff also questions the description of *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 573-74 (S.D.N.Y. 2015), stating that "it is wrong on both the facts and the holding." Capital One respectfully disagrees, primarily as the brief cites *Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 371 (S.D.N.Y. 2014). The parties agree that *Polanco* addresses a conversion claim based on the failure to return funds after an order to vacate a judgment was entered. *Polanco*, 23 F. Supp. 3d at 371. And Plaintiff presumably noticed that Capital One referenced the citation to the court's order on Polanco's motion for leave to amend, which is the same standard at issue in Capital One's Motion, as opposed to the summary judgment standard in the citation by Plaintiff. Capital One appreciates that the distinction may not be self-evident, but Capital One referred to the decision most like the procedural posture of this case.

There also is a distinction between the cases Plaintiff cites and the facts here. Opp. at 9-11. It is understandable that Plaintiff's counsel, who also argued those other cases, would want to rely on them. But Capital One's position is that the cases Plaintiff cites address different fact patterns, including the seizure of funds that occurred after an order was issued that should have prevented that action. The cases are inapposite and Plaintiff's arguments relying on these clear distinctions is not compelling.

In a tacit admission that the allegations in her Complaint are insufficient on their own,

Plaintiff also relies on filings in other cases, claiming that Capital One was on notice of alleged improper service before she filed her order to show cause in the Collection Action. In doing so, Plaintiff references *Spira v. Capital One*, Case No. 1:19-cv-02624 (E.D.N.Y. 2019), arguing that Capital One had notice regarding Hussein's alleged service practices. Opp. at 5, 8. But Plaintiff omits that there was no finding in that case about the validity of the allegations regarding service. Indeed, an allegation regarding insufficient service does not equate to notice or a finding of wrongdoing. This is especially true where one week after Capital One and Malen filed pre-motion conference letters addressing the flaws in the complaint, a Stipulation of Dismissal was entered by the plaintiff dismissing the case with prejudice. *Spira*, ECF. No. 17. Plaintiff's suggestion that *Spira* put Capital One on notice is flawed as it assumes the veracity of the allegations while ignoring the absence of any findings.

For these reasons, Plaintiff's conversion claim is subject to dismissal with prejudice.

## II. The Opposition Confirms Plaintiff's Gross Negligence Claim Should Be Dismissed.

Plaintiff's lengthy Opposition addressing her gross negligence claim fails to: (1) allege anything more than a general duty owed by Capital One, or (2) identify an act committed by Capital One that was recklessly indifferent to her rights, which are insufficient to state a gross negligence claim. Opp. at 12-22.

There is no dispute that Capital One's retention of Malen is a central issue in the gross negligence claim as to Capital One. But Plaintiff's Complaint states only that Capital One owed her a general duty of reasonable care, with no factual allegations as to a specific duty owed regarding its retention of Malen in the Collection Action or how Capital One breached that purported duty. Compl. ¶¶ 130-136. The Opposition does not improve that omission, instead spending pages lumping the defendants together for the purpose of maintaining a gross negligence claim without identifying specific factual allegations as to Capital One and how its retention of

Malen breached the standard of care.

The Complaint also relies on the actions of the process server, not Capital One, in attempting to establish a duty of care owed to her by Capital One. Plaintiff alleges Hussein violated his duty of reasonable care by fabricating the affidavit of service. Compl. ¶ 132. Noticeably absent from the Complaint are allegations as to how Capital One, through Hussein, who is two steps removed from Capital One, allegedly breached a purported duty owed to Plaintiff. It is not enough to offer a conclusory statement that Capital One owed a duty but then fail to allege any action by Capital One to breach that duty. *Ashcroft. v. Iqbal*, 556 U.S. 6625, 687 (2009).

As anticipated in the Motion, Plaintiff also relies on *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 402, 412 (E.D.N.Y. 2012) for the premise that Capital One owed her a duty of reasonable care in collection of the debt. Opp. at 12. But again, Plaintiff fails to identify the specific duty allegedly owed by Capital One regarding its retention of Malen as collection counsel or how that supposed duty was breached. *See generally* Opp. The Opposition also takes issue with Capital One's Motion supposedly not establishing the absence of a duty of care. But Plaintiff overlooks that it is her burden to establish a duty is owed by Capital One and how Capital One breached that duty.

The Opposition also spends significant pages discussing Capital One's purported reckless indifference but seemingly ignores that the alleged acts were committed by others. *Cf.* Opp. at 15-22 *with* Compl. ¶¶ 130-140. Indeed, Plaintiff's Opposition goes to considerable lengths to avoid dismissal by trying to lump Capital One into the actions of other defendants, offering only the conclusory assertion that "Defendants' actions evince a reckless disregard for the rights of others and smack of intentional wrongdoing." Compl. ¶ 139; *see also D'Amico v. Waste Mgmt. of New York, LLC*, No. 6:18-CV-06080 EAW, 2019 WL 1332575, at *8 (W.D.N.Y. Mar. 25, 2019)

("Simply appending conclusory words or phrases, such as 'knowingly' or 'intentionally,' to allegations of ordinary negligence does not satisfy the aggravated nature of a gross negligence claim."). Absent from the Complaint is any alleged action by Capital One. Rather, Plaintiff contends the duty owed to her was breached by: (1) Hussein fabricating the affidavit of service [Compl. ¶ 132]; (2) Malen and Allied failing to review affidavits of service [*id*. ¶ 134]; (3) Malen not contracting with another process serving agency or Allied not contracting with another process server [*id*. ¶ 135]; (4) Malen not consenting to discontinuing the lawsuit after receiving Plaintiff's motion to dismiss [*id*. ¶ 136]; and (5) Allied's selection of Hussein as a process server [*id*. ¶ 137].

