

Matthew Schedler, Esq.
Supervising Attorney
CAMBA Legal Services, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
Phone: 718-940-6311, ext. 79284

February 27, 2026

VIA ECF
Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** **Plaintiffs' letter motion on consent for leave to file sur-reply in response to the arguments Capital One raised for the first time in their Reply in Support of their Motion to Dismiss. (Dkt. 44, pp. 2-3)** *Watkins v. Malen & Associates, P.C., et al.,* **No. 1:25-cv-04295-EK-LKE**

Dear Judge Komitee:

CAMBA Legal Services, along with the Law Office of Ahmad Keshavarz, represents Plaintiff Loretta Watkins in the above-entitled Fair Debt Collection Practices Act action against Defendants Malen & Associates, P.C., A & F Process Service, Inc. d/b/a Allied Process Service, Capital One, N.A., and Hashem Hussein for their violations of the Fair Debt Collection Practices Act, New York state statutory and common law, and the New York City Administrative Code.

On January 8, 2026, Capital One served a Motion to Dismiss on Plaintiffs through their counsel. (Dkt. 43). Capital One's motion seeks to dismiss Plaintiff's claims for conversion, gross negligence, and for violating GBL § 349. On February 5, 2026, Plaintiff served its Opposition (Dkt. 43 Ex. 7), and on February 23, 2026, Capital One served its Reply (Dkt. 44). This letter now requests permission to file a short Sur-Reply limited to addressing a new argument raised by Capital One in their Reply, pp. 2-3. Capital One consents to this request.

Plaintiff's basis for her conversion claim is the taking of funds from the New York Comptroller pursuant to an allegedly void judgment. In its Reply Capital One argues for the first time that Plaintiff should not be able to maintain a claim for conversion because the funds were not specific and identifiable. Capital One supports this argument by citing to cases that state the

monies in bank accounts cannot be converted by the depository institution because the account funds are not specific and identifiable. (Dkt. 44, pp. 2-3). Because this argument was not raised in Capital One's premotion letter or initial brief and was not touched on by Plaintiff in her opposition because she viewed it as inapplicable, Plaintiff has not had the opportunity to address it. Plaintiff requests the opportunity to respond solely to these new arguments in a Sur-Reply brief not to exceed two pages. Capital One consents to Plaintiff's request for a Sur-Reply provide it solely addresses argument regarding the funds being specifically identifiable, which Plaintiff agrees to.

"Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022). "Sur-replies are appropriate only in 'the exceptional through rare case' when a 'party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the Court.'" *Sec. & Exch. Comm'n v. Xia*, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) (quoting *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975)).

Here, Capital One's Reply raises a new argument not previously included in its briefing. Plaintiff, conscious of the concern about "refereeing an endless volley of briefs," requests permission to file a limited Sur Reply only addressing the new argument and limited in length and time to submit. *Jandres v. Armor Health Care Inc.*, No. 12-CV-3132 (JS) (GRB), 2014 WL 1330655, at *4 (E.D.N.Y. Mar. 31, 2014). Consistent with Capital One's consent, Plaintiffs request leave to file a letter sur-reply of no more than two pages to respond to the issue Capital One raised for the first time in their Reply, pp. 2-3. Plaintiff requests seven days from the date the Court rules on this application to file the Sur-reply. In the alternative, Plaintiff moves for the court to strike or to disregard pp. 2-3 of the Reply.

Respectfully submitted

/s/

Matthew Schedler
CAMBA Legal Services, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
Phone: 718-940-6311 ext. 79284
Fax: 718-462-5537
Email: matthew.schedler@camba.org