

Matthew Schedler, Esq.
Supervising Attorney
CAMBA Legal Services, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
Phone: 718-940-6311, ext. 79284

March 10, 2026

<u>VIA ECF</u>
Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:**    Plaintiff's Sur Reply *Watkins v. Malen & Associates, P.C., et al.*, No. 1:25-cv-04295-EK-LKE

Dear Judge Komitee:

    It is well settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question. *Manufacturers. Hanover Trust Co. v. Chem. Bank*, 160 A.D.2d 113, 124 (1st Dept. 1990); *accord In re Musicland Holding, Corp.,* 386 B.R. 428, 440 (S.D.N.Y. 2008) (valid conversion claim requires that "the money converted was in specific tangible funds of which claimant was the owner and entitled to immediate possession"). Money is "specifically identifiable" when it constitutes a "specific sum," is "determinate," and reflects an "ascertained" amount. *Fam. Health Mgmt., LLC v. Rohan Devs., LLC*, 207 A.D.3d 136, 139 (1st Dept. 2022 citing (*Manufacturers,* 160 A.D.2d at 124–125. Money is also "specifically identifiable" when a specific amount has been transferred from the plaintiff's possession to the defendant, such as by wire transfer. *See, e.g. ADP Inv. Commc'n Servs., Inc. v. In House Att'y Servs., Inc.*, 390 F. Supp. 2d 212, 225 (E.D.N.Y. 2005). When a party takes money from a bank account without the legal right that constitutes conversion. *See Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 535–36 (S.D.N.Y. 2013) (plaintiff stated a claim against a debt collector, marshal and law firm who withdrew money from a bank account in contravention of a court order); <u>*DeVito v. Neiman*</u>, 548 F. Supp. 3d 314, 318 (E.D.N.Y. 2021) (plaintiff stated claim of conversion against a marshal for garnishing money from plaintiff's bank account.)

    In its reply, Capital One argues that the money it took from Ms. Watkins that was being held in trust by New York State Comptroller was not specific and identifiable and, for that reason, Ms. Watkins cannot maintain a claim for conversion. Capital One's argument misapplies the rule it cites and misunderstands the nature of Ms. Watkins' cause of action.

      To support its argument, Capital One cites a string of cases all rejecting claims of conversion by account holders against their banks for misusing the accountholder's money. *Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.,* 643 F.Supp.3d 421 (S.D.N.Y. 2022*); Okocha v. HSBC Bank USA, N.A*., 700 F. Supp. 2d 369, 377 (S.D.N.Y. 2010); *Chem. Bank v. Ettinger*, 602 N.Y.S.2d 332, 336 (N.Y. App. Div. 1st Dep't 1993). In *Curry Mgmt. Corp.*, the plaintiff sued their bank because it allegedly deposited checks in the wrong account; in *Okocha*, the bank had allegedly debited a deposit account without the plaintiff's authorization, and in *Chem. Bank*, the customer alleged that the bank committed conversion by using money in a deposit account and a certificate of deposit to satisfy a loan. *Curry Mgmt. Corp.* at 425; *Okocha* at 377; *Chem Bank* at 335-336.

      The courts rejected these claims based on the rule that a plaintiff cannot have a conversion claim against a bank based on the misuse of funds deposited in a bank account, because those funds are not sufficiently specific and identifiable in relation to the bank's other funds. *Curry Mgmt. Corp.* at 430-431. This rule is grounded in the contractual relationship between the bank and the account holder. When a depositor contracts with a bank the depositor agrees that the money deposited in the account will become property of the bank. In turn, the bank becomes contractually indebted to the depositor in the amount of the deposit. *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000); *Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co.,* 151 A.D.2d 446, 448 (1st Dep't 1989). Because of this, funds held by a bank are not segregated from one another and when a bank misuses an accountholder's funds, the accountholder's claim against the bank will lie in contract, not tort. *Tevdorachvili* at 643. When a plaintiff is not a depositor of the defendant, the rule in *Ettinger* and the other cases relied on by Capital One does not apply. *Constrafor, Inc. v. Federal Deposit Insurance Corporation*, 2025 WL 2636588 at *5-6 (S.D.N.Y. September 12, 2025); *Newbro v. Freed,* 409 F.Supp.2d 386, 396 (S.D.N.Y. 2006).

      Ms. Watkins is not suing Capital One in its capacity as a depository institution for the misuse of deposits nor does she have an account holder to bank contractual relationship with Capital One. Instead, Capital One is a third party who took actual possession of her money in trust with the Comptroller without the legal right to do so—the essence of conversion. Here, the money taken by Capital One is in a determinate ascertained amount, $269.06, and was actually transmitted to Capital One from the Comptroller. It satisfies the specific and identifiable requirement and Ms. Watkins states a claim for conversion.

Respectfully submitted

/s/

Matthew Schedler
CAMBA Legal Services, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
Phone: 718-940-6311 ext. 79284
Fax: 718-462-5537
Email: matthew.schedler@camba.org