

**CAMBA**
Legal Services

June 25, 2026

<u>VIA ECF</u>
Magistrate Judge Lara K. Eshkenazi
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:    Plaintiff's Letter to Compel Discovery,**
> ***Watkins v. Malen & Associates, P.C., et al.*, No. 1:25-cv-04295-EK-LKE**

Dear Magistrate Judge Eshkenazi:

CAMBA Legal Services, along with the Law Office of Ahmad Keshavarz, represents Loretta Watkins in this action asserting claims under the Fair Debt Collections Practices Act, General Business Law § 349, the New York City Administrative Code's rules governing process servers, and claims for negligence per se and gross negligence. The complaint alleges that Defendants—a debt collection law firm, a process serving agency, and a process server—committed these violations pursuant to a scheme to purposefully improperly serve consumer credit defendants in New York City collection actions in order to obtain default judgments, including one against Ms. Watkins. The following serves as Plaintiff's letter to compel responses to discovery from Defendants A&F/Allied ("Allied"), the process serving agency, and Hashem Hussein, the process server.

**Defendant Allied Should be Compelled to Respond to Ms. Watkins' Discovery Requests**

On March 27, 2026, Plaintiff served requests for production of documents, interrogatories, and requests for admission on all Defendants. Ex. A. In addition, on April 6, 2026, Plaintiff served a second set of requests for production of documents and interrogatories on Allied. Ex. B. To date, Allied has not produced any documents in response to either discovery request or responses to the second set of interrogatories. Allied has failed to produce responses despite assurances that it would do so by June 4, 2026, as stated in the discovery joint status letter filed on May 22, 2026.

Shortly after June 4, 2026, counsel for Plaintiff conferred telephonically with counsel for Allied to attempt to get a date certain by which we would receive responses. Counsel for Allied told us that he did not have a date. On June 17, 2026, Plaintiff's counsel emailed Allied, asking if responses could be provided by June 22, 2026. In addition, we informed him that we would move to compel responses if he did not respond by this date and attached a copy of our draft letter motion. On June 23, 2026, counsel for Plaintiff again conferred telephonically with counsel for Allied, who informed us that he still could not give a date by which his client would respond to discovery. As of the date of this letter,



Allied's discovery responses are almost two months overdue.  Allied was given one extension which it failed to comply with, and has repeatedly refused to give a date by which it will provide responses. Responses are necessary to prepare for Plaintiff's deposition of Allied, scheduled for July 16, 2026, and Allied should be ordered to provide responses two business days after the Court's decision on this motion.

**Defendant Hussein Should be Compelled to Respond to Plaintiff's Request for a Limited Email Search**

In addition, Plaintiff asks this Court to compel Defendant Hashem Hussein to reply to document request #74, requesting emails relating to improper service or disputed service or using the terms "traverse hearing," "order to show cause," or "motion to dismiss." Ex. A, at p. 11. These terms all relate to the process by which a civil court defendant may challenge defective service of process: orders to show cause are the method by which defendants seek to vacate default judgments; motions to dismiss are the method of challenging service where there is no default judgment; and traverse hearings are evidentiary hearings to determine whether service was proper, at which a process server must appear.  Emails using the requested terms will shed light on Mr. Hussein's actions after one of his affidavits of service is challenged. For example, they may show that Hussein has a pattern of not responding to challenges of service or not appearing at traverse hearings. The emails are necessary to prepare for Mr. Hussein's deposition, tentatively rescheduled for the second time to August 4, 2026.

In his response to Plaintiff's document demands, Mr. Hussein objected to request #74, as "broad and overburden." Ex. C. On May 18, 2026, in an effort to meet and confer, counsel for Plaintiff attempted to call Mr. Hussein but he did not answer. At Mr. Hussein's request, from May 19, 2026 through May 21, 2026, Plaintiff's counsel conducted a meet and confer over email. Ex. D. In this exchange, we offered assistance and clarification in answering the request. *Id*. In response to our question as to whether Mr. Hussein had tried searching his email, he reiterated his view that Plaintiff's request is broad and overly burdensome, that we had asked for things not in his possession, that there are some emails that use these search terms but that he has been instructed by the Attorney General's office to not discuss unless with his legal counsel, and that he does not have the time or resources to verify which emails are relevant. *Id*. On June 22, 2026, we left a voicemail, and we followed up by email on June 23, 2026, in an effort to meet and confer again. Mr. Hussein confirmed by email that he would not be responding to this request and that he wants all communication with him to be done via email. *Id.*

Where a responding party objects that an otherwise relevant discovery request is burdensome, that party must demonstrate that burden and provide specific reasons. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012); *Carl v. Edwards*, No. CV163863ADSAKT, 2017 WL 4271443, at *4 (E.D.N.Y. Sept. 25, 2017); *Black Love Resists In the*



_Rust by & through Soto v. City of Buffalo, N.Y._, 334 F.R.D. 23, 29 (W.D.N.Y. 2019). That is no less true where the responding party is pro se. _See Edwards_, 2017 WL 4271443, at *4 (partially granting motion to compel discovery from pro se defendants). And any claim of burden must be weighed against the importance of the discovery in resolving the issues. _Black Love Resists_, 334 F.R.D at 29.

Tailored email searches are part of modern discovery. _Thomas v. City of New York_, 336 F.R.D. 1, 2 (E.D.N.Y. 2020). Here, the request is narrow in scope, encompassing only three highly specific email search terms that are plainly relevant to Plaintiff's claims. Searching for order to show cause, for example, is unlikely to result in a large batch of emails, or emails that are not relevant. The request is neither overbroad nor unduly burdensome, and Hussein has offered no reasons why it would be. Plaintiff is also willing, and has offered, to assist Mr. Hussein with the search by either offering technical assistance or sending him a thumb drive to make storage easier and to ensure he does not incur any additional costs of his own.  "Because it is likely that emails…will contain information that is probative of th[e] issues, balancing this against Defendants' unspecified burden in producing it weighs in favor of finding that Plaintiff[]" is entitled to the discovery she has requested. _Black Love Resists_, 334 F.R.D. at 29; _Morales v. Kavulich & Assoc., P.C._, 2017 WL 2712948, at *2 (S.D.N.Y. 2017).

Mr. Hussein's assertion that the Attorney General's investigation into his conduct prevents him from providing these emails is unsubstantiated and incorrect. First, if he has already produced similar emails to the Attorney General then there is no burden to producing them again here. Indeed, the fact that Mr. Hussein is under investigation and may have already provided similar documents shows that the emails are relevant to this case.

Second, Mr. Hussein has provided no detail or proof about what the Attorney General actually communicated to him—perhaps, for example, the instruction was not to provide the emails to the attorneys for other parties in the investigation. In any case, the Attorney General cannot informally direct someone not to comply with discovery in a civil matter in which their office is not involved.

Plaintiff requests that this Court issue an order compelling: (1) Allied to produce responses to Plaintiff's first and second requests for production of documents and second set of interrogatories, and (2) Mr. Hussein to search his email and produce a response to document request #74. We request that these Defendants be ordered to produce responses within two business days of the Court's ruling.


Respectfully,
/s/ Pooja Patel

cc: all attorneys of record via ECF