Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
LORETTA WATKINS,

                                       **Case No.: 1:25-cv-04295**

                   **Plaintiff,**

         -against-

MALEN & ASSOCIATES, P.C.,
HASHEM HUSSEIN, A&F PROCESS SERVICE,
INC. d/b/a ALLIED PROCESS SERVICE, and
CAPITAL ONE, N.A.

                 **Defendants.**
--------------------------------------------------------------------X
**PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS**

      Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,
Pooja Patel
CAMBA LEGAL SERVICES, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
Phone: (718) 940-6311
Email: Pooja.Patel@camba.org

**CERTIFICATE OF SERVICE**

I, Pooja Patel, one of the attorneys for the Plaintiff, hereby certify that on this day I served the above referenced document to the parties listed below via email to:

    Defendant Malen & Associates, P.C.
    By and through their attorney of record
    Adam M. Marshall
    Brett A. Scher
    Kaufman Dolowich, LLP
    amarshall@kaufmandolowich.com
    bscher@kaufmandolowich.com

    Defendant Hashem Hussein
    Hhussein1455@gmail.com

1

Defendant A&F Process Service, Inc.
By and through their attorneys of record
Arthur Sanders
Barron & Newburger, P.C.
asanders@bn-lawyers.com

Defendant Capital One, N.A.
By and through their attorneys of record
Blaec C. Croft
Philip A. Goldstein
MacGuire Woods, LLP
bcroft@mcguirewoods.com
pagoldstein@macguirewoods.com


Date:  March 27, 2026
Brooklyn, NY
/s/
Pooja Patel
CAMBA Legal Services

2

## DEFINITIONS AND INSTRUCTIONS

Please produce a privilege logs if you are asserting any attorney client privilege, a t t o r n e y work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "Plaintiff" means the Plaintiff in this federal lawsuit, Loretta Watkins.

2. "Defendants" means the defendants in this federal lawsuit.

3. "You" or "Your" means the party to whom this discovery request is directed, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

4. "**Malen**" means Defendants Malen & Associates, P.C.

5. "**A&F/Allied**" means A&F Process Service, Inc., d/b/a Allied Process Service.

6. The term "**process servers**" means individual process servers, such as Hashem Hussein.

7. The term "**process server agencies**" means companies that perform process service by using individual process servers, be it as employees, independent contractors, or otherwise. This includes, for example, Defendant A&F Process Service, Inc.., d/b/a Allied Process Service.

8. "**Possession, custody, or contro**l" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]

9. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. The term "**putative debt**" means the putative debt at issue in the state court case captioned *Capital One, N.A. v. Loretta Watkins,* Index No. CV-005138-23/QU, venued in the Civil

---

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control." *MTB Bank v. Federal Armored Express*, 93 Civ. 5594(LBS), 1998 WL 43125 at * 4 (S.D .N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.' "). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391at * 2 (S.D.N.Y. Jul 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.")

Court of the City of New York, County of Queens.

11. The term "**collection suit**" means the state court case captioned *Capital One, N.A. v. Loretta Watkins,* Index No. CV-005138-23/QU, venued in the Civil Court of the City of New York, County of Queens.

12. The term "the **Affidavit of Service**" means the document attached as Exhibit C to Plaintiff's Original Complaint.

13. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

14. "Identify" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

15. When a document production demand asks for "documents sufficient to demonstrate,,," you may use an affidavit to answer the question if you wish.

16. These requests are continuing in nature. If any responsive documents come into your possession, custody or control after the service of your responses hereto, said additional documents shall be delivered to the undersigned expeditiously thereafter.

17. If a requested document no longer exists, state the reasons for the document's unavailability or nonexistence. If the requested document is no longer in your possession, identify the location of the document and from whom the document could be obtained.

18. Unless otherwise requested in a specific demand, **the Relevant Time Period for the requests is January 1, 2018 to December 31, 2025**.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

**PLEASE NOTE**: If the documents sought exist in an electronic form (e.g. a database of dates and locations of putative service of process) please produce those documents in its electronic format. Please produce the all of the following documents "in your possession, custody, or control":

1. The documents within your possession, custody, or control regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

2. Communications between the Defendants concerning Plaintiff, the putative debt, or attempts to collect the putative debt, including but not limited to emails, electronic communications through collection software, faxes, and letters.

3. The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative, or attempts to collect the putative debt.

4. Your account notes and screen shots of your collection system regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

5. Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt.

6. Any contracts or agreements that govern the collection of the putative debt.

7. Any collection, policy or procedure manual that would govern the collection of the putative debt.

8. The documents reflecting your policies and procedures in connection with service of process.

9. The documents reflecting your policies and procedures in connection with improper service, defects in service, or using the term "sewer service."

