U.S. District Court
Eastern District of New York

Watkins
     Plaintiff,

v.

Hashem Hussein,
     Defendant.

Case: 1:25-cv-04295-ek-like

Hon. Magistrate Judge Lara K. Eshkenazi

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant Hashem Hussein respectfully submits this opposition to Plaintiffs' Motion to Compel dated June 25, 2026.

PRELIMINARY STATEMENT

Plaintiffs' motion should be denied. Their filing misstates Defendant's discovery responses, demands documents outside Defendant's possession, custody, or control, and seeks an email search that is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs' motion also omits key facts, including Defendant's work schedule, pro se status, and prior written objections.

Defendant has acted in good faith throughout discovery and has already provided responses consistent with the CPLR.

ARGUMENT

I. Plaintiffs Mischaracterize Defendant's Response to Request No. 74

Plaintiffs claim Defendant "refused to search his email" and that his objection was "overly burdensome."
This is inaccurate.

Defendant responded that:

• He does not possess certain categories of emails Plaintiffs seek.
• Some communications involve government agencies or counsel and are privileged or protected.
• Plaintiffs' request is not limited by date, subject matter, sender, or relevance, making it improper under CPLR 3101(a).
• Defendant is a brakeman on a freight train and cannot take a week off work to conduct a forensic-style search of every email account he has ever used.

Plaintiffs' motion omits all of this.

II. Plaintiffs' Request No. 74 Is Overly Broad and Unduly Burdensome

Plaintiffs demand that Defendant search for any email containing the terms:

• "traverse hearing"
• "order to show cause"
• "motion to dismiss"
• "improper service"
• "disputed service"

The motion itself admits this is a keyword search request.

But the request has:

• No date range
• No subject-matter limitation
• No sender/recipient limitation
• No relevance limitation

This is exactly the type of request courts reject as disproportionate.

Plaintiffs cite Carl v. Edwards and Black Love Resists in the Rust, but those cases involved institutional defendants with IT departments capable of performing large-scale searches. Defendant is a single pro se individual, not a corporation with searchable servers.

The burden on Defendant is extreme:

• Defendant works full-time as a brakeman on a freight train.
• Conducting a full email search would require taking a week off work, which is not feasible.
• Defendant does not have PACER access, IT support, or e-discovery tools.

Plaintiffs' motion ignores all of this.

III. Plaintiffs Seek Privileged or Protected Communications

Plaintiffs' motion states that Defendant "admitted there are emails containing these terms." This misstates Defendant's response.

Defendant stated that some communications involving government agencies or counsel may contain similar terms, and he has been instructed not to disclose them. These communications are:

• Attorney-client privileged
• Work-product protected
• Outside Defendant's ability to waive

Plaintiffs cite no authority compelling a pro se litigant to violate privilege instructions from government counsel.

IV. Defendant Cannot Produce Documents He Does Not Possess, Control, or Access

Plaintiffs' motion repeatedly demands production of emails Defendant does not possess.

Under CPLR 3120 and 3122, a party cannot be compelled to produce documents outside their possession, custody, or control.

Defendant has already stated:

• He does not possess certain emails Plaintiffs seek.
• He cannot access government agency communications.

• He cannot retrieve emails from third parties.

Plaintiffs rely on selective quotations and prior rulings to argue that Defendant should conduct a keyword search of his email. In the motion, Plaintiffs state that Defendant "admitted there are emails containing these terms." This is inaccurate and taken out of context.

Defendant's actual statement was that he has been expressly instructed by the Attorney General's Office not to disclose or discuss certain communications, and that as a pro se litigant with no legal training, he cannot determine which emails are privileged, protected, or legally restricted. Defendant never stated that he possesses responsive, producible emails; he stated that he cannot ethically or legally disclose communications that may be privileged or restricted.

Plaintiffs' motion omits this critical context and improperly attempts to convert Defendant's caution — based on instructions from government counsel — into an admission of possession. It is not.

Furthermore, the cases Plaintiffs cite (including Carl v. Edwards and Black Love Resists in the Rust) involve institutional defendants with IT departments, not a single pro se individual who has been instructed by government counsel not to disclose certain communications. Plaintiffs' reliance on these cases is misplaced.

Defendant cannot violate privilege instructions, cannot waive protections he does not understand, and cannot conduct a broad email serarch without risking inadvertent disclosure of privileged or restricted material. Plaintiffs' motion fails to address any of these issues.Also Plaintiffs' motion provides no legal basis to compel production of documents Defendant does not have.

V. Defendant Has Acted in Good Faith

Plaintiffs' motion omits key facts:

• Defendant responded to discovery.
• Defendant asserted proper objections.
• Defendant communicated consistently in writing.
• Defendant requested reasonable time to review materials.
• Defendant works a physically demanding job with limited availability.
• Defendant is a pro se litigant without PACER access.

Plaintiffs' motion unfairly characterizes Defendant's conduct and ignores his documented efforts to comply.

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion to Compel in its entirety, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Hashem Hussein
27 Frank Ave
Buffalo, NY 14210
Hhussein1455@gmail.com