**CIVIL COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

-------------------------------------------------------------------- X

CAPITAL ONE, N.A.,

Plaintiff,

– against –

LORETTA WATKINS,

Defendant.

-------------------------------------------------------------------- X

Index No.: CV-5138/2023

**REPLY AFFIRMATION**

Pooja Patel, Esq., an attorney duly licensed to practice law in the state of New York, hereby affirms the following to be true pursuant to C.P.L.R. § 2106 and under the penalties of perjury states that:

1. I am a staff attorney with CAMBA Legal Services, Inc., attorneys for the Defendant, Loretta Watkins ("Defendant" or "Ms. Watkins"). As such, I am fully familiar with the facts and circumstances underlying this proceeding, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true. The basis of my belief is information provided to me by my client and information contained within the court file.
2. I submit this Reply Affirmation in response to Plaintiff's Opposition and in support of Ms. Watkins's Order to Show Cause asking this Court to issue an Order: (i) pursuant to C.P.L.R. § 5015(a)(4) vacating the default judgment and dismissing the complaint or ordering a traverse hearing; or in the alternative, (ii) pursuant to C.P.L.R. § 5015(a)(1), vacating the default judgment, restoring the case to the calendar, and deeming the attached proposed verified answer served and filed; and (iii) granting such other and further relief as this Court deems just and proper.

## ARGUMENT

1. Plaintiff raises two main arguments against Ms. Watkins's Order to Show Cause: first, that this Court has personal jurisdiction against Ms. Watkins because her denial of the Summons and Complaint was conclusory, and second, that she has failed to assert a reasonable excuse and meritorious defense.
2. However, Ms. Watkins's Affirmation rebuts process server Hussin's Affidavit of Service in detail, requiring a traverse hearing under C.P.L.R. § 5015(a)(4).
3. Alternatively, this Court should grant her Order to Show Cause pursuant to C.P.L.R. § 5015(a)(1) because she has a reasonable excuse and meritorious defense.

### A. Ms. Watkins's Affidavit Refutes Process Server Hussein's Affidavit in Great Detail, and this Court Should Grant Her OSC Pursuant to C.P.L.R. § 5015(a)(4).

4. When a Defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the process server's Affidavit of Service, Plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing. *U.S. Bank, N.A. v Peralta*, 142 AD3d 988, 989 (App. Div. 2d Dep't. 2016); *Fuentes v. Espinal*, 153 AD3d 500, 501 (App. Div. 2d Dep't., 2017) (granting a hearing in a case where substitute service was alleged and the Defendant asserted that the individual allegedly served does not match the description of anyone with whom they resided).
5. Plaintiff's Opposition cites to a case in which the Defendant failed to refute the contents of the Affidavit of Service and gives a conclusory allegation that they were not served. *Sando Realty Corp. v. Aris*, 209 A.D.2d 682 (App. Div 2d Dep't., 1994).
6. In contrast to the facts in *Sando*, Ms. Watkins's Affirmation to her OSC outlines in detail how service as alleged would have been impossible.

7. First, she explains that she does not know anyone by the name of Isaiah and that she has not had anyone in her home matching the description of a twenty-year old, 165 pound, 5'9" male with black skin and black hair. Watkins Aff. ¶¶ 10-11.
8. Next, she states that she has lived alone since the passing of her husband in 2019 and does not keep house guests. *Id.* ¶ 12.
9. She describes that her two sons, Renard Fields and Bobby Fields, are aged 46 and 50, that they do not reside with her, and that one of them has another place to stay at when he is in New York City. *Id.* ¶ 13.
10. She emphasizes that there is nobody in her family or circle of friends who is twenty years old or named Isaiah. *Id.* ¶¶ 15-16.
11. Finally, she states that she did not receive the Summons and Complaint in the mail. *Id.* ¶ 18.
12. In addition, the Attorney Affirmation in support of her OSC explains how just four minutes before process server Hashem Hussain allegedly served Ms. Watkins, he was allegedly at 172-14 133rd Avenue, Apartment 9A, Jamaica, NY 11434, substitute serving a person named Jennifer Walburg for a case against Defendant Richard Walburg. Process server Hussein swore to it in his Affidavit of Service filed in the case *Capital One, N.A. v. Richard Walburg*, Index No. CV-5137/23.
13. Mr. Walburg's home is located about a half hour away from Ms. Watkins's home. Therefore, service as alleged would have been impossible. OSC Ex. E.
14. Ms. Watkins's Attorney Affirmation also lays out in detail how process server Hussein has a pattern and practice of serving fictitious individuals with the same last name as the defendant by substitute service.