Those efforts do not make up for the shortcomings of the Complaint. Even assuming Capital One owed Plaintiff a duty, she must still identify an action by Capital One that breached that duty, which the Complaint fails to do. Indeed, the Complaint does not plead that Capital One evinced a reckless disregard for Plaintiff's rights or that its actions smacked of intentional wrongdoing. Accordingly, the Court should dismiss Plaintiff's gross negligence claim against Capital One with prejudice.

## III.    Plaintiff May Not Assert A New Theory Of Liability In Her Opposition.

Recognizing that her gross negligence claim is likely vulnerable to dismissal, Plaintiff attempts to amend her claim to assert a theory of recovery based on Capital One being vicariously liable for the actions of Malen. Opp. at 22-23. Notably, there is not a single reference to vicarious liability in the Complaint or that Capital One was acting as a principal in its relationship with Malen. *See generally* Compl. Rather, Plaintiff's gross negligence claim against Capital One is based on it owing her a duty and Capital One breaching that duty. *Id*. Plaintiff may not amend her Complaint via her Opposition. *See Yarborough v. Queens Auto Mall, Inc.*, No. 08-CV-3179 DLI ALC, 2010 WL 1223584, at *2 (E.D.N.Y. Mar. 23, 2010) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting new claim raised for first time in the plaintiff's

opposition to a motion to dismiss)).  To the extent Plaintiff asserts a new theory of liability against Capital One in support of the gross negligence claim, it may not be considered by the Court. Plaintiff has not sought leave to amend to add a new theory of liability.

Plaintiff's proposed amendment also is an improper attempt to hold Capital One liable for the alleged actions of Hussein, not Malen, as the primary issue in the case is service of process. And the case law Plaintiff cites relies on a vicarious liability analysis in the FDCPA context where both the collector and counsel were debt collectors.  *See Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 516 (S.D.N.Y. 2013) (addressing vicarious liability in the FDCPA context where both the collector and its counsel were debt collectors).  Here, there is no allegation Capital One is a debt collector under the FDCPA, presumably as it is the original creditor.  The decisions in *Gomez* and *Hunter* cited by Plaintiff rely on *Okyere* in the FDCPA context.  The court in *Gomez* also recognized the disagreement between *Okyere* and *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246 (S.D.N.Y. 2011) as to whether the element of control was required to show vicarious liability—even though the analysis was still within the FDCPA context.  *Gomez*, 129 F. Supp. 3d at 156, fn. 7.  Plaintiff's Complaint is silent as to Capital One's supposed control of Malen's actions and the Opposition's attempt to solve that issue should be rejected.

Accordingly, the Court should not consider any new theory of liability raised for the first time in the Opposition.

## IV.    Circumstances And Context Weigh In Favor Of Dismissal Of Plaintiff's GBL Claim.

In support of her claim for violation of GBL § 349, Plaintiff contends that: (1) the reasonable consumer standard is strictly objective; and (2) an allegation of improper service is materially deceptive conduct regardless of the facts and context of the alleged misrepresentation. Opp. at 23-25.  Capital One acknowledges the case law cited by Plaintiff, but the case law also states that context plays a role in evaluating objective reasonableness.  And because context is

applicable, her allegations should be reviewed under the specific circumstances of Plaintiff being represented by counsel when she learned of the Collection Action and affidavit of service. A consumer represented by counsel at the time she learns of a collection action is objectively unlikely to be materially misled by an affidavit of service.

Whether an act is materially misleading is defined objectively and looks to whether the act is likely to mislead a reasonable consumer acting reasonably under the circumstances. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). "What is objectively reasonable depends on the facts and context of the alleged misrepresentations." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 178 (2021).

Plaintiff does not allege that the subject affidavit of service misled her, which is a required element. *See* Compl. ¶¶ 109-112. And the Opposition does not address whether Plaintiff was misled. Opp. at 23-25. Plaintiff also does not allege that she believed the affidavit of service was valid or that it impeded her ability to challenge the debt or dispute the collection efforts. *See generally* Compl. Rather, Plaintiff learned of the Collection Action from her counsel and took action to challenge service. Compl. ¶¶ 18-19, 82.

Plaintiff's reliance on *Morales v. Kavulich*, 294 F. Supp. 3d 193 (S.D.N.Y. 2018) also is misplaced. Morales was not represented by counsel at the time he received notice of a restraint on his bank account, which is materially different than Plaintiff's case. *Id*. at 199. Capital One acknowledges that the facts here are unique, as Plaintiff was actively represented by counsel who told her about the Collection Action, and this fact contrasts with other case law addressing service issues. Circumstances and context play a role in evaluating whether an action is materially misleading. And Plaintiff is silent as to whether she was materially misled by her counsel receiving

notice of the Collection Action and reviewing the affidavit of service. This silence should weigh in favor of Capital One.

Accordingly, the Court should dismiss Plaintiff's claims for violation of GBL § 349 and negligence per se.

## **<u>CONCLUSION</u>**

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint against Capital One, and award such any other relief it deems just and proper.

Dated: February 23, 2026
Pittsburgh, PA

*/s/ Blaec C. Croft*
Blaec C. Croft
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

*Counsel for Defendant Capital One, N.A.*

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned attorney does hereby certify that the foregoing was prepared on a computer using Microsoft Word and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and that it has fewer than 3,500 words and does not exceed 10 pages, excluding the case caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does include material contained in footnotes or endnotes. As determined by the word count function of the word-processing system used to prepare the foregoing brief, and pursuant to the above-referenced rule, the foregoing brief contains 3,064 words.

Dated: February 23, 2026
Pittsburgh, PA

*/s/ Blaec C. Croft*
Blaec C. Croft
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

*Counsel for Defendant Capital One, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2026, a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Blaec C. Croft*
Blaec C. Croft