10. The documents, if any, upon which you base your affirmative defenses.

11. Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.

12. The documents you reference in your initial disclosures.

13. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

14. Every document that you intend to use or introduce into evidence at the trial of this case.

15. Documents related to the policies, procedures, and steps regarding applying for a default judgment.

16. Documents related to the policies and procedures regarding orders to show cause to vacate judgments for lack of personal jurisdiction, motions to dismiss for lack of personal jurisdiction, and traverse hearings.

17. Documents showing what steps you have taken to ensure that process servers execute truthful affidavits of service. If those steps have changed in a material way during that Relevant Time Period, please produce the documents reflecting the same.

18. Produce documents sufficient to demonstrate what steps you have taken during the Relevant Time Period to *supervise* process servers or process serving agencies (be it as an employee or independent contractor) to ensure that they do not execute false affidavits of service. If those steps have changed in a material way during that time period, please produce the documents reflecting the same.

19. Documents sufficient to demonstrate how much you pay process servers and process serving companies during the Relevant Time Period for successful service and how much for unsuccessful service in lawsuits. If that amount has changed please produce documents sufficient to demonstrate when and by how much the amounts changed, and the reason for the change.

20. Any manual for any database, system, or other electronic means related to service of process during the Relevant Time Period.

21. All electronic records related to service of process by Hashem Hussein.

22. All emails regarding Hashem Hussein or his service of process.

23. Documents reflecting any complaints or allegations during the Relevant Time Period that a process server or process serving agency (be it as an employee or independent contractor) you used engaged in executing false affidavits of service.

24. Documents related to the removal of Ms. Watkins's funds from the New York State Comptroller's office and/or the possession of these funds.

25. Documents reflecting an accounting of the funds collected from Ms. Watkins, including how the payments for the collection were divided, to who, and when.

**REQUESTS FOR PRODUCTION TO DEFENDANT MALEN**

26. Documents sufficient to demonstrate the number of lawsuits you filed on behalf of Capital One, N.A. during the Relevant Time Period.

27. Documents sufficient to demonstrate the number of Orders to Show Cause to vacate default judgments and the number of Motions to Dismiss based on lack of personal jurisdiction filed during the Relevant Time Period in cases where Malen represented Capital One, N.A.

    a. Of those Orders to Show Cause and Motions, state how many have resulted in the judgment being vacated or case dismissed by the court or discontinued by Malen.

28. Documents sufficient to demonstrate the number of Orders to Show Cause to vacate default judgments and the number of Motions to Dismiss based on lack of personal jurisdiction filed during the Relevant Time Period in cases where Malen used Allied to serve process.

    a. Of those Orders to Show Cause and Motions, state how many have resulted in the judgment being vacated or case dismissed by the court or discontinued by Malen.

29. Documents sufficient to demonstrate the number of traverse hearings scheduled for cases you have appeared in during the Relevant Time Period for Capital One, N.A. and the results of each of the hearings.

30. Documents sufficient to demonstrate the number of traverse hearings scheduled for cases you have appeared in during the Relevant Time Period involving Hussein, and the results of each of the hearings.

31. Produce all documents within your possession, custody, or control that relate to any lawsuit brought against You relating to improper service.

32. Produce any and all manuals and training materials relating to the hiring, contracting, and monitoring of process servers and process serving agencies.

33. Documents showing what steps you have taken to ensure that process serving agencies do not notarize false affidavits of service or otherwise facilitate improper service.  If those steps have changed in a material way during the Relevant Time Period, please produce the documents reflecting the same.

34. Documents showing what policies or procedures are in place to ensure default judgments are entered based on truthful affidavits of service. If those steps have changed in a material way during that Relevant Time Period, please produce the documents reflecting the same

35. Documents related to the tracking and monitoring of process servers during the Relevant Time Period.

36. Documents related to the tracking and monitoring of Hussein during the Relevant Time Period.

37. Communications with the New York City Department of Consumer and Worker Protection (f/k/a Department of Consumer Affairs) concerning Allied or Hussein during the Relevant Time Period.

38. Any agreement with Allied during the Relevant Time Period.

39. Any communication with Allied regarding Hashem Hussein during the Relevant Time Period.

40. Any agreement with Hashem Hussein during the Relevant Time Period.

41. Any communications with Hashem Hussein during the Relevant Time Period.

42. Any agreement with Beacon Computers during the Relevant Time Period.

43. Any communications with Beacon Computers during the Relevant Time Period.

44. Any communications with Frances Mondrone during the Relevant Time Period.

45. Documents sufficient to demonstrate the policies and procedures regarding the filing of affidavits of service executed in cases in which You contracted with Allied during the Relevant Time Period.