15. This level of detail, which Plaintiff fails to acknowledge in its Opposition, is sufficient to rebut Plaintiff's affidavit and require a traverse hearing. *Fuentes* at 501.

**B. Ms. Watkins's Reasonable Excuse and Meritorious Defense as Pleaded is Sufficient for this Court to Grant her OSC under C.P.L.R. 5015(a)(1).**

16. Plaintiff attempts to argue that Ms. Watkins does not have a reasonable excuse and that she had notice of this proceeding and the judgment because on February 7, 2023, she contacted Plaintiff's attorney. Opp ¶ 13. I notified her of this case in August 2024, after searching her name on eCourts.

17. Nevertheless, since Plaintiff did not allege to have completed service until April 18, 2023, did not even file the Summons and Complaint until March 24, 2023, and did not obtain a judgment until the following year, on April 18, 2024, it would have been impossible for Ms. Watkins to have had any notice of this case or of the judgment as of February 7, 2023.

18. Second, Plaintiff's statement that Ms. Watkins lives at the address on file with the New York State Department of Motor Vehicles is nonresponsive to her Affirmation. Ms. Watkins does not dispute that 114-78 178th Street, Jamaica, New York 11434 is her home. Watkins Aff. ¶ 4.

19. The crux of her reasonable excuse defense is that the process server made up a name and description for a fictitious household member and that she did not know to appear.

20. Lastly, Ms. Watkins's Affidavit contains the meritorious defense that the amount sought in Plaintiff's Complaint is incorrect. Watkins Aff. ¶¶ 21-25.

21. She asserts that she never had a balance as high as $14,890.22. *Id.* ¶ 21.

22. In support of this statement, she states that she is a retired senior and tries to keep her daily expenses low. *Id.* ¶ 23.

23. Specifically, she used the card for small daily purchases. *Id.* ¶ 24.

24. Finally, she states that she had been making payments on the card, so even with interest, she does not think the balance could be as high as the judgment amount. *Id.* ¶ 25.

25. These first-hand sworn statements are enough to raise a potentially meritorious defense.

**WHEREFORE**, we respectfully request, on behalf of Ms. Loretta Watkins, that the Court issue an Order: (i) vacating the default judgment and dismissing the action or ordering a traverse hearing; or in the alternative, (ii) vacating the default judgment, restoring the case to the calendar, and deeming the attached proposed verified answer served and filed; and (iii) granting such other relief as may be just and proper.

Dated: April 18, 2025
Brooklyn, New York

By: Pooja Patel, Esq., Of Counsel
CAMBA Legal Services, Inc.
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, NY 11226
Pooja.Patel@camba.org
(718) 940-6311 ext. 79285
*Attorneys for the Defendant*

To: Malen & Associates, P.C.
123 Frost Street, #203
Westbury, NY 11590
*Attorneys for the Plaintiff*

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, Etc.,

*Attorney for*
**CAMBA LEGAL SERVICES, INC.**
Elizabeth Miller, Esq.,

*Office and Post Office Address*
20 Snyder Avenue
Brooklyn, New York 11226

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court,

at

on
at M.
Dated,

Yours, Etc.,

*Attorney for*
**CAMBA LEGAL SERVICES, INC.**
Elizabeth Miller, Esq.,

*Office and Post Office Address*
20 Snyder Avenue
Brooklyn, New York 11226

To

**CIVIL COURT CITY OF NEW YORK**
**COUNTY OF QUEENS**

**Index No.:** CV-5138 **Year:** 2023

CAPITAL ONE, N.A.,

Plaintiff,

-against-

LORETTA WATKINS,

Defendant(s).

**REPLY AFFIRMATION**

Signature (Rule 130-1.1-a)

Print name beneath
Pooja Patel

*Attorney for*
**CAMBA LEGAL SERVICES, INC.**
Elizabeth Miller, Esq.,

*Office and Post Office Address, Telephone*
20 Snyder Avenue
Brooklyn, New York 11226
718-940-6311

To: Malen & Associates, P.C.

Attorneys for Plaintiff

Service of a copy of the within is hereby admitted.
Dated,

Attorney(s) for