46. Documents reflecting the number of judgments Malen has entered on behalf of Capital One, N.A.

47. Documents reflecting the number of judgments Malen has entered on behalf of Capital One, N.A. where the process server was either A&F, Allied, or Hussein during the Relevant Time Period.

48. Documents reflecting the dollar amount of the judgments Malen attempted to collect upon where the judgment was obtained via an affidavit of service by A&F, Allied, or Hussein, each year, during the Relevant Time Period. Documents showing the amount of money collected pursuant to default judgments in cases where Hashem Hussein was the process server.

**REQUESTS FOR PRODUCTION TO DEFENDANT CAPITAL ONE**

49. Documents sufficient to demonstrate the number of lawsuits you filed each year during the Relevant Time Period in which you hired Defendant Malen.

50. Documents sufficient to demonstrate the number of lawsuits you filed each year during the Relevant Time Period in which Hashem Hussein served process.

51. Documents sufficient to show how You monitor the individuals serving process on Your cases during the Relevant Time Period.

52. Documents sufficient to show how You track improper service during the Relevant Time Period.

53. Documents, including but not limited to manuals, directives, and training materials, given to law firms that You hire containing information about service during the Relevant Time Period.

54. Retainer agreement between You and Malen during the Relevant Time Period.

55. Policies and procedures relating to Your relationship with Malen during the Relevant Time Period.

56. Policies and procedures surrounding default judgments and the preparation of affidavits in support of default judgment applications during the Relevant Time Period.

57. Documents showing the payment structure between You and Malen.

58. All recordings between Ms. Watkins and Capital One.

59. All correspondence between Ms. Watkins and Capital One.

60. All documents relating to any dispute concerning the validity of the alleged debt.

9

## REQUESTS FOR PRODUCTION TO A&F PROCESS SERVICE, INC., d/b/a ALLIED PROCESS SERVICE

61. If you keep an electronic database of the dates, times and locations of service by process servers you use, please provide that database in electronic format that includes the service attempts by process server Hashem Hussein for the Relevant Time Period. Examples of an electronic database would include, *inter alia*, an Excel Spreadsheet or Microsoft Access file.

62. Copies of the logbook for Hashem Hussein for the Relevant Time Period.

63. Copies of any Global Positioning System records for Hashem Hussein during the Relevant Time Period.

64. Documents reflecting your training and supervision of process servers that You hire.

65. Complaints that you, or process servers you utilized, made false claims of service of process for alleged service for the Relevant Time Period. This request includes complaints made with the NY Department of Consumer Affairs or other government entities (the full files for such requests are not publicly available).

66. Documents sufficient to demonstrate how much Hashem Hussein was paid for the putative service on Ms. Watkins in the Affidavit of Service.

10

## REQUESTS FOR PRODUCTION TO HASHEM HUSSEIN

67. All emails between you and Malen during the Relevant Time Period.

68. Your logbook including any scans or photos of logbook pages for the Relevant Time
Period.

69. Any Global Positioning System records.

70. Any forms or documents you use to record service of process.

71. Any trainings regarding service of process.

72. Any communications with the Department of Consumer and Worker Protection.

73. Documents relating to any electronic application you use for service of process.

74. Any email relating to improper service or disputed service or using the term "traverse
hearing," "order to show cause" or "motion to dismiss".

**INTERROGATORIES TO ALL DEFENDANTS**

1. Identify all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

2. Identify the name and address of every witness you expect to call at the trial of this case.

3. Identify all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

4. Identify the name of the attorney who appeared for Capital One, N.A. on Ms. Watkins' April 7, 2025 and April 21, 2025 court dates.

5. Identify the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

6. If documents responsive to Plaintiff discovery demands are in the possession of a third-party, identify that third-party and the documents you believe in their possession.

7. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

8. Identify all lawsuits brought against You related to false affidavits of service.

9. Identify the name of the Marshal(s), Sheriff(s) hired to remove Ms. Watkins's funds from the New York State Comptroller's Office.

12

**REQUESTS FOR ADMISSION TO ALL DEFENDANTS**

Admit or deny the following.

1.  To Malen and A&F/Allied: You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

2.  The putative debt was an alleged obligation incurred primarily for family, personal, or household purposes.

3.  To Malen and A&F/Allied: You regularly collect consumer debts alleged to be due to another.

4.  To Malen and A&F/Allied: Your principal purpose is the collection of alleged consumer debts.

5.  You have received and/or sent money via mail, wire transfer, ACH transfer, electronic transfer, or direct deposit, in connection with your business.

6.  You use the mails in connection with Your business.